IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHNSON ELECTRIC INDUSTRIAL MANUFACTORY, LTD. and JOHNSON ELECTRIC NORTH AMERICA, INC., <br><br> Plaintiffs, <br><br> - v - <br><br> AMETEK, INC., <br><br> Defendant. | Index No.: 03CV0098(AVC) <br><br> **STIPULATION AND PROPOSED ORDER TO RESOLVE DISCOVERY DISPUTE, PERMIT DEFENDANT TO FILE AMENDED COUNTERCLAIMS, AND TO MODIFY SCHEDULING ORDER** |

IT IS HEREBY STIPULATED AND AGREED, by and among counsel for the parties

hereto, that:

## A – PROPOSED AMENDED COUNTERCLAIM AND MODIFICATION OF SCHEDULING ORDER:

1.  Whereas the instant litigation concerns a multi-national license agreement, involving two

    Ametek U.S. Patents, and corresponding patents in China, Hong Kong, Mexico, Germany,

    Italy and Croatia, relating to Johnson *"through-flow"* design motors; and,

2.  Whereas in addition to the dispute concerning the aforementioned multi-national license

    agreement, there are two additional Ametek U.S. patents litigated herein, not subject to the

    aforementioned multi-national license agreement, the accused products being Johnson *"by-*

    *pass"* design motors; and,

3.  Whereas Defendant-Counterclaim Plaintiff Ametek asserts that a new patent, U.S. Patent No.

    6,695,580 B2 for a "Motor/Fan Assembly Having a Radial Diffuser Bypass," vested in

    Ametek after issue was joined and discovery commenced in this case, which patent concerns

418837v2  007171.0103

the same subject matter as the Ametek U.S. "*by-pass*" motor patents and the accused

products being the same Johnson "*by-pass*" design motors that form the subject matter of the

instant litigation; and,

4.  Whereas, Ametek recently provided Johnson with notice, in the course of discovery, of the

    issuance of the aforementioned Ametek '580 patent, along with Ametek's contention that the

    '580 reads on Johnson's "*by-pass*" motors; and,

5.  Whereas, the parties to this action believe it would be in the best interest of the litigants and

    would make the most effective use of judicial resources to resolve the '580 patent issues in

    the instant litigation; and

6.  Whereas, discovery is ongoing, but in light of the number of U.S. and foreign patents

    involved in the this case and the addition of the new '580 patent, the parties believe that

    current schedule does not provide sufficient time to complete the expert reports for all of the

    countries involved, and to complete discovery relating to all of the patents and products

    involved that the parties therefore request:

    a. That Ametek be permitted to file and serve an amended counterclaim as per the

    exhibit attached hereto, (absent exhibits), at tab A; and,

    b. That the current scheduling order entered December 23, 2003 be modified by

    extending each of the dates set therein by six months as set forth below:

    (i)     all discovery, including depositions of all witnesses, shall be completed by

            July 14, 2005;

    (ii)    the plaintiff and counterclaim-plaintiff shall designate all trial experts and

            provide opposing counsel with reports from retained experts on or before

            April 1, 2005, and depositions of any such experts shall be completed by

418837v1  007171.0103

July 14, 2005;

(iii)    the defendant and counterclaim-defendant shall designate all trial experts

and provide opposing counsel with reports from retained experts on or

before April 29, 2005, and depositions of any such experts shall be

completed by July 14, 2005;

(iv)    all motions, except motions *in limine* incident to a trial, shall be filed on or

before  August 11, 2005;

(v)    the parties shall file a joint trial memorandum in accordance with the

pretrial order, which order shall accompany the jury selection calendar,

and be sent to the parties on August 22, 2005; and

(vi)    the case shall be ready for trial on September 28, 2005.

