**Exhibit G**



UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 09/714,088 | 11/16/00 | FINKENBINDER | ALE.P0039B |

QM02/1109

RAY L WEBER
RENNER KENNER GREIVE BOBAK TAYLOR & WEBE
1610 FIRST NATIONAL TOWER
AKRON OH 44308

| EXAMINER |
|---|
| RYZNIC, J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3745 | 3 |

DATE MAILED:
11/09/01

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev.11/00)

1- File Copy

| Office Action Summary | Application No. | Applicant(s) |
|---|---|---|
| | 09/714,088 | FINKENBINDER, DAVID B. |
| | Examiner | Art Unit |
| | John Ryznic | 3745 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☐ Responsive to communication(s) filed on _____.
2a) ☐ This action is FINAL.   2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1-28</u> is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) <u>1-6, 9, 14, 15 and 17-26</u> is/are rejected.
7) ☒ Claim(s) <u>7, 8, 10-13, 27 and 28</u> is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved by the Examiner.
    If approved, corrected drawings are required in reply to this Office action.
12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All  b) ☐ Some * c) ☐ None of:
       1. ☐ Certified copies of the priority documents have been received.
       2. ☐ Certified copies of the priority documents have been received in Application No. _____.
       3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.
14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).
    a) ☐ The translation of the foreign language provisional application has been received.
15) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO-1449) Paper No(s) 2.
4) ☐ Interview Summary (PTO-413) Paper No(s). _____.
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other:

U.S. Patent and Trademark Office
PTO-326 (Rev. 04-01)        Office Action Summary        Part of Paper No. 3

Application/Control Number: 09/714,088  Page 2
Art Unit: 3745

## DETAILED ACTION

### Claim Rejections - 35 USC § 112

1.  The following is a quotation of the second paragraph of 35 U.S.C. 112:

    The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

2.  Claims 18-21 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

    Claim 17 declares the invention as a bracket, and recites use of the bracket within a bypass motor assembly along with other structure of the bypass motor assembly. In claim 18, the recitation of a shroud and a plurality of vanes make these claims indefinite since a bracket does not contain a shroud or vanes. The other claims recite other structure of the bypass motor assembly which is not part of a cracket as disclosed by this invention.

### Claim Rejections - 35 USC § 102

3.  The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

    A person shall be entitled to a patent unless –

    (a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for a patent.

    (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

    (e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or on an international application by another who has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371(c) of this title before the invention thereof by the applicant for patent.

Application/Control Number: 09/714,088  Page 3
Art Unit: 3745

4. Claims 1, 9, 14, and 15 are rejected under 35 U.S.C. 102(e) as being anticipated by Finkenbinder 6166462.

Finkenbinder shows a bypass motor assembly with a motor driving a shaft 12, a working air fan 32, a shroud 34, an end bracket 24 (part of the diffuser) with vanes to direct air from an intake eyelet 46 toward exhaust apertures 52 cut into the shell. A fan chamber is formed downstream of an outlet of the air fan 32 and upstream of the exhaust apertures 52. It is inherent that the vanes each have a leading end and a trailing end.

5. Claims 17-21 are rejected under 35 U.S.C. 102(b) as being anticipated by Japanese reference 6-123297 (cited by the applicant).

The Japanese reference shows a bracket for a bypass motor assembly, the bracket 2 having a base (the flat bottom part) with a periphery (the outer-most edge of the base), a shoulder (the side wall along the edge of the base, and vanes 9 which are arranged to direct air flow from an inside edge of the bracket to an outer edge of the bracket through the vanes and toward outlet holes on a shroud if a shroud with holes was present. The outer rim is where the outer edge of the base meets with the outer wall of the bracket. Each vane inherently includes a leading end and a trailing end.

### Claim Rejections - 35 USC § 103

6. The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Application/Control Number: 09/714,088 Page 4
Art Unit: 3745

7. Claims 2, 3, 5, 6, 22, 23, 25, and 26 are rejected under 35 U.S.C. 103(a) as being unpatentable over Finkenbinder in view of Japanese reference 4-187898.

Finkenbinder shows the bypass motor assembly having the limitations of claims 2, but does not show an air intake seal disposed between the shroud and the working air fan.

The Japanese reference shows a bypass motor assembly with a shroud 1 having an air inlet 2 and a working air fan 6, and an air intake seal 13 positioned on the shroud an in contact with the air fan to create an air seal between the fan inlet and the air chamber formed downstream of the fan outlet. Since the Finkenbinder invention is a bypass motor with a shroud having an inlet and an air fan, use of the air seal would create a better seal between the inlet of the fan and the outlet of the air fan. It would have been obvious to a person having ordinary skill in the art to modify the Finkenbinder assembly by providing for an air seal on the shroud at the inlet for the purpose of sealing the shroud and the air fan. By sealing the air fan and the shroud, the airflow is considered to be maximized over the airflow when no seal is present. The material of the seal ring is not explicitly described. However, most seal ring are made of PTFE (or Teflon), and therefore it would have been obvious to use a seal ring of this material because of the known benefits and properties of this material in this particular use.

8. Claims 4 and 24 are rejected under 35 U.S.C. 103(a) as being unpatentable over Finkenbinder and the Japanese reference as applied to claims 4 and 24 above, and further in view of Plummer 1525884.

Application/Control Number: 09/714,088  Page 5
Art Unit: 3745

Finkenbinder as modified shows the limitations of claims 3 and 23 as described above, but does not show the air intake seal to include a finger that extends into the fan eyehole.

