UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
JOHNSON ELECTRIC INDUSTRIAL           :
MANUFACTORY, LTD. and JOHNSON         :
ELECTRIC NORTH AMERICA, INC.,         :
:
        Plaintiffs,           :    CASE NO. 03 CV0098 AVC
:
    -against-                    :
:
AMETEK, INC.,                         :
:
        Defendant.            :
:
---------------------------------------------------------x

### PLAINTIFFS' RESPONSIVE CLAIM CONSTRUCTION BRIEF

Moses & Singer LLP
1301 Avenue of the Americas
New York, NY 10019

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ................................................................................ 1

II. AMETEK U.S. PATENT NO. 6,309,180 – CLAIM 1 – PHRASE:
SEPARATED APART AND DISCONNECTED FROM EACH OTHER .......... 2

III. AMETEK U.S. PATENT NO. 6,439,843 – CLAIM 1 – PHRASE:
CLOSELY DISPOSED ABOUT SAID OUTER PERIPHERY
EXHAUST REGION ................................................................................................ 3

IV. AMETEK U.S. PATENT NO. 6,439,843 – CLAIM 11 – PHRASE:
GATHERING CHAMBER ...................................................................................... 4

V. AMETEK U.S. PATENT NO. 6,439,843 – CLAIM 17 – PHRASE:
DEFINING A GATHERING CHAMBER .......................................................... 5

VI. CONCLUSION ......................................................................................................... 6

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
JOHNSON ELECTRIC INDUSTRIAL            :
MANUFACTORY, LTD. and JOHNSON     :
ELECTRIC NORTH AMERICA, INC.,          :
:
          Plaintiffs,                :           CASE NO. 03 CV0098 AVC
:
     -against-                                :
:
AMETEK, INC.,                                       :
:
          Defendant.              :
:
---------------------------------------------------------x

PLAINTIFFS' RESPONSIVE CLAIM CONSTRUCTION BRIEF

Plaintiffs Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc. (collectively "Johnson"), by and through their undersigned counsel, respectfully submit this Responsive Claim Construction Brief.

I.     PRELIMINARY STATEMENT

Counsel for the parties on both sides of the "v.", not surprisingly, are in agreement as to the canons of claim construction to be applied in determining as a matter of law the scope or definitions for the four claim term phrases placed in issue by the opposing Markman briefs. The general rule is that the words chosen by the inventor to claim his invention are to be given their plain and ordinary meaning.[1] As with all general rules there are exceptions. If, during the patent application process, the inventor

---

[1] See Plaintiff's Opening Claim Construction Brief ("Johnson's Opening Brief"), at p. 2; Defendant's Brief on Claim Construction ("Ametek's Opening Brief"), at p. 3.

himself has provided the meaning of a phrase or word used to claim the scope of his invention, then, of course, the inventor's chosen definition of what his claimed invention does and does not cover is controlling.[2]

There are four claim terms in issue in the case at bar. The parties do not argue over the plain meaning of the words used in these four claim terms. At issue is whether or not the inventor, as applicant, disavowed the plain meaning by providing a specific meaning for the terms in question. Ametek, in its opening brief, tells the court that this never happened.[3]

II. AMETEK U.S. PATENT NO. 6,309,180 – CLAIM 1 – PHRASE: SEPARATED APART AND DISCONNECTED FROM EACH OTHER

On March 6, 2001, while the application for what later became U.S. Patent No. 6,309,180 (the "'180 patent") was pending, the examiner wrote the inventors' patent attorneys, stating, among other things, that what is now claim 1 is rejected as having been patented years earlier. In order to save the claim from disallowance, the inventor agreed to limit the scope of his invention by adding additional words of limitation to the claim. The added language was: the curvilinear walls are <u>separated apart and disconnected from each other</u>. The inventor explained to the examiner what the phrase separated apart and disconnected from each other meant: <u>In other words</u>, the curvilinear walls <u>are not joined to one another by virtue of a corner or other structural feature that extends from the second side of the main body portion</u>.[4]

---

[2] Johnson's Opening Brief, at pp. 4-5.

[3] Ametek's Opening Brief, at p. 7.

[4] Johnson's Opening Brief, at pp. 5-6 (citing the March 6, 2001 Office Action, at p. 2, and the patent applicants' June 11, 2001 Response thereto, at pp. 3-4). Copies of the March 6, 2001 Office Action and the applicants' June 11, 2001 Response thereto are

Johnson's proposed construction of the '180 patent claim 1 phrase "separated apart and disconnected from each other" is the one given to the Patent and Trademark Office by the inventor. It is: "not joined to one another by virtue of a corner or other structural feature that extends from the second side of the main body portion."

III.  AMETEK U.S. PATENT NO. 6,439,843 – CLAIM 1 – PHRASE: CLOSELY DISPOSED ABOUT SAID OUTER PERIPHERY EXHAUST REGION

On November 9, 2001, while the application for what later became U.S. Patent No. 6,439,843 (the "'843 patent") was pending, the examiner wrote to the inventors' patent attorneys, stating that what is now claim 1 is rejected as having already been patented. In order to overcome this rejection, the inventor responded by stating that the prior art cited by the examiner concerned a motor component known as a "diffuser" where … the 'vanes' of that particular diffuser are disposed <u>in a plane below</u> the bottom ring of the working air fan and <u>nowhere near the outer periphery</u> of the fan.[5] The claimed invention, the patent applicant wrote, is different from the prior art in two respects. First, instead of being "<u>in a plane below</u>," the invention provides that the vanes of the diffuser are on the <u>same plane</u>. Second, instead of being "<u>nowhere near</u> the outer periphery of the fan," the invention provides that the vanes of the diffuser are "<u>near</u>" that outer periphery.[6] The claim language that the inventor relied upon to convince the

---

attached to the Declaration of Michael J. Pospis in Support of Plaintiffs' Opening Claim Construction Brief ("Pospis Decl.") as Exhibits D and F, respectively.

