UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Johnson Electric Industrial Manufactory, Ltd. et al. | ) ) ) | Civil Action No: 303CV0098AVC |
| Plaintiffs | ) | |
| v. | ) ) | April 1, 2005 |
| Ametek, Inc. | ) ) | |
| Defendant | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' OPENING CLAIM CONSTRUCTION BRIEF**

Ray L. Weber (CT 02148)
Renner, Kenner, Greive, Bobak,
Taylor & Weber
Fourth Floor, First National Tower
Akron, Ohio 44308
Telephone:  (330) 376-1242
Facsimile: (330) 376-9646
rlweber@rennerkenner.com


Ben A. Solnit (CT 00292)
Tyler, Cooper and Alcorn, LLP
205 Church Street
New Haven, CT 06510
Telephone:  (203) 784-8205
Facsimile:  (203) 777-1181
solnit@tylercooper.com

Attorneys for Defendant
Ametek, Inc.

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................. i

TABLE OF AUTHORITIES ............................................................. ii

DEFENDANT'S RESPONSE TO PLAINTIFFS' OPENING
CLAIM CONSTRUCTION BRIEF ...................................................... 1

Disputed Term in U.S. Patent No. 6,309,180 ................................... 1

Disputed Terms in U.S. Patent No. 6,439,843 ................................ 2

    1.    Claim 1: closely disposed about said outer periphery
           exhaust region ........................................................... 2

    2.    Claim 11: gathering chamber ................................... 4

    3.    Claim 17: defining a gathering chamber ..................... 6

CONCLUSION ....................................................................... 6

CERTIFICATE OF SERVICE .......................................................... 8

## TABLE OF AUTHORITIES

### *CASES*

*Gemstar-TV Guide Int'l. Inc., v. ITC,*

383 F. 3d 1352(Fed. Cir. 2004)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4


*Superguide Corp. v. DirecTV Enterpises, Inc.,*

358 F. 3d 870 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Johnson Electric Industrial | ) | |
| Manufactory, Ltd. et al. | ) | |
| | ) | Civil Action No: 303CV0098AVC |
| Plaintiffs | ) | |
| v. | ) | |
| | ) | |
| Ametek, Inc. | ) | |
| | ) | |
| Defendant | ) | April 1, 2005 |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' OPENING CLAIM CONSTRUCTION BRIEF**

Now comes Defendant, Ametek, Inc. ("Ametek"), in response to the Brief of Plaintiffs (jointly "Johnson") identified in the caption above. As presented more fully below, Johnson fails to address the specific claim terms in issue, but offers definitions that either ignore substantive portions of the claim terms or that address words and phrases that are not a portion of the claim terms in issue. In that regard, Johnson has failed to adhere to the requirements of this Court's Amended Scheduling Order of November 19, 2004, and particularly paragraphs 1 and 2 thereof.

For the reasons that will become apparent herein, Johnson's offerings should be rejected.

### Disputed Term in U.S. Patent No. 6,309,180

The proper construction for the term "separated apart and disconnected from each" appearing in claim 1 of the '180 patent is in dispute. Johnson proposes that this term means

"not joined to one another by virtue of a corner or other structural feature that extends from the second side of the main body portion." Ametek's proffered definition embraces that offered by Johnson, but more closely tracks the specific claim term in dispute. Clearly, when parsing the words "separated apart and disconnected from each other" as specifically recited in the claim, the phrase should be read as "set at a distance in place or position and individually divided," as derived from the plain and ordinary meaning of the words employed, and as is consistent with the '180 patent in describing the curvilinear walls, which are identified at Col. 4, ll. 54, 56 as being the curvilinearly extending walls 77 shown in Fig. 6 of the patent. That drawing shows the curvilinear walls as being "set at a distance in place or position and individually divided."

The definition offered by Johnson is merely a subset of the definition advanced by Ametek, which treats each of the words of the term in issue. In contradistinction, while Johnson demonstrates how the claim term in issue relates to the Havens patent cited during the prosecution of the '180 patent, it goes no further, and fails to advance a definition that fairly treats the claim term while giving due consideration to Havens. The definition offered by Ametek addresses the claim term itself, in view of the patent specification and drawings, and with due consideration being given to Havens.

## Disputed Terms in U.S. Patent No. 6,439,843

1.  Claim 1: closely disposed about said outer periphery exhaust region.

Johnson's proposal that the claim limitation "closely disposed about said outer periphery exhaust region" be interpreted to mean "near and on the same plane as the outer boundary of the fan" improperly reads extraneous limitations into the claim. The claim term

in issue address only proximity to the outer periphery exhaust region, and is totally silent as to any planar relationship. In the response to the Office Action of November 9, 2001, referenced on page 8 of Johnson's Brief, the statement "disposed in a plane below the bottom ring of the working air fan" was simply to identify the location of the vanes of the prior art '462 patent. It was the statement "nowhere near the outer periphery of the fan" that was the distinguishing feature of claim 1 of the '843 patent. This is highlighted by the statement that follows:

> In distinct contrast, the present invention now sets forth that the vanes of the end bracket are closely disposed about the outer periphery exhaust region of the working air fan. This feature is clearly not taught or suggested by the '462 patent.

(Applicant's Response dated March 12, 2002, at page 8 (Exhibit I of Pospis Decl., attached to Johnson's Brief)).

Clearly, the distinguishing feature of claim 1 of the '843 patent was not the plane, if any, in which the vanes lie, but their proximity to the "outer periphery exhaust region" as being "closely disposed" thereto. Claim 1 simply makes no reference to a plane of any type . Johnson seeks to read the extraneous limitation of a plane into the claim, when it is clear that the claim distinguished from the prior art by having vanes "closely disposed about said outer periphery exhaust region" regardless of the plane in which they were found.

