UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Johnson Electric Industrial | ) | |
| Manufactory, Ltd. et al. | ) | |
| | ) | Civil Action No: 303CV0098AVC |
| Plaintiffs | ) | |
| v. | ) | May 18, 2005 |
| | ) | |
| Ametek, Inc. | ) | |
| | ) | |
| Defendant | ) | |

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSIVE CLAIM CONSTRUCTION BRIEF**

Ray L. Weber (CT 02148)
Renner, Kenner, Greive, Bobak,
Taylor & Weber
Fourth Floor, First National Tower
Akron, Ohio 44308
Telephone: (330) 376-1242
Facsimile: (330) 376-9646
rlweber@rennerkenner.com

Ben A. Solnit (CT 00292)
Tyler, Cooper and Alcorn, LLP
205 Church Street
New Haven, CT 06510
Telephone: (203) 784-8205
Facsimile: (203) 777-1181
solnit@tylercooper.com

_____

Attorneys for Defendant
Ametek, Inc.

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I. Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.   Ametek U.S. Patent No. 6,309,180 - Claim 1 - Phrase:  Separated Apart And
      Disconnected From Each Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  Ametek U.S. Patent No. 6,439,843 - Claim I - Phrase:  Closely Disposed About
      Said Outer Periphery Exhaust Region . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.   Ametek U.S. Patent No. 6,439,843 - Claim 11- Phrase: Gathering
      Chamber . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

V.    Ametek U.S. Patent No. 6,439,843 - Claim 17 - Phrase:  Defining A Gathering
      Chamber . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

VI.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

## *CASES*

*Astrazeneca AB, Akiebolaget Hassle, KBI-E, Inc. v. Mutual Pharmaceutical Co., Inc.,*
384 F.3d 1333 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Gemstar-TV Guide Int'l, Inc. v. Int'l Trade Comm'n,*
383 F.3d 1352 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 7

*Housey Pharm. Inc. v. Astrazeneca Pharm., Inc.,*
366 F.3d 1348 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Renishaw PLC v. Marposs Societa' per Azioni,*
158 F.3d 1243 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Sunrace Roots Enterprise Co., Ltd. v. SRAM Corp.,*
336 F.3d 1298 (Fed. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*SuperGuide Corp. v. DirecTV Enterprises, Inc.,*
358 F.3d 870 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Tate Access Floors, Inc. v. Interface Architectural Resources, Inc.,*
279 F.3d 1357 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Teflex, Inc. v. Ficosa N. Am. Corp.,*
299 F.3d 1313 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Tex. Digital Sys., Inc. v. Telegenix, Inc.,*
308 F.3d 1193 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Johnson Electric Industrial | ) | |
| Manufactory, Ltd. et al. | ) | |
| | ) | Civil Action No: 303CV0098AVC |
| Plaintiffs | ) | |
| v. | ) | |
| | ) | |
| Ametek, Inc. | ) | |
| | ) | |
| Defendant | ) | |

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSIVE CLAIM CONSTRUCTION BRIEF**

Now comes Defendant, Ametek, Inc. ("Ametek"), in reply to the brief of Plaintiffs, Johnson Electrical Manufactory, Ltd. and Johnson Electric North American, Inc. ("Johnson"), identified in the caption above.  Johnson's proposed claim constructions must be rejected, for Johnson has failed to demonstrate clear disavowal of the ordinary meanings of the claim terms by the inventors, has misstated the prosecution record before the Patent Office, has advanced concessions never made by the patent applicants, and has substantially ignored the express language of the claim terms in issue while advancing its proposed constructions.

The ordinary and customary meanings of the claim terms in issue, as presented by Ametek, should be adopted, and Johnson's arguments rejected, for the reasons presented below.

-1-

## I. Preliminary Statement

As to the construction of the four claim terms in question, Johnson states the issue as whether or not the inventors (patent applicants)disavowed the plain meanings by providing specific meanings for them. (Johnson's Responsive Claim Construction Brief, p. 2.) That being the issue, any disavowal of claim scope must be clear, as evidenced by the inventors' use of words or expressions of manifest exclusion or restriction. *Astrazeneca AB, Akiebolaget Hassle, KBI-E, Inc. v. Mutual Pharmaceutical Co., Inc.*, 384 F.3d 1333, 1337 (Fed. Cir. 2004), citing *Tex. Digital Sys., Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1204 (Fed. Cir. 2002); *Sunrace Roots Enterprise Co., Ltd. v. SRAM Corporation*, 336 F.3d 1298, 1306 (Fed. Cir. 2003); *Housey Pharm. v. Astrazeneca Pharm., Inc.*, 366 F.3d 1348, 1352 (Fed. Cir. 2004). As set forth with particularity below, the inventors' statements advanced by Johnson in support of its proposed claim constructions merely distinguished the prior art in view of the claim language selected by the inventors. The inventors' statements did not narrow the claim language to avoid the prior art and, as such, those statements are not words or expressions of manifest exclusion or restriction.

