UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Johnson Electric Industrial Manufacturing, Ltd. et al. | ) ) ) | |
| | ) | Civil Action No: 303CV0098AVC |
| Plaintiffs | ) | |
| v. | ) ) | |
| Ametek, Inc. | ) ) ) | |
| Defendant | ) | May 1, 2006 |

**AMETEK'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT
REGARDING INFRINGEMENT AND VALIDITY OF U.S. Patent 6,695,580**

Ben A. Solnit (CT00292)
Tyler, Cooper & Alcorn, LLP
205 Church Street
New Haven, CT 06510
Tel: 203-784-8205
Fax: 203-777-1181
bsolnit@tylercooper.com

Ray L. Weber (CT02148)
Renner, Kenner, Greive, Bobak,
Taylor & Weber
Fourth Floor, First National Tower
Akron, Ohio 44308
(330) 376-1242
(330) 376-9646
rlweber@rennerkenner.com

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. SUMMARY JUDGMENT STANDARDS AND APPLICABLE LAW . . . . 2

    A.   Law Related to Summary Judgment . . . . . . . . . . . . . . . . . . . . 2

III. SUMMARY JUDGMENT OF INFRINGEMENT . . . . . . . . . . . . . . . . . 4

    A.   Applicable Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.   Application of the Claims to Johnson's Product . . . . . . . . . . 5

    C.   Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IV.  SUMMARY JUDGMENT OF VALIDITY . . . . . . . . . . . . . . . . . . . . . . 6

    A.   Law Related to Statutory Double Patenting . . . . . . . . . . . . . . 7

    B.   Consideration of Statutory Double Patenting . . . . . . . . . . . . 7

    C.   Applicable Law Regarding Obviousness-Type Double
        Patenting . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    D.   Consideration of Obviousness-Type Double Patenting . . . . . 11

    E.   Remedy for Obviousness-Type Double Patenting . . . . . . . . . 11

    F.   Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

*CASES*

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) .................................................. 3

*Avia Group Int'l, Inc. v. LA. Gear Cal, Inc.*,
853 F.2d 1557 (Fed. Cir. 1988) ........................................ 3

*Callicrate v. Wadsworth Mfg., Inc.*,
427 F.3d 1361 (Fed. Cir. 2005) ........................................ 4

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ................................................ 2, 3

*C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*,
911 F.2d 670 (Fed. Cir. 1990) ......................................... 3

*Desper Prods., Inc. v. Qsound Labs, Inc.*,
157 F.3d 1325 (Fed. Cir. 1998) ........................................ 4

*Ecrix Corp. v. Exabyte Corp.*,
95 F. Supp. 2d 1155 (n2 D.Col. 2000) .................................. 6

*Eli Lilly & Co. v. Barr Labs., Inc.*,
251 F.3d 955 (Fed. Cir. 2001) ........................................ 10

*Gart v. Logitech, Inc.*,
254 F.3d 1334 (Fed. Cir. 2001) ........................................ 5

*General Foods Corp. v. Studiengesellschaft Kohle mbH*,
972 F.2d 1272 (Fed. Cir 1992) ..................................... 7, 11

*In re Goodman*,
11 F.3d 1046 (Fed. Cir. 1993) ..................................... 10, 12

*Johns Hopkins Univ. v. CellPro, Inc.*,
152 F.3d 1342 (Fed. Cir. 1998) ........................................ 3

*Markman v. Westview Instruments, Inc.*,
52 F.3d 967 (Fed. Cir. 1995) (en banc) ................................ 4

*McGinley v. Franklin Sports, Inc.*,
262 F.3d 1339 (Fed. Cir. 2001) ............................................................. 3

*Overhead Door Corp. v. Chamberlain Group, Inc.*,
194 F.3d 1261 (Fed. Cir. 1999) ............................................................. 5

*Perricone v. Medicis Pharmaceutical Corp.*,
432 F.3d 1368 (Fed. Cir. 2005) ............................................................ 11

*PSC Computer Prods., Inc. v. Foxconn Int'l, Inc.*,
355 F.3d 1353 (Fed. Cir. 2004) ............................................................. 4

*Rohm & Haas Co. v. Brotech Corp.*,
127 F.3d 1089 (Fed. Cir. 1997) ............................................................. 5

