UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------x
: 
JOHNSON ELECTRIC INDUSTRIAL :
MANUFACTORY, LTD. and JOHNSON :
ELECTRIC NORTH AMERICA, INC., : CASE NO. 03CV0098AVC
:
                     Plaintiffs, :
:
    -against- :
:
AMETEK, INC., :
:
                     Defendant. :
:
---------------------------------------------------x

**LOCAL RULE 56(a)1 STATEMENT
IN SUPPORT OF JOHNSON ELECTRIC INDUSTRIAL MANUFACTORY, LTD.
AND JOHNSON ELECTRIC NORTH AMERICA, INC.'S MOTION FOR SUMMARY
JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NOS. 6,166,462 AND
<u>6,439,843 AND FOR INVALIDITY OF U.S. PATENT NO. 6,695,580</u>**

Declaratory judgment Plaintiffs Johnson Electric Industrial Manufactory, Ltd. ("JEI") and Johnson Electric North America, Inc. ("JENA") (collectively, "Johnson") submit, pursuant to D. Conn. L. Civ. R. 56(a)1, that there is no genuine issue to be tried with respect to the below material facts in connection with its accompanying Motion for Summary Judgment of Non-Infringement of U.S. Patent Nos. 6,166,462 and 6,439,843, and For Invalidity of U.S. Patent No. 6,695,580 (the "Johnson Motion"):

1.      Ametek is the owner of U.S. Patent Nos. 6,166,462 (the "'462 patent"), 6,439,843 (the "'843 patent"), and 6,695,580 (the "'580 patent"). (*See,* the '462, '843, and '580 patents (copies of which are respectively attached to the Affidavit of Michael J. Pospis in Support of the Johnson Motion ("Pospis Aff.") as Exhibits C, D, and E), at their respective cover pages.)

2.      On February 24, 2005, the parties filed a joint stipulation relating to the construction of various terms of the patent claims in issue. (Joint Claim Construction Statement (Pospis Aff. Exh. M), at pp. 4-9.)

3.      On August 24, 2005, this Court construed disputed claim terms for the patents in issue and further adopted the parties' stipulated constructions. (*Johnson Electric Industrial Manufactory Ltd. v. Ametek, Inc.*, 2005 WL 2076561 (D. Conn. 2005) (Pospis Aff. Exh. N).)

4.      During the prosecution of the '462 patent, the applicants overcame a prior art rejection by adding a limitation providing for the ramp walls of the diffuser/end bracket to follow the specific geometric configuration of going from the outer boundary of the diffuser to an inner boundary and then back to the diffuser's outer boundary. (October 25, 1999 Preliminary Amendment (Pospis Aff. Exh. R), at pp. 3, 6.)

5.      During the prosecution of the '462 patent, the applicants distinguished the prior art by stating that the prior art did not have the specific "outer-inner-outer ramp wall" configuration which was the subject of the aforementioned amendment. (*Id.,* at p. 6; *see also,* May 10, 2000 Response (Pospis Aff. Exh. T), at pp. 4-5.)

6.      The accused Johnson motor assemblies, marked as exhibits during depositions of Ametek' witnesses, are depicted in digital photographs attached to the Pospis Aff. as Exhibits A and B.

7.      Ametek accused the Johnson U66 Motor Assembly of infringing claim 1 of the '462 patent, as well as all of the claims dependent upon claim 1, under the doctrine of equivalents. Ametek did not accuse the U66 Motor Assembly of literal infringement,

recognizing that the U66 Motor Assembly does not have the literal "outer-inner-outer ramp wall" configuration. (Defendant's Answers to Plaintiff's First Set of Interrogatories (Nos. 1-4) (Pospis Aff. as Exhibit I).)

8.  Ametek accused the U66 Motor Assembly and U82 Motor Assembly of infringing one or more of claims 1, claims dependent from claim 1, and claims 10, 11, 12 and 14 of the '843 patent. (*Id.*; Defendant's Answers and Objections to Plaintiffs' Interrogatories 6-7 (Pospis Aff. Exh. J).)

9.  Each of the claims referenced in paragraph 8 requires that the motor's working air fan be held within a cavity in the diffuser end bracket of the motor. ('843 patent (Pospis Aff. Exh. D), claims 1 (col. 7:27-28), 10 (col. 8:5-6), 11 (col. 8:24-25), 12 (col. 8:46-47), and 14 (col. 9:20-21).)

10. Neither the U66 Motor Assembly nor the U82 Motor Assembly has a cavity in its diffuser end bracket; rather, the working air fan in each accused motor assembly rests on top of the motor support structure. (*See,* the digital photographs attached to the Pospis Aff. as Exhibits A3 and B1.)

11. Ametek accused the U66 Motor Assembly and the U82 Motor Assembly of infringing claim 16 of the '843 patent, and accused the U66 Motor Assembly of infringing claims dependent from claim 16. (Defendant's Answers to Plaintiffs' First Set of Interrogatories (Nos. 1-4) (Pospis Aff. Exh. I); Defendant's Answers and Objections to Plaintiffs' Interrogatories 6-7 (Pospis Aff. Exh. J).)

12. Claim 16 requires the presence of a sloping shoulder on the end bracket, as well as of vanes that extend from that sloping shoulder. ('843 patent (Pospis Aff. Exh. D), claim 16, col. 10:4-11.)

13. Neither the end bracket of the Johnson U66 Motor Assembly nor of the U82 Motor Assembly has a sloping shoulder nor vanes extending from any sloping shoulder. (*See,* the digital photographs attached to the Pospis Aff. as Exhibits A1 and B2.)

Dated: April 28, 2006
      New York, New York

Respectfully submitted,

/s/ 
Stephen Norman Weiss
(CT Fed. Bar No. CT 12717)
Gregory J. Fleesler
(CT Fed. Bar No. CT 24491)
MOSES & SINGER, LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel.: (212) 554-7800
Fax: (212) 554-7700

Edmund J. Ferdinand, III
(CT Fed. Bar. No. CT 21287)
GRIMES & BATTERSBY, LLP
488 Main Street 3rd floor
Norwalk, CT 06851
Tel.: (203) 849-8300
Fax: (203) 849-9300

*Attorneys for Plaintiffs/Counterclaim Defendants Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc.*

4