# EXHIBIT F

to the Affidavit of Michael J. Pospis in Support of Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc.'s Motion for Summary Judgment of Non-Infringement of U.S. Patent Nos. 6,166,462 and 6,439,843 and for Invalidity of U.S. Patent No. 6,695,580

07171-103
Lit.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLERK
U.S. DISTRICT COURT
BRIDGEPORT, CONN.
Jan 13  3 55 PM '03      1/13/03

-----------------------------------------x
JOHNSON ELECTRIC INDUSTRIAL
MANUFACTORY, LTD. and JOHNSON
ELECTRIC NORTH AMERICA, INC.,

                Plaintiffs,

     -against-

AMETEK, INC.,

                Defendant.
-----------------------------------------x

FILED
CASE NO. 303CV0098AVC  #1

COMPLAINT

JURY TRIAL DEMANDED

Plaintiffs Johnson Electric Industrial Manufactory Ltd. and Johnson Electric North America, Inc., by and through their undersigned counsel, bring this action for declarations of patent non-infringement and judgment of patent invalidity, along with incidental relief, against Defendant, Ametek, Inc., and allege as follows:

## A.    THE PARTIES

1.    Plaintiff Johnson Electric Industrial Manufactory, Ltd. ("JEI") is a foreign corporation with its principal place of business in Hong Kong, People's Republic of China. Plaintiff Johnson Electric North America, Inc. ("JENA") is a Connecticut corporation with its principal place of business in Shelton, Connecticut (collectively, Plaintiffs are referred to as "Johnson"). JEI is in the business of designing, marketing, and manufacturing motors for sale and distribution throughout the world. JENA is the sole distributor of JEI motors in the United States.

344479
07171.103

2.  Upon information and belief, Defendant Ametek, Inc. ("Ametek") is a corporation organized under the laws of the State of Delaware, and is subject to the personal jurisdiction of the courts of Connecticut.

### B. JURISDICTION AND VENUE

3.  This is an action for a declaratory judgment pursuant to 28 U.S.C. §2201. The causes of action stated herein arise under the patent laws of the United States, Title 35, U.S.C., and the pendent jurisdiction of the United States District Court. Venue is proper in the District of Connecticut by virtue of 28 U.S.C. §1391(b)(c).

### C. FACTS

4.  On March 31, 1998, U.S. Patent No. 5,734,214 issued for a "Molded Through-Flow Motor Assembly" (the "'214 patent"). On October 30, 2001, U.S. Patent No. 6,309,180, also for a "Molded Through-Flow Motor Assembly," issued (the "'180 patent"). These patents are attached hereto as Exhibits A and B, respectively. The '180 patent is a divisional, maturing from the continuation of the application that matured into the '214 patent. (Hereinafter the '180 patent is also referred to as the "divisional patent.") Both the '214 and the '180 patents are owned by Ametek.

5.  Sometime prior to October 10, 2000 (subsequent to the issuance of the '214 patent and prior to the issuance of the '180 divisional patent), Johnson was selling and intended to continue to sell a Johnson motor known as the "U66," which motor has been referred to as a type of "through-flow motor."

6.  Sometime prior to October 10, 2000, Ametek had alleged that the Johnson U66 motor was an infringement of one or more claims of their '214 patent. On or about October

10, 2000, Ametek commenced a patent litigation against a JEI affiliate, Johnson Electric Engineering, Ltd., of Hong Kong, asserting the '214 patent against the Johnson U66 motor. That litigation was settled with the signing of a patent license agreement on July 30, 2001, a copy of which is attached hereto as Exhibit C (the "License Agreement").

7. The License Agreement covered all Johnson motors that fall within: 1) the already issued '214 patent; 2) Ametek's divisional patent, that is, the now issued '180 patent; and 3) all foreign letters patent and patent applications claiming priority from or based upon the aforementioned patents.

