# EXHIBIT G

to the Affidavit of Michael J. Pospis in Support of Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc.'s Motion for Summary Judgment of Non-Infringement of U.S. Patent Nos. 6,166,462 and 6,439,843 and for Invalidity of U.S. Patent No. 6,695,580

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Johnson Electric Industrial Manufactory, Ltd. et al.<br><br>      Plaintiffs<br>v.<br><br>Ametek, Inc.<br><br>      Defendant | )<br>)<br>) Civil Action No: 303CV0098AVC<br>)<br>)<br>)<br>) ANSWER, AFFIRMATIVE<br>) DEFENSES AND COUNTERCLAIMS<br>)<br>) August 15, 2003 |

Now comes Defendant, Ametek, Inc. ("Ametek"), and presents its Answer, Affirmative Defenses and Counterclaims to the Complaint filed herein by Plaintiffs Johnson Electric Industrial Manufactory, Ltd. ("JEI") and Johnson Electric North America, Inc. ("JENA") (Plaintiffs collectively referred to herein as "Johnson").

## ANSWER

1. Ametek is without knowledge as to the truthfulness of the allegations set forth in paragraph 1 of the Complaint and therefore denies the same.

2. Ametek admits the allegations set forth in paragraph 2 of the Complaint.

3. Ametek admits only that the Complaint asserts an action for declaratory judgment and denies the remaining allegations of paragraph 3 of the Complaint.

4. Ametek admits the allegations set forth in paragraph 4 of the Complaint.

5. Ametek is without knowledge as to the truthfulness of the allegations set forth in paragraph 5 of the Complaint and therefore denies the same.

6. Ametek is without knowledge as to whether Johnson Electric Engineering Ltd. is an affiliate of Johnson and therefore denies the same, but admits the remaining allegations set forth in paragraph 6 of the Complaint.

7. Ametek denies the allegations set forth in paragraph 7 of the Complaint.

8. Ametek is without knowledge as to the truthfulness of the allegations set forth in paragraph 8 of the Complaint and therefore denies the same.

9. Ametek denies the allegations set forth in paragraph 9 of the Complaint.

10. Ametek denies the allegations set forth in paragraph 10 of the Complaint.

11. Ametek admits that Roger Baines met with certain Ametek representatives on December 18, 2002, admits that the '462 and '843 patents were attached to the Complaint, asserts that those two patents are directed to the structures suggested by their titles, and denies the remaining allegations set forth in paragraph 11 of the Complaint.

12. Ametek denies the allegations set forth in paragraph 12 of the Complaint.

13. Ametek denies the allegations set forth in paragraph 13 of the Complaint.

14. Ametek repeats its answers as set forth in paragraphs 1-13, above.

15. Ametek denies the allegations set forth in paragraph 15 of the Complaint.

16. Ametek repeats its answers set forth in paragraphs 1-15, above.

17. Ametek denies the allegations set forth in paragraph 17 of the Complaint.

18. Ametek repeats the answers set forth in paragraph 1-17, above.

19. Ametek denies the allegations set forth in paragraph 19 of the Complaint.

20. Ametek repeats the answers set forth in paragraphs 1-19, above.

21. Ametek denies the allegations set forth in paragraph 21 of the Complaint.

22. Ametek repeats the answers set forth in paragraphs 1-21, above.

23. Ametek denies the allegations set forth in paragraph 23 of the Complaint.

24. Ametek repeats the answers set forth in paragraphs 1-23, above.

25. Ametek denies the allegations set forth in paragraph 25 of the Complaint.

26. Ametek repeats the answers as set forth in paragraph 1-25, above.

27. Ametek denies the allegations set forth in paragraph 27 of the Complaint.

28. Ametek repeats the answers set forth in paragraphs 1-27, above.

29. Ametek denies the allegations set forth in paragraph 29 of the Complaint.

30. Ametek repeats the answers set forth in paragraphs 1-29, above.

31. Ametek denies the allegations set forth in paragraph 31 of the Complaint.

## AFFIRMATIVE DEFENSES

As and for affirmative defenses, Ametek asserts:

1. Johnson's Complaint, by way of example only, fails to state a claim upon which relief can be granted by seeking an advisory opinion from the Court.

2. There is no basis in law or fact for a declaratory judgment action herein.

3. The Ametek patents referenced in the Complaint are valid, enforceable, and infringed by products of Johnson.

WHEREFORE, Ametek prays that the Complaint be dismissed with prejudice, that Johnson take nothing from this action, and that Ametek be awarded its costs and attorney fees herein, and for such other and further relief as this Court deems appropriate.

