# EXHIBIT L

to the Affidavit of Michael J. Pospis in Support of Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc.'s Motion for Summary Judgment of Non-Infringement of U.S. Patent Nos. 6,166,462 and 6,439,843 and for Invalidity of U.S. Patent No. 6,695,580

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Johnson Electric Industrial )
Manufactory, Ltd. et al. )
    )
    ) Civil Action No: 303CV0098AVC
        Plaintiffs )
v. )
    )
    )
Ametek, Inc. )
    )
    )
        Defendant )

**DEFENDANT'S RESPONSE TO PLAINTIFFS'
FOURTH SET OF INTERROGATORIES (No. 8)**

Now comes Defendant, Ametek, Inc., in response to the Interrogatory No. 8.

**Interrogatory No. 8**

With respect to each prior interrogatory response that a Johnson motor infringes any claim of any Ametek patent under the doctrine of equivalents, state with specificity:

A. Each limitation of each claim that is asserted to be infringed under the doctrine of equivalents;

B. Each component of each accused Johnson motor that corresponds to each said limitation; and

C. With respect to each limitation addressed in (A) above,

1. Identify in detail

    a) the precise function performed by said limitation, and

    b) the precise manner in which each component of each accused Johnson motor allegedly performs substantially the same function;

2. Identify in detail

    a) the precise way in which said limitation performs said function,

6-12 of the '180 patent, the flow chamber and air chambers function to collect and redirect air from a radial to an axial direction. Exactly the same operation occurs with the Johnson motor irrespective of any contortions given the curvilinear walls.

To the extent that claims 1, 4 and 5 might be argued as not being literally infringed, they infringe under the doctrine of equivalents, for the curvilinear walls of the accused products perform the same function in the same manner as stated in the recited portion of the specification of the '180 patent.

### U.S. Patent 6,166,462

Claims 1 and 4 of the '462 patent are asserted as infringed under the doctrine of equivalents, particularly with respect to the ramped surfaces as the function, way and result of these ramped surfaces is set forth in the patent at Col. 3, line 64 through Col. 4, line 21. In the accused Johnson motors, a single plurality of ramped surfaces of larger size have been provided, but they perform the same "outer-inner-outer" that facilitates the outward and tangential air flow to the staked apertures of the fan shell. The air flow is smooth, laminar, without build-up of pressure within the fan shell as set forth in the referenced portion of the '462 patent.

### U.S. Patent 5,734,214 and Corresponding Foreign Patents

Ametek asserts infringement of claims 1 and 3 of the '214 patent under the doctrine of equivalents. As presented in detail in answers to earlier interrogatories, the bases for the allegations of infringement of claim 1 of the '214 patent finds correspondence in the allegations of infringement of claims 4, 6, 12, 15 and 20 of the Hong Kong patent, claims 1 and 9 of the Mexican patent, and claim 1 of the German, Italian and Croatian patents. The contentions of

infringement of claim 3 of the '214 patent finds correspondence with the allegations of infringement regarding claims 3 and 13 of the Hong Kong patent, and claim 3 of the Mexican patent.

The function, way and result of the ramped surfaces of the third and fourth subparagraphs of claim 1 of the '214 patent (and corresponding foreign patent claims) is set forth with particularity at Col. 6, lines 2-14 of the '214 patent. As noted in response to earlier interrogatories, the ramped surfaces at the top of each air inlet aperture of the diffuser plate performs the same function, in the same way, to achieve the same result as the ramped surfaces on the flange and, in fact, are in the same air flow position, satisfying these recitations of the specification of the '214 patent.

With respect to claim 3 of the '214 patent (and corresponding foreign claims) the function, way and result of the field retainer is set forth at Col. 3, lines 39-45. The guide rib serves the function of guiding or registering the field itself within the housing. This structure and function clearly comports with the rib or post of the accused motor structure.

_____ 08/23/04
James P. Shawcross

County of Portage    )
                     )
State of Ohio        )

Sworn to and subscribed before me this 23rd day of August, 2004.

_____
Barbara Foys, Notary Public - State of Ohio
My commission expires August 5, 2009

SEAL

-4-

As to Objections:

*Bart Troyp for Ray L. Weber*
Ray L. Weber
Renner, Kenner, Greive, Bobak,
Taylor & Weber
Fourth Floor, First National Tower
Akron, Ohio 44308
(330) 376-1242
rlweber@rennerkenner.com

Attorney for Defendant
Ametek, Inc.

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFFS' FOURTH SET OF INTERROGATORIES (No. 8)** was served by facsimile and first class mail, postage prepaid upon the following on this __23rd__ day of August, 2004:

Edmund J. Ferdinand, III        Facsimile: (203) 849-9300
Grimes & Battersby, LLP
488 Main Ave., Third Floor
Norwalk, CT 06851

Stephen N. Weiss                Facsimile: (212) 554-7700
Gregory J. Fleesler
Moses & Singer, LLP
1301 Avenue of the Americas
New York, NY 10019

Ben A. Solnit, Esq.             Facsimile: (203) 777-1181
Tyler, Cooper and Alcorn, LLP
205 Church St.
New Haven, CR 06510

*Bart Troyp for Ray L. Weber*
Ray L. Weber