# EXHIBIT P

to the Affidavit of Michael J. Pospis in Support of Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc.'s Motion for Summary Judgment of Non-Infringement of U.S. Patent Nos. 6,166,462 and 6,439,843 and for Invalidity of U.S. Patent No. 6,695,580

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In the application of )
)
DAVID B. FINKENBINDER and ) Group Art Unit 2834
JEFFREY D. MARSDEN )
) K. Tamai, Examiner
Serial No. 09/072,035 )
) Certificate of Mailing
Filed May 4, 1998 )
) I hereby certify that this correspondence was deposited
For BYPASS MOTOR/FAN ) with the United States Postal Service as first class mail in
ASSEMBLY ) an envelope addressed to: Assistant Commissioner of
) Patents and Trademarks, Washington, D.C. 20231 on this
) 14TH day of May, 1999
)
) Dorothy L. Carper
)

RESPONSE                              RECEIVED
                                      MAY 21 1999
Assistant Commissioner for Patents
Washington, D.C. 20231                TECHNOLOGY CENTER 2800

Sir:

In response to the Official Action mailed November 17, 1998, the Applicants, through their undersigned attorney, respond as follows.

**In the specification:**

At page 1, line 1, please insert the following words after the word "ASSEMBLY" -- HAVING SEPARATE WORKING AIR PASSAGES --.

At page 4, line 13, please insert after the word "passages" the numeral -- 41 --.

At page 4, line 14, after numeral "32" please insert the following -- as best seen in Fig. 1. --.

At page 4, line 17, please delete the word "passageways" and substitute therefor -- the air flow passages 41 --.

At page 4, line 28, please delete the word "passageway" and substitute therefor -- air flow passages 41 --.

At page 4, line 32, please insert after the word "passages" the numeral -- 41 --.

- 2 -

In the claims:

Please amend claim 1 as follows.

1.  1. (Amended) A bypass motor/fan assembly, comprising:
2.  a motor;
3.  a shaft passing through and driven by said motor;
4.  a motor cooling fan connected to said shaft and in juxtaposition to said motor;
5.  a fan end bracket received over an end of said motor and <u>enclosing said</u> motor cooling
6.  fan, said fan end bracket having a first [set] <u>plurality</u> of ramped surfaces [thereon]
7.  <u>circumferentially spaced about the periphery thereof;</u>
8.  a diffuser received by said fan end bracket, said diffuser having a second [set]
9.  <u>plurality</u> of ramped surfaces <u>circumferentially spaced about the periphery thereof and</u>
10. mating with said first set of ramped surfaces, said first and second [sets] <u>pluralities of</u>
11. ramped surfaces <u>defining separate</u> air flow [paths of uniform cross section] <u>passages,</u>
12. <u>wherein said first and second pluralities of ramped surfaces are proximal to said working air</u>
13. <u>fan;</u>
14. a working <u>air</u> fan received upon said shaft, said working air fan having a
15. circumferential edge in <u>proximal</u> juxtaposition and communication with said <u>separate air</u>
16. flow [paths] <u>passages</u>; and
17. a fan shell received over said fan end bracket, diffuser and [air] working <u>air</u> fan, said
18. fan shell having apertures in registration with said <u>separate air</u> flow [paths] <u>passages</u>.

Please cancel claim 4 without prejudice or bias.

Please amend claim 5 as follows.

1. 5. (Amended) The bypass motor/fan assembly according to claim 4, wherein <u>both</u> said
2. ramped surfaces are smooth and uniformly transitional.

Please add claim 6 as follows.

1. 6. The bypass motor/fan assembly, according to claim 1, wherein enclosure of said
2. motor cooling fan by said fan end bracket allows for use of ambient air as motor cooling air
3. separate from working air generated by said working air fan.

- 3 -

## REMARKS

The Examiner has objected to the drawings under 37 C.F.R. §1.83(a) for allegedly not showing every feature of the invention specified in the claims. In particular, the Examiner asserts that the drawings do not show the first and second mating ramped surfaces on the fan end bracket and the diffuser, the ramped surfaces being smooth and uniformly transitional, and the apertures having the same dimensional configuration as the flow path cross section. It is submitted that the mating of the fan end bracket and the diffuser is shown in Fig. 1 and that each of their respective smooth and uniformly transitional ramped surfaces are shown in Figs. 2 and 3. The Applicant respectfully requests entry of several amendments to the specification to clearly set forth that the ramp surfaces 40 and 42 define air flow passages. A red-ink drawing showing the added numeral designation — 41 — is submitted with this Response and approval by the Examiner of this revision is respectfully requested. The Applicant has removed specific reference to "air flow paths of uniform cross-section" from the claims, although basis for their inclusion is clearly provided in the specification. With these amendments to the specification, drawings, and claims, withdrawal of the objection under 37 C.F.R. §1.83(a) is respectfully requested.