## B- RESOLUTION OF DISCOVERY DISPUTE

1.  Whereas, a discovery dispute recently occurred concerning the sufficiency of Ametek's

interrogatory responses and Ametek's document productions; and,

2.  Whereas, the parties have conferred and have come to an agreement concerning all of the

items in dispute;

THEREFORE, It is hereby stipulated and agreed that:

A.  The subject matter of the Ametek interrogatory responses concerning the doctrine

of equivalents with respect to the U.S. and foreign patents in issue will be explored during

depositions and in expert witness reports;

B.  The certification by a representative of Ametek of all Ametek uncertified

interrogatory responses to date will be provided by August 23, 2004; and,

      C.  Ametek will provide a written response to Production request No. 69, on or before

August 23, 2004, and to the extent that such response calls for an inspection of motors and/or

documents as they are kept in the ordinary course of business, said inspection will be permitted

within one month from that date.


Dated:  August 11, 2004


                        Respectfully submitted,


MOSES & SINGER, LLP

_____
Stephen Norman Weiss (CT 12717)
Gregory J. Fleesler (CT 24491)
1301 Avenue of the Americas
New York, New York 10019
Tel.: (212) 554-7800
Fax: (212) 554-7700


GRIMES & BATTERSBY, LLP
Edmund J. Ferdinand, III (CT 21287)
488 Main Avenue, 3rd floor
Norwalk, CT 06851
Tel.: (203) 849-8300
Fax: (203) 849-9300


*Attorneys for Plaintiffs/Counterclaim Defendants Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc.*


RENNER KENNER GREIVE BOBAK TAYLOR & WEBER

_____
Ray L. Weber (CT 02148)
First National Tower, 4th Floor
Akron, Ohio 44308
Tel.: (330) 376-1242
Fax:  (330) 376-9646


TYLER, COOPER & ALCORN
Ben A. Solnit (CT00292)
205 Church Street
New Haven, CT 06510
Tel.: (203) 784-8205
Fax: (203) 777-1181


*Attorneys for Defendant/Counter-Plaintiff Ametek, Inc.*


So Ordered:


_____
Hon. Alfred V. Covello, U.S.D.J.


418837vl  007171.0103



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Johnson Electric Industrial | ) | |
| Manufactory, Ltd. et al. | ) | |
| | ) | Civil Action No: 303CV0098AVC |
| Plaintiffs | ) | |
| v. | ) | |
| | ) | FIRST AMENDED COUNTERCLAIMS |
| Ametek, Inc. | ) | OF DEFENDANT AMETEK, INC. |
| | ) | |
| Defendant | ) | |

Now comes Defendant, Ametek, Inc. ("Ametek"), and presents its First Amended Counterclaims to the Complaint filed herein by Plaintiffs Johnson Electric Industrial Manufactory, Ltd. ("JEI") and Johnson Electric North America, Inc. ("JENA") (Plaintiffs collectively referred to herein as "Johnson").

## FIRST AMENDED COUNTERCLAIMS

Now comes Defendant, Ametek, Inc., and for its First Amended Counterclaims against Plaintiffs, Johnson Electric Industrial Manufactory, LTD., and Johnson Electric North America, Inc., advances the following:

1. This is an action for patent infringement under the laws of the United States, in particular, §§ 271 and 281 of Title 35 of the United States Code.

2. Jurisdiction is proper in this Court under § 1338 (a) of Title 28 of the United States Code (patent infringement) and § 1367(a) of Title 28 of the United States Code (supplemental).

3. Venue is proper in that Plaintiffs have conceded venue by bringing their action herein in this Court and under the following sections of Title 28 of the United States Code for the following reasons: § 1391(b)(2), a substantial part of the events giving rise to

the claim have occurred within this district; § 1391(b)(3), Plaintiffs may be found in this district; and/or § 1400(b), Plaintiffs, (i) have committed acts of infringement in this district and (ii) are subject to personal jurisdiction in this jurisdiction.

4.   Defendant Ametek, Inc., ("Ametek"), is a corporation organized under the laws of the State of Delaware and having a principal place of business at 627 Lake Street, Kent, Ohio, 44240.