Plummer shows a fan with a working air fan and a shroud, the shroud having an air intake seal 22 with a part that extends into the eye hole (the finger) and makes contact with the air fan to seal the inlet against the fan outlet. Since the modified Finkenbinder assembly includes an air seal, use of the finger extending into the fan eye hole would provide further sealing between the inlet to the fan and the air chamber formed downstream of the fan outlets. It would have been obvious to a person having ordinary skill in the art to further modify the Finkenbinder assembly by including a finger on the air seal to extend into the eye hole and contact the air fan to provide additional sealing between the inlet and the air chamber.

*Allowable Subject Matter*

3. Claims 7, 8, 10-13, 16, 27, and 28 are objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

*Conclusion*

4. The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

Evans 4808090 shows a bypass motor assembly in which the shroud includes exhaust passages on the sidewalls.

Application/Control Number: 09/714,088    Page 6
Art Unit: 3745

Copeland 2869471; Johnson 3779667; Neckenstock 2013499 show pumps with an air fan, a shroud, and an air seal formed between the inlet of the shroud and the air fan.

### Contact Information

Any inquiry concerning this communication or earlier communications from the examiner should be directed to John Ryznic whose telephone number is (703- 305-0060, and fax number is (703) 308-7763. The Examiner can normally be reached on Monday through Friday from 7:30 am until 6:30 pm, EST.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Ed Look, can be reached at (703) 308-1044.

Any inquiry of the general nature or relating to the status of this application should be directed to the Technology Center receptionist whose telephone number is (703) 308-0861.

*John Ryznic* (signature)

John Ryznic
Primary Examiner
Art Unit 3745
Wednesday, December 01, 1999

| | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| | **Notice of References Cited** | 09/714,088 | FINKENBINDER, DAVID B. |
| | | Examiner | Art Unit | |
| | | John Ryznic | 3745 | Page 1 of 2 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification | |
|---|---|---|---|---|---|---|
| | A | US-1525884 | 02-1925 | Plummer | 415 | 172.1 |
| | B | US-2013499 | 09-1935 | Neckenstock | 415 | 172.1 x |
| | C | US-2869471 | 01-1959 | Copeland | 415 | 172.1 |
| | D | US-3779667 | 12-1973 | Johnson | 415 | 172.1 |
| | E | US-4808090 | 02-1989 | Evans | 415 | 211.1 x |
| | F | US-6166462 | 12-2000 | Finkenbinder et al | 415 | 211.2 x |
| | G | US- | | | | |
| | H | US- | | | | |
| | I | US- | | | | |
| | J | US- | | | | |
| | K | US- | | | | |
| | L | US- | | | | |
| | M | US- | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification | |
|---|---|---|---|---|---|---|---|
| | N | 4-187898 | 07-1992 | Japan | | 415 | 172.1 |
| | O | 2604133 | 08-1976 | Germany | | 415 | 172.1 |
| | P | 806905 | 03-1981 | Russia | | 415 | 172.1 |
| | Q | 125556 A1 | 08-1986 | Russia | | 415 | 172.1 |
| | R | 127006 A1 | 11-1986 | Russia | | 415 | 172.1 |
| | S | 54-40311 | 03-1979 | Japan | | 415 | 172.1 |
| | T | 757870 A | 09-1956 | England | | 415 | 172.1 |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    Notice of References Cited                    Part of Paper No. 3

| | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| **Notice of References Cited** | | 09/714,088 | FINKENBINDER, DAVID B. |
| | | Examiner | Art Unit | |
| | | John Ryznic | 3745 | Page 2 of 2 |

### U.S. PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US- | | | |
| | B | US- | | | |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

### FOREIGN PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification | |
|---|---|---|---|---|---|---|---|
| | N | 164576 | 08-1904 | Germany | | 415 | 172.1 |
| | O | 167837 A1 | 01-1986 | EP | | 415 | 172.1 |
| | P | 5-302594 | 11-1993 | Japan | | 415 | 208.2 |
| | Q | 59-74397 | 04-1984 | Japan | | 415 | 208.2 |
| | R | | | | | | |
| | S | | | | | | |
| | T | | | | | | |

### NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP, § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                 Notice of References Cited                 Part of Paper No. 3

Attachment for PTO-948 (Rev. 03/01, or earlier)
6/18/01

The below text replaces the pre-printed text under the heading, "Information on How to Effect Drawing Changes," on the back of the PTO-948 (Rev. 03/01, or earlier) form.

## INFORMATION ON HOW TO EFFECT DRAWING CHANGES

### 1. Correction of Informalities -- 37 CFR 1.85

New corrected drawings must be filed with the changes incorporated therein. Identifying indicia, if provided, should include the title of the invention, inventor's name, and application number, or docket number (if any) if an application number has not been assigned to the application. If this information is provided, it must be placed on the front of each sheet and centered within the top margin. If corrected drawings are required in a Notice of Allowability (PTOL-37), the new drawings MUST be filed within the THREE MONTH shortened statutory period set for reply in the Notice of Allowability. Extensions of time may NOT be obtained under the provisions of 37 CFR 1.136(a) or (b) for filing the corrected drawings after the mailing of a Notice of Allowability. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.

### 2. Corrections other than Informalities Noted by Draftsperson on form PTO-948.

All changes to the drawings, other than informalities noted by the Draftsperson, MUST be made in the same manner as above except that, normally, a highlighted (preferably red ink) sketch of the changes to be incorporated into the new drawings MUST be approved by the examiner before the application will be allowed. No changes will be permitted to be made other than correction of informalities, unless the examiner has approved the proposed changes.

**Timing of Corrections**

Applicant is required to submit the drawing corrections <u>within the time period set in the attached Office communication</u>. See 37 CFR 1.85(a)

Failure to take corrective action within the set period will result in **ABANDONMENT** of the application.