[5] Johnson's Opening Brief, at p. 8 (citing the November 9, 2001 Office Action (Pospis Decl. Exh. G), at p. 3, and the patent applicant's March 12, 2002 Response thereto (Pospis Decl. Exh. I), at p. 8).

[6] Johnson's Opening Brief, at p. 8 (citing the March 12, 2002 Response (Pospis Decl. Exh. I), at p. 8).

examiner of these two distinctions, "same plane" and "nowhere near", is the claim language in issue: closely disposed about said outer periphery exhaust region.[7]

Johnson's proposed construction of the '843 patent claim 1 phrase "closely disposed about said outer periphery exhaust region" is the meaning given to the phrase by the inventor in support of his argument for patentability: "near and on the same plane as the outer boundary of the fan."

IV.   AMETEK U.S. PATENT NO. 6,439,843 – CLAIM 11 – PHRASE: GATHERING CHAMBER

What is now claim 17 of the '843 patent was originally rejected during the prosecution of the patent application on the grounds that the claimed invention had been previously patented. In response to that rejection, the inventor's patent attorney stated that claim 18 provided for: a gathering chamber between the ends of the vane and the shroud, a feature absent from the prior art.[8] What is this "gathering chamber"? [A]s defined in the present claim it is the space or cavity that is created between the ends of the vanes and the shroud when the ends of the vanes are not positioned directly against the shroud.[9]

The applicant argued that in the prior art there is no "gathering chamber" because there is no space or cavity created between the ends of the vanes and the shroud: [in the

---

[7] Id.

[8] Johnson's Opening Brief, at pp. 9-10 (citing the November 9, 2001 Office Action (Pospis Decl. Exh. G), at p. 3, and the patent applicant's March 12, 2002 Response thereto (Pospis Decl. Exh. I), at p. 9).

[9] Johnson's Opening Brief, at p. 10 (citing the patent applicant's March 12, 2002 Response (Pospis Decl. Exh. I), at p. 9).

prior art] the trailing ends of the vanes are positioned directly against the surface of the shroud[.][10]

Johnson's proposed construction for "gathering chamber" is the patent applicant's chosen definition: "the space or cavity formed between the trailing ends of the vanes and the shroud wherein the trailing ends of the vanes are not positioned directly against the surface of the shroud."

V.   AMETEK U.S. PATENT NO. 6,439,843 – CLAIM 17 – PHRASE: DEFINING A GATHERING CHAMBER

Both Johnson and Ametek agree that the construction of the term "gathering chamber" should be the same in '843 patent claim 17 as it is in '843 patent claim 11.[11] Claim 17 has the additional term defining as to which term there is no genuine dispute. The inventor has not given it any special meaning, and thus Johnson and Ametek agree that defining should be given its plain and ordinary meaning.[12]

It is respectfully submitted, however, that the English word "defining" needs no construction. The proposed definitions, both Johnson's (marking out the boundaries or limits of, taken from Merriam-Webster), and Ametek's (delineating the outline or form of, taken from http://www.dictionary.com),[13] are not any plainer than the word "defining" itself.

---

[10] Id.

[11] Johnson's Opening Brief, at p. 11; Ametek's Opening Brief, at p. 13.

[12] Id.

[13] Id.

## VI. CONCLUSION

Those few disputed terms at issue in these proceedings are those that were specifically defined by the inventors during the course of the patent application process, at the time the inventors were trying to convince the patent examiner that the claimed inventions were patentable over the prior art. For those terms, it is respectfully submitted, the definitions chosen by Mr. Weber, Ametek's patent attorney, as opposed to those chosen by Mr. Webster, should govern.

In light of the foregoing, Johnson respectfully requests that the Court adopt its proposed definitions for the disputed claim terms.

Dated: March 31, 2005
       New York, New York

Respectfully submitted,

_____
Stephen Norman Weiss
(CT Fed. Bar No. CT 12717)
Gregory J. Fleesler
(CT Fed. Bar No. CT 24491)
MOSES & SINGER, LLP
1301 Avenue of the Americas
New York, New York 10019
Tel.: (212) 554-7800
Fax: (212) 554-7700

Edmund J. Ferdinand, III
(CT Fed. Bar. No. CT 21287)
GRIMES & BATTERSBY, LLP
488 Main Street  3rd floor
Norwalk, CT  06851
Tel.: (203) 849-8300
Fax: (203) 849-9300

*Attorneys for Plaintiffs/Counterclaim Defendants Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of PLAINTIFFS' RESPONSIVE CLAIM CONSTRUCTION BRIEF was served on this 31st day of March 2005 via regular mail to the following individuals:

Ray L. Weber, Esq.
Renner Kenner Greive Bobak Taylor & Weber
First National Tower, Fourth Floor
Akron, Ohio 44308-1456

Ben A. Solnit, Esq.
Tyler, Cooper & Alcorn, LLP
205 Church Street
New Haven, Connecticut 06510

*Attorneys for Defendants and
Counterclaim Plaintiffs Ametek, Inc.*

_____
Michael J. Pospis
MOSES & SINGER LLP
1301 Avenue of the Americas
New York, NY 10019