Here, the structure of the prior art was identified as being "disposed in a plane below the bottom ring of the working air fan and nowhere near the outer periphery of the fan." When casting this prior art in the context of the claim, however, the positional relationship of the "plane" was never mentioned, for it is not mentioned in the claim term. What is

-3-

mentioned in the claim term is the proximity of being "closely disposed about the outer periphery exhaust region of the working air fan," which was presented by the Applicant as being "[in] distinct contrast" and as "clearly not taught or suggested by the '462 patent."

Johnson seeks to assert a disavowal of claim coverage, but it is elementary that any disavowal must be clear and not merely inferred. See *Superguide Corp. v. DirecTV Enterpises, Inc.*, 358 F. 3d 870, 875, 882 (Fed. Cir. 2004); *Gemstar-TV Guide Int'l. Inc., v. ITC*, 383 F. 3d 1352, 1375 (Fed. Cir. 2004). Here, there was certainly no disavowal of any claim scope, limiting the claim as being "on the same plane as the outer boundary of the fan." Indeed, there was not even an inference of disavowal. Moreover, Johnson's claim construction ignores a substantial portion of the claim term for which it seeks construction. It has simply ignored the words "disposed about" and "periphery exhaust region," which form a significant part of claim term in issue.

## 2.    Claim 11: gathering chamber

Johnson's attempt at defining "gathering chamber," falls far short of the mark. As a starting point, it only defines the word "chamber," while totally disregarding the word "gathering." Then, it adds to its definition how the gathering chamber is formed and where it is located, which, in the first instance, is irrelevant with regard to the term under consideration and, in the second instance, is otherwise treated in the claim in a portion not identified as requiring construction.

Simply put, the claim term under consideration is "gathering chamber." Johnson never identified for construction the remainder of the claim phrase that includes "gathering chamber," which phrase reads as follows:

-4-

> wherein said end bracket has a downwardly sloping shoulder and each said
> vane has a trailing end extending radially along said sloping shoulder, said
> trailing ends and said shroud forming a gathering chamber therebetween
> where the working air collects prior to exiting from said at lease one exhaust
> aperture.

The question before this Court is, what is a "gathering chamber." The structure and

positioning of the gather chamber is identified in portions of the claim not specified by

either Johnson or Ametek as requiring further construction. Yet, Johnson seeks to define

the term "gathering chamber" with reference to statements made by Applicant in the

prosecution of the of the '843 patent that deal with portions of the claim not set forth as

requiring construction, but dealing with the location and positioning of the gathering

chamber. Had Johnson desired construction of the entire final subparagraph of claim 11

of the '843 patent, it should have so stated in compliance with this Court's Amended

Scheduling Order of November 19, 2004.  Instead, Johnson has simply requested

construction of the term "gathering chamber" and, in that regard, has (1) totally ignored the

word "gathering" and (2) sought to define the term "chamber" as to its location and

position, which are otherwise treated in the claim itself and not identified as requiring

construction.

As set forth in Ametek's Brief, a gathering chamber is simply "an enclosed space for

accumulation" such that, in the context of the claim, a gathering chamber is "an enclosed

space for accumulation of working air."

The claim term definition offered by Ametek can simply be substituted for the term

"gathering chamber" under consideration.  It would be an exercise in futility to try that

substitution with the definition advanced by Johnson.  That is simply because Johnson has

not sought to define the claim term in issue, but to totally rewrite the final subparagraph of the claim.

### 3.    Claim 17: defining a gathering chamber

Johnson's proposal for the claim term "defining a gathering chamber" suffers from the same shortcomings as its definition for "gathering chamber" with regard to claim 11. As presented in Ametek's original Brief, the term "define" means "to delineate the outline or form of." Accordingly, consistent with the definition advanced with regard to claim 11, the term "defining a gathering chamber" should mean "delineating the outline or form of an enclosed space for accumulation of air."

### CONCLUSION

Johnson ignores the claim terms it has advanced as requiring construction and has, instead, rewritten the claims. While it has chosen the words and phrases for which it believes construction is necessary, it substantially abandons those words and phrases in its offered construction. In contradistinction, Ametek offers constructions that embrace the patent specification and drawings and are consistent with statements and arguments advanced by Ametek during the prosecution of the patents in issue.

For the various reasons presented above, and in Ametek's original Brief, the definitions of the specific claim terms in issue advanced by Ametek should be adopted, for Ametek treats the specific claim terms identified by Johnson as requiring definition, while Johnson offers definitions that either go far beyond the terms in issue, or seek to encompass claim terms or limitations not identified as requiring construction.

-6-

_____
Ray L. Weber (CT 02148)
Renner, Kenner, Greive, Bobak,
Taylor & Weber
Fourth Floor, First National Tower
Akron, Ohio 44308
Telephone:  (330) 376-1242
Facsimile: (330) 376-9646


Ben A. Solnit (CT 00292)
Tyler, Cooper and Alcorn, LLP
205 Church Street
New Haven, CT 06510
Telephone:  (203) 784-8205
Facsimile:  (203) 777-1181


_____

Attorneys for Defendant
Ametek, Inc.

CERTIFICATE OF SERVICE

A true copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFFS' OPENING CLAIM CONSTRUCTION BRIEF** was filed and served via first class mail, postage prepaid upon the following this 1st day of April, 2005.

Edmund J. Ferdinand, III, Esq.
Grimes & Battersby, LLP
488 Main Ave., Third Floor
Norwalk, CT 06851

Stephen N. Weiss, Esq.
Gregory J. Fleesler, Esq.
Moses & Singer LLP
1301 Avenue of the Americas
New York, NY 10019

Ray L. Weber