## II.   Ametek U.S. Patent No. 6,309,180 - Claim 1 - Phrase:  Separated Apart And Disconnected From Each Other

It is true that the inventors agreed to limit the scope of their invention by adding additional words of limitation to claim 1 of the '180 patent. That added language was: "the curvilinear walls are separated apart and disconnected from each other." The added language was not "the curvilinear walls are not joined to one another by virtue of a corner or other structural feature that extends from the second side of the main body portion."

Johnson's argument ignores the fundamental principle that it is the claim language that defines the bounds of claim scope. *Teflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1324 (Fed. Cir. 2002); See also, *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1248 (Fed. Cir. 1998)("The claim construction inquiry, therefore, begins and ends in all cases with the actual words of the claim."); and *Tate Access Floors, Inc. v. Interface Architectural Resources, Inc.*, 279 F.3d 1357, 1372 (Fed. Cir. 2002)(Where claim language is clear it must be accorded its full breath even if the result is a claim that is clearly invalid.)

Moreover, the language advanced by Johnson was a statement of the inventors that was not presented to narrow the claim language to avoid the prior art, but to illustrate, by reference to an embodiment of the invention, the difference between what constitutes "separated apart and disconnected from each other" in the invention and the prior art. This is similar to the fact pattern addressed by the Federal Circuit in *Gemstar-TV Guide Int'l Inc. v. Int'l Trade Comm'n*, 383 F.3d 1352, 1375 (Fed. Cir. 2004). In *Gemstar*, the Federal Circuit held that the claim construction of the claim term "combining" should not be limited to a particular sequence of logical AND/OR combinations (binary functions) argued to distinguish the claimed invention from a prior art reference because the ordinary meaning of the claim term ("combining") was not constrained to the specific logical AND/OR combinations. The Federal Circuit found that the statements to the examiner did not indicate a disavowal or disclaimer of claim scope, but merely provided an example to illustrate a difference between the invention and the prior art. (Compare, *Astrazeneca AB*, 384 F.3d at 1341, wherein the inventor argued in response to a rejection that the definition

of a claim term was that set forth in the specification at a page and line certain and incorporated that definition in its argument.  Under those circumstances, the given definition being more restrictive than the ordinary meaning and the argument incorporating that restrictive definition, the Federal Circuit found a clear disavowal of scope.)

In sum, the claim limitation "separated apart and disconnected from each other," means exactly what it says.  It is a broader and more encompassing statement than the single example extracted from the patent's prosecution history by Johnson.  There clearly are no words or expressions of manifest exclusion or restriction to accord the claim limitation any thing but its ordinary and customary meaning.

III.    **Ametek U.S. Patent No. 6,439,843 - Claim I - Phrase:  Closely Disposed About Said Outer Periphery Exhaust Region**

The limitation in issue is unequivocal in stating that the vanes of the end bracket are "closely disposed about said outer periphery exhaust region," and the inventors employed no words or expressions of manifest exclusion or restriction that would give that claim term anything but the full breadth that its ordinary meaning would afford.  During the prosecution of the '843 patent, the inventors simply characterized the prior art '462 patent by stating "[a] close review of the '462 patent clearly shows that the 'vanes' of that particular diffuser are disposed in a plane below the bottom ring of the working air fan and nowhere near the outer periphery of the fan." After characterizing the prior art as such, the inventors went on to state that, "[i]n distinct contrast, the present invention now sets forth that the vanes of the end bracket are closely disposed about the outer periphery exhaust region of the working air fan." The characterization given "the present invention," is totally

consistent with the ordinary and customary meaning of the claim term in issue, and is totally silent as to whether the vanes are on the same plane or different planes. (See Pospis Decl. Ex. I at p.8, of Johnson's Opening Brief.) Contrary to the assertions of Johnson, the inventors never stated "the invention provides that the vanes of the diffuser are on the same plane." Such a statement is a total mischaracterization of the statements made by the inventors to the Patent Office. (See Pospis Decl. Ex. I to Johnson's Opening Brief.)

Simply stated, the inventors of the '843 patent characterized the prior art diffuser and then distinguished the claimed invention from that diffuser by stating "the present invention now sets forth that the vanes of the end bracket are closely disposed about the outer periphery exhaust region of the working air fan," without any reference whatsoever as to the plane in which those vanes lie.