*Symbol Techs., Inc. v. Opticon, Inc.*,
935 F.2d 1569 (Fed. Cir. 1991) ............................................................ 10

*Texas Instruments v. United States Int'l Trade Comm'n*,
988 F.2d 1165 (Fed. Cir. 1993) ............................................................. 4

*In re Vogel*,
422 F.2d 438 (C.C.P.A. at.App. 1970) ................................................ 7, 11

*Wenger Mfg., Inc. v. Coating Mack Sys., Inc.*,
239 F.3d 1225 (Fed. Cir. 2001) ............................................................. 3

OTHER AUTHORITIES

35 U.S.C. §101 ............................................................................. 10

Fed. R. Civ. P. 56(c) ........................................................................ 2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Johnson Electric Industrial Manufacturing, Ltd. et al.<br><br>    Plaintiffs<br>v.<br><br>Ametek, Inc.<br><br>    Defendant | Civil Action No: 303CV0098AVC<br><br><br><br><br><br><br><br>May 1, 2006 |

**AMETEK'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING INFRINGEMENT AND VALIDITY OF U.S. Patent 6,695,580**

**I. INTRODUCTION**

Now comes Defendant, Ametek, Inc. ("Ametek"), and moves this Court for partial summary judgment regarding the infringement and validity of its patent 6,695,580 ("the '580 patent"). Specifically, Ametek moves for judgment as a matter of law that the Johnson U82 Bypass Motor infringes claims 1 and 2 of the '580 patent and that such patent is not invalid under the doctrine of double patenting.

Throughout the pleadings, discovery, and expert reports in this matter, Johnson has failed to set forth any basis for non-infringement of the '580 patent by its U82 Bypass Motor. The reason is simple, for infringement is clear. Moreover, through the report of its proffered expert, John R. Thomas, Johnson has contended that the '580 patent is invalid under the doctrine of double patenting in view of Ametek's patent 6,439,843 ("the '843 patent"). However, it is apparent from the patent claims themselves, that there is no

double patenting and, to the extent that there could possibly be any double patenting, the issue may be readily resolved and the patent maintained.

## II. BACKGROUND

This is a declaratory judgment action initiated by Plaintiffs ("Johnson") to seek a declaration that certain of its products either do not infringe certain patents of Ametek, including the '580 patent, and/or that Ametek's patents, including the '580 patent, are invalid. Ametek has counterclaimed for infringement.

At issue in this Motion for Summary Judgment are Ametek's '580 patent and Johnson's U82 Bypass Motor.

## III. SUMMARY JUDGMENT STANDARDS AND APPLICABLE LAW

### A. Law Related to Summary Judgment

Summary judgment is appropriate under Rule 56 "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact...." Fed. R. Civ. P. 56(c). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In fact, Rule 56(c) mandates entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322).

On a motion for summary judgment, the moving party bears the initial

responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. In its response, in order to create a genuine issue of fact, the non-moving party may not rest upon the mere allegations or denials of the pleading, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Furthermore, the non-moving party must do more than present some evidence on an issue it asserts is disputed. *Avia Group Int'l, Inc. v. LA. Gear Cal, Inc.*, 853 F.2d 1557, 1560 (Fed. Cir. 1988). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249-250.

The Federal Circuit has repeatedly observed that "[s]ummary judgment is as appropriate in a patent case as it is in any other case." *C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 672 (Fed. Cir. 1990); *Avia Group*, 853 F.2d at 1561 (citation omitted). Furthermore, summary judgment of infringement is appropriate where there is no genuine issue of material fact as to the structure and operation of the accused product. *See, e.g., McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1349 (Fed. Cir. 2001); *Johns Hopkins Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1359 (Fed. Cir. 1998); *Wenger Mfg., Inc. v. Coating Mack Sys., Inc.*, 239 F.3d 1225, 1239 (Fed. Cir. 2001). Similarly,

summary judgment regarding double patenting is appropriate because double patenting is a question of law. *Texas Instruments v. United States Int'l Trade Comm'n*, 988 F.2d 1165, 1179 (Fed. Cir. 1993).