8. Johnson is in the process of replacing its U66 motor with a new design. To maximize efficiency and maintain favorable prices for its customers, Johnson spent time, money and effort to design around the patents covered by the License Agreement. A result of that research and development is the current Johnson through-flow motor design, the Johnson replacement of its old model U66 motor.

9. Sometime prior to December 1, 2002, Ametek advised personnel at JENA in Connecticut that Johnson's new and current design of its through-flow motor is covered by one or more claims of both the '214 and divisional '180 patents, and therefore is subject to royalty payments pursuant to the License Agreement (Exhibit C).

10. Johnson personnel were confident that they successfully designed a new motor which is outside the claims of the patents covered by the License Agreement. However, they were concerned, based upon prior experience with Ametek, that Ametek might accuse Johnson's customers of infringement of these patents and/or might commence a patent litigation against Johnson and/or its customers if the disagreement was not promptly resolved. Johnson had been made aware, from one of its customers, Oreck Manufacturing Company ("Oreck"), that

prior to Ametek filing the aforementioned 2000 patent litigation regarding the '214 patent (*supra*, at ¶ 6), Ametek had written Oreck, advising them that Ametek intended to disrupt Johnson's sales of the U66 motor to them. It was shortly thereafter that Ametek commenced a patent infringement suit against Johnson. It was Johnson's hope that this prior conduct could be avoided with respect to the new Johnson through-flow motor design.

11. Therefore, on December 18, 2002, Roger Baines of JENA, on behalf of Plaintiffs herein, visited with the CEO of Ametek, an Ametek patent attorney, and other Ametek officers and personnel in an effort to avoid patent litigation. At the meeting, Ametek's CEO told Mr. Baines not only that Johnson's new through-flow motor was covered by the License Agreement, but also that two other Ametek patents, United States Patent Nos. 6,166,462 and 6,439,843, not subject to any license agreement, were being infringed by Johnson as well. These two patents are attached hereto as Exhibits D and E, respectively. The '462 patent, issued December 26, 2000, is for a bypass motor/fan assembly having separate working air passages. The '843 patent, issued on August 27, 2002, is for a motor/fan assembly having a radial diffuser bypass.

12. Specifically, during the aforementioned December 18, 2002 meeting, Ametek's CEO and other personnel advised Mr. Baines that two different designs of Johnson bypass motors manufactured by JEI and sold through JENA in the United States infringe one or more claims of the '843 and '462 patents. Ametek's CEO concluded the December 18 meeting by stating that he intended to judicially enforce Ametek's patent rights in the '843 and '462 patents, as well as in the patents covered by the License Agreement. Mr. Baines assured Ametek that he had opinions from Johnson's patent attorneys stating that neither the '462 nor '843 patents are infringed by Johnson's bypass motors, but Ametek's CEO told Mr. Baines that

Ametek's patent attorneys are convinced of the contrary, that is, that the Johnson motors are infringements. At the conclusion of the December 18 meeting Mr. Baines was told that litigation was imminent.

13. Johnson is the world's leading manufacturer of motors used for appliances, automobile accessories and numerous other applications, and has a customer base and reputation to protect in the United States and internationally. At the conclusion of the December 18, 2002 meeting between Roger Baines of JENA and Ametek personnel, Ametek made it crystal clear that it will start patent infringement litigation against Johnson in the immediate future. Johnson does not know when that litigation will commence, nor if that litigation will include any of Johnson's customers. Such uncertainty in the face of this immediate threat is harmful to Johnson's business.

### D. FIRST CAUSE OF ACTION – NON-INFRINGEMENT

14. Plaintiffs repeat, reiterate, and reallege each and every allegation stated in paragraphs 1 through 13, above.

15. The current Johnson through-flow motor design, replacing the Johnson U66 through-flow motor design, is not an infringement of any valid claim of the '214 patent.

### E. SECOND CAUSE OF ACTION – NON-INFRINGEMENT

16. Plaintiffs repeat, reiterate, and reallege each and every allegation stated in paragraphs 1 through 15, above.

17. The current Johnson through-flow motor design, replacing the Johnson U66 through-flow motor design, is not an infringement of any valid claim of the divisional '180 patent.