## COUNTERCLAIMS

Now comes Defendant, Ametek, Inc., and for its Counterclaims against Plaintiffs, Johnson Electric Industrial Manufactory, LTD., and Johnson Electric North America, Inc., advances the following:

1. This is an action for patent infringement under the laws of the United States, in particular, §§ 271 and 281 of Title 35 of the United States Code.

2. Jurisdiction is proper in this Court under § 1338 (a) of Title 28 of the United States Code (patent infringement) and § 1367(a) of Title 28 of the United States Code (supplemental).

3. Venue is proper in that Plaintiffs have conceded venue by bringing their action herein in this Court and under the following sections of Title 28 of the United States Code for the following reasons:

    1. § 1391(b)(2), a substantial part of the events giving rise to the claim have occurred within this district;

    2. § 1391(b)(3), Plaintiffs may be found in this district and/or;

    3. § 1400(b), Plaintiffs,

        (i) have committed acts of infringement in this district and

        (ii) are subject to personal jurisdiction in this jurisdiction.

4. Defendant Ametek, Inc., ("Ametek"), is a corporation organized under the laws of the State of Delaware and having a principal place of business at 627 Lake Street, Kent, Ohio, 44240.

5. Upon information and belief, Plaintiff Johnson Electric Industrial Manufactory, Ltd., ("JEI") is a foreign corporation with its principal place of business in Hong Kong, People's Republic of China. Plaintiff Johnson Electric North America, Inc., ("JENA") is a Connecticut corporation with its principal place of business in Shelton, Connecticut (collectively, Plaintiffs are referred to as "Johnson"). Upon information and belief, JEI is in the business of designing, marketing and manufacturing motors for sale

- 4 -

and distribution throughout the world. Upon information and belief, JENA is the sole distributor for JEI in the United States.

6. On or about March 31, 1998, U.S. patent No. 5,734,214 was duly and legally issued to Ametek for a "Molded Through-Flow Motor Assembly" ("the '214 patent"). Ametek remains the owner of the '214 patent. A copy of the '214 patent is attached as Exhibit A.

7. On or about December 26, 2000, U.S. Patent 6,166,462 for a "Bypass Motor/Fan Assembly Having Separate Working Air Passage" ("the '462 patent") was duly and legally issued to Ametek. Ametek continues to own the '462 patent. A copy of the '462 patent is attached as Exhibit B.

8. On or about October 30, 2001, U.S. Patent No. 6,309,180 for a "Molded Through-Flow Motor Assembly" ("the '180 patent") was duly and legally issued to Ametek. Ametek remains as the owner of the '180 patent. A copy of the '180 patent is attached as Exhibit C.

9. On or about August 27, 2002, U.S. Patent No. 6,439,843 for "Motor/Fan Assembly Having A Radial Diffuser Bypass" ("the '843 patent") was duly and legally issued to Ametek. Ametek remains as the owner of the '843 patent. A copy of the '843 patent is attached as Exhibit D.

10. Upon information and belief, JEI is in the business of designing, marketing and manufacturing motors for sale and distribution throughout the world, including the United States.

11. Upon information and belief, JENA is the sole distributor of JEI motors in the United States, imports the motors into the United States, and sells such motors in the United States.

12. On or about July 30, 2001, Ametek and JEI entered into a certain Patent License Agreement, a copy of which is attached as Exhibit E. By the terms of that License Agreement, JEI was to pay Ametek a royalty on certain motors made and/or sold under its '214 and '180 patents.

13. JEI has refused to pay royalties due and owing under the License Agreement of Exhibit E. Upon information and belief, the refusal of JEI to pay royalties and otherwise breach the Licence Agreement has been at the urging of JENA, with JENA's full knowledge of the License Agreement.

14. At least certain of the motors manufactured by JEI and imported to and sold in the United States by JENA infringe certain of the claims of the '462, '843, '180 and '214 patents. Particularly, and by way of example only, Johnson's new and current design of its through-flow motor infringes claims of the '241 and '180 patents, and one or more designs of Johnson's bypass motors infringe claims of the '843 and '462 patents.

15. Upon information and belief, JEI has induced JENA to import and distribute the infringing motors.

16. Upon information and belief, JEI and JENA have engaged in their wrongful activity with full knowledge of the existence of the aforementioned Ametek patents.

FIRST CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT 6,166,462

17. Ametek repeats the allegations set forth in paragraphs 1- 16, above.

18. By the acts complained of herein, JENA has infringed at least certain of the claims of the '462 patent, and such infringement has been willful.