The Examiner has objected to the title as not being clearly indicative of the invention to which the claims are directed. The Applicants respectfully request entry of an amendment to the title so it now sets forth BYPASS MOTOR/FAN ASSEMBLY HAVING SEPARATE WORKING AIR PASSAGES. The title is now indicative of the claimed subject matter and entry of this amendment is respectfully requested. Should the Examiner deem the title to still not be descriptive of the invention, suggestions would be welcome.

The Examiner has objected to claims 1 and 5 under 35 U.S.C. §112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which the Applicants regard as the invention. The Applicants respectfully request amendment to claim 1 to set forth that a "working air fan" is received upon the shaft and that all subsequent references thereto now comport with this language. Claim 5 has been amended to set forth that both ramped surfaces are smooth and uniformly transitional. With these amendments, it is respectfully requested that the rejection under 35 U.S.C. §112 be withdrawn.

The Examiner has rejected claims 1-3 under 35 U.S.C. §103(a) as being unpatentable over the Japanese patent to Iwatake in combination with the patent to Oberdorfer-Bogel.

- 4 -

The Examiner alleges that Iwatake teaches an end bracket having ramped surfaces which mate with ramped surfaces 33 of the diffuser 23. The Examiner alleges that the ramped surfaces of the diffuser are equally spaced about the diffuser to create flow paths with uniform cross sections. The Applicants and their attorney have reviewed the drawings and Abstract of the Iwatake and submit that the ramped surface is a single surface that extends about the periphery of the diffuser and does not provide a *plurality* of ramp surfaces as claimed by the Applicants. The Examiner acknowledges that the Iwatake patent does not include a motor cooling fan positioned within the end bracket. To overcome this deficiency, the Examiner asserts that Oberdorfer-Bogel teaches a fan cooling motor inside the end bracket, and that it would have been obvious to a person skilled in the art at the time of the invention to construct the motor of Iwatake with the cooling fan of Oberdorfer-Bogel.

The Applicants and their attorney have reviewed the cited references, the present application, and the Examiner's comments and respectfully request entry of amendments to independent claim 1. Claim 1 now more particularly sets forth that the fan end bracket encloses the motor cooling fan and has a first plurality of ramped surfaces circumferentially spaced about the periphery thereof. Claim 1 further sets forth that the diffuser has a second plurality of circumferentially spaced ramped surfaces about the periphery thereof, wherein the first and second pluralities of ramped surfaces define separate air flow passages. Claim 1 further sets forth that a working air fan is received upon the shaft and has a circumferential edge in proximal juxtaposition and communication with the separate air flow passages.

It is submitted that the Iwatake reference does not show a working air fan which maintains the "working air" separate from "motor cooling air" as evidenced by air passage hole 25. Such a construction defeats the purpose of the bypass motor/fan assembly which is to maintain the working air separate from the cooling air. In distinction contrast, claim 1 sets forth that the fan end bracket encloses the motor and the motor cooling fan, thus keeping the working air separate from the cooling air. Still yet another distinction between the presently claimed invention and the cited references is that the ramped surfaces define separate air flow passages as opposed to the apparent teaching of Iwatake which has a single ramp surface about its periphery which allows the air flow to precede in any random direction until it exits the fan shell. Moreover, the alleged ramped surfaces of Iwatake are positioned distally away from the working air fan and, as such, allow for noise and inefficient air flow through the fan shell. By employing the ramped surfaces proximally

- 5 -

adjacent the working air fan, the working air flow of the claimed invention is immediately directed and expanded through the bracket/diffuser and outwardly from the fan shell. It is respectfully submitted that nothing in Iwatake teaches or suggests such a structure. Moreover, the openings in the shell of Iwatake do not appear to be in "registration" with the separate air flow passages. Accordingly, the structural differences of the presently claimed invention are not taught or suggested by the combination set forth by the Examiner. With it being the position of the Applicants that claim 1 is allowable, all claims depending therefrom are likewise deemed allowable.

The Applicants request entry of claim 6 which further sets forth the separation of the working air from the cooling air by the fan end bracket. None of the cited references provide this feature along with the other limitations of claim 1. Therefore, claim 6 is allowable on its own merit.

The Applicants duly note the other prior art made of record by the Examiner. None of the art described by the Examiner, taken either singly or in combination, teaches the bypass motor with separate air passages as disclosed and now claimed by the Applicants.

In view of the arguments and amendments submitted herewith, claims 1-3, 5, and 6 are believed to be patentable and entry of a formal Notice of Allowance as to those claims is earnestly solicited.

In the event a fee is required with the filing of this Response and the required fee is not enclosed or is deemed insufficient, the Assistant Commissioner of Patents and Trademarks is hereby authorized to withdraw the required funds from Deposit Account No. <u>18-0987</u>.

- 6 -

Should the Examiner deem a telephone call to be beneficial in resolving any remaining matters or to place the claims in better form for allowance, the same would be greatly appreciated.

Respectfully submitted,

Ray L. Weber, Reg. No. 26,519
Andrew B. Morton, Reg. No. 37,400
Renner, Kenner, Grieve, Bobak,
Taylor & Weber
1610 First National Tower
Akron, Ohio 44308-1456
Telephone: (330) 761-6670
(330) 376-1242

Attorney Docket No: 4570.47