5.   Upon information and belief, Plaintiff Johnson Electric Industrial Manufactory, Ltd., ("JEI") is a foreign corporation with its principal place of business in Hong Kong, People's Republic of China. Plaintiff Johnson Electric North America, Inc., ("JENA") is a Connecticut corporation with its principal place of business in Shelton, Connecticut (collectively, Plaintiffs are referred to as "Johnson"). Upon information and belief, JEI is in the business of designing, marketing and manufacturing motors for sale and distribution throughout the world. Upon information and belief, JENA is the sole distributor for JEI in the United States.

6.   On or about March 31, 1998, U.S. patent No. 5,734,214 was duly and legally issued to Ametek for a "Molded Through-Flow Motor Assembly" ("the '214 patent"). Ametek remains the owner of the '214 patent. A copy of the '214 patent is attached as Exhibit A.

7.   On or about December 26, 2000, U.S. Patent 6,166,462 for a "Bypass Motor/Fan Assembly Having Separate Working Air Passage" ("the '462 patent") was duly and legally issued to Ametek. Ametek continues to own the '462 patent. A copy of the '462 patent is attached as Exhibit B.

- 2 -

8.    On or about October 30, 2001, U.S. Patent No. 6,309,180 for a "Molded Through-Flow Motor Assembly" ("the '180 patent") was duly and legally issued to Ametek. Ametek remains as the owner of the '180 patent. A copy of the '180 patent is attached as Exhibit C.

9.    On or about August 27, 2002, U.S. Patent No. 6,439,843 for "Motor/Fan Assembly Having A Radial Diffuser Bypass" ("the '843 patent") was duly and legally issued to Ametek. Ametek remains as the owner of the '843 patent. A copy of the '843 patent is attached as Exhibit D.

10.    On or about February 24, 2004, U.S. Patent No. 6,695,580 B2 for Motor/Fan Assembly Having A Radial Diffuser Bypass" ("the '580 patent") was duly and legally issued to Ametek. Ametek remains as the owner of the '580 patent. A copy of the '580 patent is attached as Exhibit E.

11.    Upon information and belief, JEI is in the business of designing, marketing and manufacturing motors for sale and distribution throughout the world, including the United States.

12.    Upon information and belief, JENA is the sole distributor of JEI motors in the United States, imports the motors into the United States, and sells such motors in the United States.

13.    On or about July 30, 2001, Ametek and JEI entered into a certain Patent License Agreement, a copy of which is attached as Exhibit F. By the terms of that License Agreement, JEI was to pay Ametek a royalty on certain motors made and/or sold under its '214 and '180 patents.

14.    JEI has refused to pay royalties due and owing under the License Agreement of Exhibit F.  Upon information and belief, the refusal of JEI to pay royalties and otherwise breach the Licence Agreement has been at the urging of JENA, with JENA's full knowledge of the License Agreement.

15.    At least certain of the motors manufactured by JEI and imported to and sold in the United States by JENA infringe certain of the claims of the '462, '843, '180, '214 and '580 patents.  Particularly, and by way of example only, Johnson's new and current design of its through-flow motor infringes claims of the '241 and '180 patents, and one or more designs of Johnson's bypass motors infringe claims of the '843, '462 and '580 patents.

16.    Upon information and belief, JEI has induced JENA to import and distribute the infringing motors.

17.    Upon information and belief, JEI and JENA have engaged in their wrongful activity with full knowledge of the existence of the aforementioned Ametek patents.


FIRST CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT 6,166,462

18.    Ametek repeats the allegations set forth in paragraphs 1- 17, above.

19.    By the acts complained of herein, JENA has infringed at least certain of the claims of the '462 patent, and such infringement has been willful.


SECOND CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT 6,439,843

20.    Ametek repeats the allegations set forth in paragraphs 1- 19, above.

- 4 -

21.    By the acts complained of herein, JENA has infringed at least certain of the claims

of the '843 patent, and such infringement has been willful.


## THIRD CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT 6,309,180

22.    Ametek repeats the allegations set forth in paragraphs 1- 21, above.

23.    By the acts complained of above, JENA has infringed at least certain of the claims

of the '180 patent, and such infringement has been willful.