In *Gemstar*, the Federal Circuit refused to find a clear disavowal where the inventor stated only how a reference was incapable of performing a certain type of search, not that the scope of the claimed invention was limited to that particular type of search. *Gemstar*, 383 F.3d at 1375. Similarly in *SuperGuide Corp. v. DirecTV Enterprises, Inc.*, 358 F.3d 870, 882 (Fed. Cir. 2004), the Federal Circuit refused to find a clear disavowal based on a statement made in distinguishing prior art. In *SuperGuide*, the claim language provided for "a search on at least said updated television programming information contained in RAM." In distinguishing a prior art reference, the inventor argued that in the prior art, no search of the information in RAM takes place, adding that the claim involved a search of all of the coded information. The Federal Circuit refused to find the latter statement to mandate a claim construction that required examination of all the records in memory. Instead, the

-5-

Federal Circuit found that the patentees were merely distinguishing their invention from one that requires no searching at all by pointing out that their invention provided for searches of coded information stored in memory. Similarly, in the case at bar, the inventors only commented on how the diffuser was disposed in the prior art reference, not that the scope of the claimed invention was limited by the details of that particular type of disposition.

The claim language in issue deals only with proximity, not orientation. It is elementary that the proximity of the vanes of the end bracket or diffuser to the outer periphery exhaust region is independent of the plane or planes in which the two lie. They may be in either the same or different planes and still be closely disposed to each other.

IV.    Ametek U.S. Patent No. 6,439,843 - Claim 11- Phrase: Gathering Chamber.

Johnson has confused the issue at hand. The claim term to be construed is simply "gathering chamber." The issue is: what is a gathering chamber in the context of the claim. Johnson, however, chooses to address the questions of (1) where is the gathering chamber located and/or (2) how is the gathering chamber formed. But, those questions are answered in other parts of the claim itself, that were never identified as requiring construction. Claim 11 of the '843 patent identifies the location and formation of the gathering chamber as follows:

> wherein said end bracket has a downwardly sloping shoulder and each said vane has a trailing end extending radially along said sloping shoulder, said trailing ends and said shroud forming a gathering chamber therebetween.

Instead of offering to define the term "gathering chamber," Johnson engages in a frolic that addresses the location and formation of the gathering chamber, which are otherwise already treated by the claim, in a portion not identified by the parties as requiring construction.

-6-

Simply stated, the term "gathering chamber" should be given its ordinary and customary meaning, consistent with the patent specification, as earlier advanced by Ametek.

Beside the fact that the position and formation of the gathering chamber are treated by the claim in portions not identified as requiring construction, even if construction were required, it would not be limited by the statements of the inventors, as proposed by Johnson. In *Gemstar*, the Federal Circuit found that stating only that a reference is incapable of performing a certain type of search, not that the scope of the claimed invention is limited to that particular type of search, did not indicate a disavowal or disclaimer of claim scope. *Gemstar*, 383 F.3d at 1375. Here, the inventors argued only that the prior art reference did not have a gathering chamber as claimed, not that the claim was limited to a gathering chamber positioned or formed other than expressly stated in the claim itself. Simply stated, the inventors did not argue that the gathering chamber was limited to one "formed between the trailing ends of the vanes and the shroud wherein the trailing ends of the vanes are not positioned directly against the surface of the shroud" as advanced by Johnson.

V.   **Ametek U.S. Patent No. 6,439,843 - Claim 17 - Phrase: Defining A Gathering Chamber.**

The phrase "defining a gathering chamber" in claim 17 of the '843 patent should necessarily be defined consistently with the phrase "gathering chamber" as set forth above with respect to claim 11 of the '843 patent. As presented by Johnson in its Responsive Brief, the term "defining" should be given its plain and ordinary meaning, as advanced in Ametek's Opening Brief.

It is particularly noteworthy that claim 17 itself states the location and formation of the gathering chamber with terms and phrases not identified by either of the parties as requiring construction. The phase to be construed is simply "defining a gathering chamber," not the location and formation otherwise treated in the claim itself.

## VI.    CONCLUSION

It is clear that the inventors made no disavowal of claim scope, for the prosecution histories of the '180 and '843 patents are devoid of any words or expressions of manifest exclusion or restriction regarding claim scope and definition of terms. Accordingly, the claim limitations in issue should be ascribed their ordinary and customary meanings as earlier advanced by Ametek.

Ray L. Weber (CT 02148)
Renner, Kenner, Greive, Bobak,
Taylor & Weber
Fourth Floor, First National Tower
Akron, Ohio 44308
Telephone:  (330) 376-1242
Facsimile: (330) 376-9646


Ben A. Solnit (CT 00292)
Tyler, Cooper and Alcorn, LLP
205 Church Street
New Haven, CT 06510
Telephone:  (203) 784-8205
Facsimile:  (203) 777-1181


Attorneys for Defendant
Ametek, Inc.

CERTIFICATE OF SERVICE

A true copy of the foregoing **DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSIVE CLAIM CONSTRUCTION BRIEF** was filed and served via first class mail, postage prepaid upon the following this 18th day of May, 2005.

Edmund J. Ferdinand, III, Esq.
Grimes & Battersby, LLP
488 Main Ave., Third Floor
Norwalk, CT 06851

Stephen N. Weiss, Esq.
Gregory J. Fleesler, Esq.
Moses & Singer LLP
1301 Avenue of the Americas
New York, NY 10019

_____
Ray L. Weber