### III. SUMMARY JUDGMENT OF INFRINGEMENT

#### A. Applicable Law

Determining whether an accused device infringes a patent is a two-step analysis. *Callicrate v. Wadsworth Mfg., Inc.*, 427 F.3d 1361, 1366 (Fed. Cir. 2005); *Desper Prods., Inc. v. Qsound Labs, Inc.*, 157 F.3d 1325, 1332 (Fed. Cir. 1998). First, the asserted claims must be construed to determine their proper meaning and scope. *Callicrate*, 427 F.3d at 1366; *Desper*, 157 F.3d at 1332. Next, the accused device must be compared to the properly construed claims. *Callicrate*, 427 F.3d at 1366; *Desper*, 157 F.3d at 1332. In order to prove infringement, "the patentee must show that the accused device meets each claim limitation, either literally or under the doctrine of equivalents." *PSC Computer Prods., Inc. v. Foxconn Int'l, Inc.*, 355 F.3d 1353, 1357 (Fed. Cir. 2004) (citation omitted).

Claim construction is a matter of law. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970-71 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996). Ametek is moving for summary judgment of infringement based on the claim construction regarding the '580 patent agreed to by the parties in their Joint Claim Construction Statement filed herein on or about February 24, 2005 (Doc. 48). Accordingly, there is no issue before the Court as to claim construction.

Patents can be infringed in several ways. When an accused product meets each and every claim limitation of the asserted claim as properly interpreted, then the claim is literally infringed. *Overhead Door Corp. v. Chamberlain Group, Inc.*, 194 F.3d 1261, 1269 (Fed. Cir. 1999). For purposes of this motion, Ametek asserts literal infringement.

The patentee has the burden of proving infringement by a preponderance of the evidence. *Rohm & Haas Co. v. Brotech Corp.*, 127 F.3d 1089, 1092 (Fed. Cir. 1997). Furthermore, infringement may be properly determined on summary judgment "when no reasonable jury could find that every limitation recited in the properly construed claim either is or is not found in the accused device...." *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 2001).

### B. Application of the Claims to Johnson's Product

As presented above, Ametek asserts that claims 1 and 2 of its '580 patent are infringed by Johnson's U82 Bypass Motor. The '580 patent is attached as Exhibit A. Infringement of these claims is clear, and would be readily appreciated upon a physical inspection of Johnson's U82 Bypass Motor, with the patent claims in hand. Ametek offers to do so at any hearing in this matter, or at the request of the Court. In the meantime, for purposes of this brief, Ametek offers the Affidavit of James P. Shawcross, accompanied by renderings of the Johnson U82 Bypass Motor, demonstrating how the claims of the '580 patent read directly on that product. The Affidavit is attached as Exhibit C. Notably, claim charts such as that presented are generally

recognized as a highly effective way of demonstrating patent infringement. See e.g. *Ecrix Corp. v. Exabyte Corp.*, 95 F. Supp. 2d 1155, 1157 n2 (D.Col. 2000). From the Shawcross Affidavit and the product itself, it is clear that there is no genuine issue of material fact that Johnson's U82 Bypass Motor literally infringes claims 1 and 2 of the '580 patent and, accordingly, Ametek is entitled to summary judgment as a matter of law.

## C.  Conclusion

For at least the reasons set forth above, from the Shawcross Affidavit, and as will be apparent from a physical review of the Johnson U82 Bypass Motor in conjunction with claims 1 and 2 of the '580 patent, Ametek's Motion for Partial Summary Judgment of Infringement should be granted. There are no material issues of disputed fact that would preclude entry of partial summary judgment on the issue of infringement.

## IV. SUMMARY JUDGMENT OF VALIDITY

Johnson has asserted that claims 1 and 2 of the '580 patent are invalid under the doctrine of double patenting. Johnson has asserted "same invention" double patenting and, alternatively, "obviousness-type" double patenting. The defense is asserted in view of the '843 patent (attached as Exhibit B) and is advanced in the expert report of John R. Thomas, and echoed, but without substance, in the expert report of Roger Baines. That defense is without merit and should be summarily dismissed for the reasons presented below.

A.   **Law Related to Statutory Double Patenting**

The test for statutory or "same invention" double patenting is whether a claim in the '580 patent could be literally infringed without literally infringing a corresponding claim in the earlier '843 patent. *In re Vogel*, 422 F.2d 438, 441 (C.C.P.A. at.App. 1970). In other words, if there is an embodiment of the invention that falls within the scope of one claim, but not the other, no statutory double patenting may be found. If there is no such embodiment, then identical subject matter is not defined by both claims and statutory double patenting does not exist. *Id.* Further, when embarking on a double patenting analysis, the claims must be read as a whole, and not piecemeal, as the defendants might suggest. *General Foods Corp. V. Studiengesellschaft Kohle mbH*, 972 F.2d 1272, 1278 (Fed. Cir. 1992).