    F.      **THIRD CAUSE OF ACTION – NON-INFRINGEMENT**

18. Plaintiffs repeat, reiterate, and reallege each and every allegation stated in paragraphs 1 through 17, above.

19. The new design of the Johnson through-flow motor, replacing the Johnson U66 motor, is not subject to royalty payments under the License Agreement attached hereto as Exhibit C.

    G.      **FOURTH CAUSE OF ACTION – NON-INFRINGEMENT**

20. Plaintiffs repeat, reiterate, and reallege each and every allegation stated in paragraphs 1 through 19, above.

21. Neither design of the accused Johnson bypass motors infringe any valid claim of the '462 patent.

    H.      **FIFTH CAUSE OF ACTION – NON-INFRINGEMENT**

22. Plaintiffs repeat, reiterate, and reallege each and every allegation stated in paragraphs 1 through 21, above.

23. Neither design of the accused Johnson bypass motors infringe any valid claim of the '843 patent.

    I.      **SIXTH CAUSE OF ACTION – INVALIDITY**

24. Plaintiffs repeat, reiterate, and reallege each and every allegation stated in paragraphs 1 through 23, above.

25. The '214 patent is invalid for failure to comply with the requirements, conditions and provisions set forth in at least 35 U.S.C. §§ 102, 103 and/or 112.

### J.    SEVENTH CAUSE OF ACTION – INVALIDITY

26. Plaintiffs repeat, reiterate, and reallege each and every allegation stated in paragraphs 1 through 25, above.

27. The '180 patent is invalid for failure to comply with the requirements, conditions and provisions set forth in at least 35 U.S.C. §§ 102, 103 and/or 112.

### K.    EIGHTH CAUSE OF ACTION – INVALIDITY

28. Plaintiffs repeat, reiterate, and reallege each and every allegation stated in paragraphs 1 through 27, above.

29. The '462 patent is invalid for failure to comply with the requirements, conditions and provisions set forth in at least 35 U.S.C. §§ 102, 103 and/or 112.

### L.    NINTH CAUSE OF ACTION – INVALIDITY

30. Plaintiffs repeat, reiterate, and reallege each and every allegation stated in paragraphs 1 through 29, above.

31. The '843 patent is invalid for failure to comply with the requirements, conditions and provisions set forth in at least 35 U.S.C. §§ 102, 103 and/or 112.

### M.    RELIEF REQUESTED

WHEREFORE, Johnson requests judgment and relief against Defendant Ametek, including:

(A) Declarations that Johnson has not infringed (directly, by inducement or otherwise) any valid claim of the '214, '180, '462, and/or '843 patents;

(B) Judgment that the '214, '180, '462, and/or '843 patents are invalid;

(C) A declaration that the replacement of the Johnson U66 motor is not covered by the July 30, 2001 License Agreement;

(D) An injunction, preliminarily and permanently preventing Ametek from asserting the patents covered by the License Agreement, and/or the '462 and '843 patents, against Johnson customers, for products that form the subject matter of the instant litigation;

(E) Trying all issues of fact in this action before a jury; and

(F) Awarding such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Date: January 13, 2003

Edmund J. Ferdinand, III
(Ct. Fed. Bar. No. 21,287)
GRIMES & BATTERSBY, LLP
488 Main Avenue, Third Floor
Norwalk, CT 06851
Tel.: (203) 849-8300
Fax: (203) 849-9300

*Attorneys for Plaintiffs Johnson Electric Industrial Manufactory Ltd. and Johnson Electric North America, Inc.*

Of Counsel:

Stephen N. Weiss
Mark N. Parry
Gregory J. Fleesler
MOSES & SINGER LLP
1301 Avenue of the Americas
New York, New York 10019
Tel.: (212) 554-7800
Fax: (212) 554-7700

*Attorneys for Plaintiffs Johnson Electric Industrial Manufactory Ltd. and Johnson Electric North America, Inc.*

344479
07171.103

9