SECOND CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT 6,439,843

19. Ametek repeats the allegations set forth in paragraphs 1- 18, above.

20. By the acts complained of herein, JENA has infringed at least certain of the claims of the '843 patent, and such infringement has been willful.

### THIRD CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT 6,309,180

21. Ametek repeats the allegations set forth in paragraphs 1- 20, above.

22. By the acts complained of above, JENA has infringed at least certain of the claims of the '180 patent, and such infringement has been willful.

### FOURTH CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT 5,734,214

23. Ametek repeats the allegations set forth in paragraphs 1- 22, above.

24. By the acts complained of herein, JENA has infringed at least certain of the claims of the '214 patent, and such infringement has been willful.

### FIFTH CAUSE OF ACTION – INDUCEMENT TO INFRINGE U.S. PATENT 6,166,462

25. Ametek repeats the allegations set forth in paragraphs 1- 24, above.

26. By the acts complained of above, JEI has induced JENA to infringe at least certain of the claims of the '462 patent, and such inducement has been willful.

### SIXTH CAUSE OF ACTION – INDUCEMENT TO INFRINGE U.S. PATENT 6,439,843

27. Ametek repeats the allegations set forth in paragraphs 1- 26, above.

28. By the acts complained of herein, JEI has induced JENA to infringe at least certain of the claims of the '843 patent, and such inducement has been willful.

## SEVENTH CAUSE OF ACTION – INDUCEMENT

## TO INFRINGE U.S. PATENT 6,309,180

29. Ametek repeats the allegations set forth in paragraphs 1- 28, above.

30. By the acts complained of above, JEI has induced JENA to infringe at least certain of the claims of the '180 patent, and such inducement has been willful.

## EIGHTH CAUSE OF ACTION – INDUCEMENT

## TO INFRINGE U.S. PATENT 5,734,214

31. Ametek repeats the allegations set forth in paragraphs 1- 30, above.

32. By the acts complained of above, JEI has induced JENA to infringe at least certain of the claims of the '214 patent, and such inducement has been willful.

## NINTH CAUSE OF ACTION – BREACH OF CONTRACT

33. Ametek repeats the allegations set forth in paragraphs 1- 32, above.

34. By the acts complained of above, JEI has materially breached the Patent License Agreement, to Ametek's injury.

## TENTH CAUSE OF ACTION – INDUCEMENT TO BREACH CONTRACT

35. Ametek repeats the allegations set forth in paragraphs 1- 34, above.

36. By the acts complained of above, JENA has induced JEI to breach the Patent License Agreement, to Ametek's injury.

Wherefore, Ametek requests judgment and relief against JEI and JENA, jointly and severally, as follows:

a.  Declarations that JEI and/or JENA have infringed claims of the '214, '180, '462 and/or '843 patents;

b.  A determination that the foregoing infringement has been willful;

c.  An injunction, preliminarily and permanently enjoining JEI or JENA or any entities in association with them and having knowledge of the injunction, from infringing any of Ametek's patent adjudicated herein;

d.  Awarding actual damages resulting from such infringement, but not less than a reasonable royalty;

e.  Awarding exemplary damages and attorneys' fees, this being an exceptional case;

f.  Awarding actual damages resulting from the breach of the Patent License Agreement and accompanying inducement to breach;

g.  Awarding exemplary damages and attorneys' fees for the inducement to breach; and

h.  Awarding such other and further relief as this Court may deem just and proper.

Ametek requests a jury trial in this matter.

Respectfully submitted,

Ben A. Solnit (CT00292)
Tyler, Cooper & Alcorn, LLP
205 Church Street
New Haven, CT 06510
Tel: 203-784-8205
Fax: 203-777-1181
solnit@tylercooper.com
Attorneys for Defendant

Of Counsel:

Ray L. Weber
Laura J. Gentilcore
Renner, Kenner, Greive, Bobak, et al
400 First National Tower
Akron, Ohio 44308
Tel: 330-376-1242
Fax: 330-376-9646

## CERTIFICATE OF SERVICE

A true copy of the foregoing ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS was served via first class mail, postage prepaid upon the following this 15th day of August, 2003.

Edmund J. Ferdinand, III
Grimes & Battersby, LLP
488 Main Ave., Third Floor
Norwalk, CT 06851

Stephen N. Weiss
Moses & Singer LLP
1301 Avenue of the Americas
New York, NY 10019

_____
Ben A. Solnit