## FOURTH CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT 5,734,214

24.    Ametek repeats the allegations set forth in paragraphs 1- 23, above.

25.    By the acts complained of herein, JENA has infringed at least certain of the claims

of the '214 patent, and such infringement has been willful.


## FIFTH CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT 6,695,580 B2

26.    Ametek repeats the allegations set forth in paragraphs 1- 25, above.

27.    By the acts complained of herein, JENA has infringed at least certain of the claims

of the '580 patent, and such infringement has been willful.


## SIXTH CAUSE OF ACTION – INDUCEMENT TO INFRINGE U.S. PATENT 6,166,462

28.    Ametek repeats the allegations set forth in paragraphs 1- 27, above.

29.    By the acts complained of above, JEI has induced JENA to infringe at least certain

of the claims of the '462 patent, and such inducement has been willful.

- 5 -

## SEVENTH CAUSE OF ACTION – INDUCEMENT TO INFRINGE U.S. PATENT 6,439,843

30.    Ametek repeats the allegations set forth in paragraphs 1- 29, above.

31.    By the acts complained of herein, JEI has induced JENA to infringe at least certain of the claims of the '843 patent, and such inducement has been willful.

## EIGHTH CAUSE OF ACTION – INDUCEMENT TO INFRINGE U.S. PATENT 6,309,180

32.    Ametek repeats the allegations set forth in paragraphs 1- 31, above.

33.    By the acts complained of above, JEI has induced JENA to infringe at least certain of the claims of the '180 patent, and such inducement has been willful.

## NINTH CAUSE OF ACTION – INDUCEMENT TO INFRINGE U.S. PATENT 5,734,214

34.    Ametek repeats the allegations set forth in paragraphs 1- 33, above.

35.    By the acts complained of above, JEI has induced JENA to infringe at least certain of the claims of the '214 patent, and such inducement has been willful.

## TENTH CAUSE OF ACTION – INDUCEMENT TO INFRINGE U.S. PATENT 6,695,580 B2

36.    Ametek repeats the allegations set forth in paragraphs 1-35, above.

37.    By the acts complained of above, JEI has induced JENA to infringe at least certain of the claims of the '580 patent, and such inducement has been willful.

## ELEVENTH CAUSE OF ACTION – BREACH OF CONTRACT

38.    Ametek repeats the allegations set forth in paragraphs 1- 37, above.

39.    By the acts complained of above, JEI has materially breached the Patent License Agreement, to Ametek's injury.

TWELFTH CAUSE OF ACTION – INDUCEMENT TO BREACH CONTRACT

40.    Ametek repeats the allegations set forth in paragraphs 1- 39, above.

41.    By the acts complained of above, JENA has induced JEI to breach the Patent License Agreement, to Ametek's injury.

Wherefore, Ametek requests judgment and relief against JEI and JENA, jointly and severally, as follows:

a.    Declarations that JEI and/or JENA have infringed claims of the '214, '180, '462, '843 and/or '580 patents;

b.    A determination that the foregoing infringement has been willful;

c.    An injunction, preliminarily and permanently enjoining JEI or JENA or any entities in association with them and having knowledge of the injunction, from infringing any of Ametek's patent adjudicated herein;

d.    Awarding actual damages resulting from such infringement, but not less than a reasonable royalty;

e.    Awarding exemplary damages, this being an exceptional case;

f.    Awarding actual damages resulting from the breach of the Patent License Agreement and accompanying inducement to breach;

g.    Awarding exemplary damages for the inducement to breach; and

h.    Awarding such other and further relief as this Court may deem just and proper.

Ametek requests a jury trial in this matter.

Respectfully submitted,

Of Counsel:

Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive, Bobak, et al
400 First National Tower
Akron, Ohio 44308
Tel: 330-376-1242
Fax: 330-376-9646

_____

Ben A. Solnit (CT00292)
    Tyler, Cooper & Alcorn, LLP
205 Church Street
New Haven, CT 06510
Tel: 203-784-8205
Fax: 203-777-1181
solnit@tylercooper.com
Attorneys for Defendant