B.   **Consideration of Statutory Double Patenting**

The primary concern advanced by Johnson's experts is whether an article may infringe claim 1 of the '580 patent and not infringe either claims 11 or 20 of the '843 patent, or vice versa. While, admittedly, some elements are shared between the respective claims, mutually exclusive elements are present. In relevant part, claim 1 of the '580 patent requires an end bracket including:

> a plurality of channels that slope downwardly and outwardly away from said working air fan toward said at least one exhaust aperture, wherein said channels extend from an inner periphery in circumferential alignment with the outer periphery of said working

air fan toward an outer periphery of said end bracket.

In relevant part, claim 11 of the '843 patent requires an end bracket having:

> a plurality of vanes that form a fan chamber that receives said working air fan such that air expelled by said working air fan is re-directed by said vanes toward said at least one exhaust aperture and wherein said end bracket has a downwardly sloping shoulder and each said vane has a trailing end extending radially along the sloping shoulder, said trailing ends and said shroud forming a gathering chamber therebetween where the working air collects prior to exiting from the aperture.

Regarding claim 11 of the '843 patent, and by way of example only, no limitation or recitation of "channels" is provided. Specifically, claim 11 of the '843 patent recites a bracket including "vanes," and claim 1 of the '580 patent recites a bracket including "channels." A bracket may include vanes which do not form channels, for example, if the vanes were spaced sufficiently far enough apart so that the area between may not define a channel. Because claim 11 of the '843 patent discloses the number of vanes as "a plurality," it is possible that a bracket may include, for example, two vanes. Two vanes would not necessarily form a channel therebetween if, for example, they were radially displaced by 180 degrees. In this manner a bracket may infringe claim 1 of the '580 patent and not claim 11 of the '843 patent.

Even assuming a "plurality of vanes" may be considered equivalent to a

-8-

"plurality of channels," claim 11 of the '843 patent does not require the vanes be "circumferentially aligned with the outer periphery of the working air fan" as claim 1 of the '580 patent requires. Thus, a bracket may infringe claim 11 of the '843 patent, but not infringe claim 1 of the '580 patent if the vanes are not in circumferential alignment with the outer periphery of the working air fan. Still further, claim 11 of the '843 patent requires a gathering chamber be formed between the trailing ends of the vanes and the shroud. Such an element is not recited in claim 1 of the '580 patent and thus, a bracket may infringe claim 1 of the '580 patent, but if no gathering chamber is formed, would not infringe claim 11 of the '843 patent.

Regarding claim 20 of the '843 patent, as above, an article may infringe claim 1 of the '580 patent without infringing claim 20 of the '843 patent. Specifically, if a bracket includes channels formed other than by adjacent vanes, for example tubular elements, then the bracket would infringe claim 1 of the '580 patent without infringing claim 20 of the '843 patent. Further, as discussed above, claim 20 of the '843 patent contains no limitations regarding the relative alignment of the channels with respect to the working air fan. Thus, a bracket may infringe claim 20 of the '843 patent without infringing claim 1 of the '580 patent, if the channels were not aligned with the outer periphery of the working air fan. Still further, claim 20 requires a base having a periphery which is adapted to be sealed by the shroud. Such an element is not recited in claim 1 of the '580 patent and thus, a bracket may infringe claim

1 of the '580 patent, but if no base is included, would not infringe claim 20 of the '843 patent. Thus, because embodiments exist which may infringe claim 1 of the '580 patent without infringing either of claims 11 or 20 of the '843 patent, and vice versa, claim 1 is not invalid under a statutory double patenting theory.

It is elementary that the proscription against statutory or "same invention" double patenting is to preclude the issuance of two patents on the same invention. *In re Goodman*, 11 F.3d 1046, 1052 (Fed. Cir. 1993). Indeed, it is fundamental that 35 U.S.C. §101 entitles an inventor to but a single patent for an invention. The claims of the '580 and '843 patents do not claim the same invention.

## C.     Applicable Law Regarding Obviousness-Type Double Patenting

Regarding non-statutory or obviousness-type double patenting, the party challenging validity on the basis of non-statutory double patenting bears the burden of establishing invalidity by clear and convincing evidence. *Symbol Techs., Inc. v. Opticon, Inc.*, 935 F.2d 1569, 1580 (Fed. Cir. 1991). The question is whether any claim in the later patent (the '580 patent) is merely an obvious variation of an invention claimed in the earlier patent (the '843 patent). Thus, the later patent is invalid when the claimed subject matter is not "patentably distinct" from the subject matter claimed in the commonly owned earlier patent. *Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 968 (Fed. Cir. 2001). In assessing the differences between claims, the Court may not treat the

specification of the earlier patent as prior art, but rather, specific attention must be given to what is claimed in the earlier patent. When considering whether the invention would have been an obvious variation of the invention defined in the claim of an earlier patent, the disclosure of the earlier patent may not be used as prior art. *General Foods*, 972 F.2d at 1281. The specification may however be used as a dictionary to learn the meaning of a term in a patent claim. *Vogel*, 422 F.2d at 441.

### D. Consideration of Obviousness-Type Double Patenting

For obviousness-type double patenting to apply, the claims of the '580 patent must be obvious in view of the claims of the '843 patent without regard to the specification. Of primary significance to the claims of the '580 patent is the recitation that the channels extend from an inner periphery in circumferential alignment with the outer periphery of the working air fan. No claims of the '843 patent disclose or suggest any relative orientation between the working air fan and the vanes or channels. Thus, because no claims even begin to address this patentably distinct feature, claim 1 of the '580 patent cannot be an obvious variation of the claims of the '843 patent. Of course, the same would be true for claim 2 of the '580 patent, which depends from claim 1.

### E. Remedy for Obviousness-Type Double Patenting

The proscription against obviousness-type double patenting is to preclude the extension of the term of a patent. *Perricone v. Medicis Pharmaceutical Corp.* 432 F.3d 1368, 1373 (Fed. Cir. 2005). Accordingly, it is

commonly remedied by the filing of a terminal disclaimer, causing both patents to expire on the same date. *In re Goodman*, 11 F3d at 1052. Such terminal disclaimers can be used for issued patent, such as here. *Perricone*, 432 F.3d at 1375. Since both the '843 and '580 patents are commonly owned by Ametek, Inc. a terminal disclaimer filed with the Patent Office would remedy any obviousness-type double patenting issue.

While the proscription against obviousness-type double patenting is to prevent the extension of the term of the patent grant, it is well to note that the '580 patent is a continuation of the '843 patent, the patents are commonly owned by Ametek, Inc., and they both will expire on the same date, November 16, 2020. A terminal disclaimer is unnecessary to preclude the extension of the patent term, since the patent term is identical for both patents.

Should the Court determine that obviousness-type double patenting is existent as between the '843 and '580 patents, and the issue is not resolved by common ownership and expiration, Ametek would undertake the filing of a terminal disclaimer, rendering this matter moot.

**F.      Conclusion**

There is no double patenting of either the statutory or obviousness-type existent between the '843 and '580 patents. Clearly, the two do not claim the same invention and, in the same regard, the inventions are claimed so differently that the claims of the '580 patent could not be obvious from the claims of the '843 patent. Accordingly, any double-patenting defense regarding the '580 patent should be denied. Moreover, to the extent that an obvious-type double patenting defense might be deemed available, Ametek requests leave to immediately file a terminal disclaimer with the Patent Office.

>                       Respectfully submitted,
>
>                       _____
>                       Ben A. Solnit (CT00292)
>                       Tyler, Cooper & Alcorn, LLP
>                       205 Church Street
>                       New Haven, CT 06510
>                       Tel: 203-784-8205
>                       Fax: 203-777-1181
>                       bsolnit@tylercooper.com
>
>                       Ray L. Weber (CT02148)
>                       Renner, Kenner, Greive, Bobak,
>                       Taylor & Weber
>                       Fourth Floor, First National Tower
>                       Akron, Ohio 44308
>                       (330) 376-1242
>                       (330) 376-9646
>                       rlweber@rennerkenner.com
>
>                       Attorneys for Defendant, Ametek, Inc.