# EXHIBIT Q

to the Affidavit of Michael J. Pospis in Support of Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc.'s Motion for Summary Judgment of Non-Infringement of U.S. Patent Nos. 6,166,462 and 6,439,843 and for Invalidity of U.S. Patent No. 6,695,580

| Office Action Summary | Application No. 09/072,035 | Applicant(s) Finkenbinder et al. |
|---|---|---|
| | Examiner Karl Tamai | Group Art Unit 2834 |

☒ Responsive to communication(s) filed on *May 18, 1999*

☒ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___3___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1-3 and 5-6* _____ is/are pending in the application.

Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) *1-3 and 5-6* _____ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☒ The drawing(s) filed on *May 4, 1998* is/are objected to by the Examiner.

☒ The proposed drawing correction, filed on *May 18, 1999* is ☒approved ☐disapproved.

☒ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

☐ received.

☐ received in Application No. (Series Code/Serial Number) _____.

☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

— SEE OFFICE ACTION ON THE FOLLOWING PAGES —

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-95)                       Office Action Summary                    Part of Paper No. 5

Serial Number: 09/072,035

Art Unit: 2834

Attorney Docket: 4570.47

2

## DETAILED ACTION

*Drawings*

1. The drawings are objected to under 37 CFR 1.83(a). The drawings must show every feature of the invention specified in the claims. Therefore, the first and second mating ramped surfaces on the end bracket and the diffuser(respectively), the ramped surfaces being smooth and uniformly transitional, and the apertures having the same dimensional configuration as the flow path cross section must be shown or the feature canceled from the claim. No new matter should be entered.

2. The proposed drawing correction and/or the proposed substitute sheets of drawings, filed on May 18, 1999 have been approved.

*Specification*

3. The new title "BYPASS MOTOR/FAN ASSEMBLY HAVING SEPARATE WORKING AIR PASSAGES" has been entered into the file wrapper.

4. The examiner notes, the amendments to the specification page 4 set forth in the amendment received May 18, 1999 have been made to the specification based on the actual line number, not the line number shown on the left side of the paper. The numbering shown on the left side of the paper being a number one greater than the actual line number, such that actual line number 13 is represented by the number 14 on the left side of the page.

Serial Number: 09/072,035

Art Unit: 2834

Attorney Docket: 4570.47

3

### Claim Rejections - 35 USC § 112

5. The following is a quotation of the first paragraph of 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same and shall set forth the best mode contemplated by the inventor of carrying out his invention.

6. Claims 1-3, 5, and 6 are rejected under 35 U.S.C. 112, first paragraph, as containing subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventors, at the time the application was filed, had possession of the claimed invention. The specification does not enable or provide a full, clear, concise, and exact written description of the first and second ramped surfaces being proximate to the working fan.

7. The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

8. Claims 1 and 5 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention. Claim 1 recites the limitation "said working air fan" on line 12. There is insufficient antecedent basis for this limitation in the claim. Claim 5 is vague and indefinite because it depends from a cancelled claim.

Serial Number: 09/072,035

Art Unit: 2834

4

Attorney Docket: 4570.47

In an attempt to further prosecution of the application on the merits, prior art has been applied to the claims as best understood by the examiner.

## Claim Rejections - 35 USC § 103

9. The text of those sections of Title 35, U.S. Code not included in this action can be found in a prior Office action.

10. Claims 1-3, 5, and 6 are rejected under 35 U.S.C. 103(a) as being unpatentable over Iwatake et al(Japanese Patent 164,199)('199) and Oberdorfer-Bogel. '199 teaches a motor with a fan 10 positioned adjacent the motor. '199 teaches an end bracket 4 received over and enclosing an axial end of the motor. The end bracket having a ramped surface mating with the diffuser. The diffuser having multiple guide blades extending from the periphery edge 31 of the diffuser to the fan housing 28. The blades form a plurality of chambers 33 between the diffuser blades 32, the fan cover 28, and the end bracket 4 to guide air from the fan 18 to the openings 30 in the fan cover. The figures show the blades having a ramped surface which mates with the ramped surface of the end bracket. The ramped surfaces being smooth and uniformly transitional. The multiple chambers formed by the multiple guide blades divide the ramped surface of the bracket into a plurality of ramped surfaces(one in each chamber) on the end bracket 4. The motor including a shell with apertures 30 covering a working fan 17. '199 teaches separate air flow paths, a first entering through opening 29 and exiting through opening 30 of the fan cover. The second air flow path entering through opening 11 and exiting through openings 30 and 12. '199 also teaches completely separate air flow paths in the prior art of figure 3, where the second air

Serial Number: 09/072,035

Art Unit: 2834

5

Attorney Docket: 4570.47

flow path only exits through opening 12. '199 teaches every aspect of the invention except, a motor cooling fan positioned juxtaposed with the motor and within the end bracket. Oberdorfer-Bogel teaches a fan cooling motor inside the end bracket. It would have been obvious to a person skilled in the art at the time of the invention to construct the motor of '199 with the cooling fan of Oberdorfer-Bogel to help cool the motor and because it has been held that merely rearranging parts involves only routine skill in the art. *In re Japikse*, 86 USPQ 70. In this case, rearranging the cooling fan would be obvious to assist in cooling the motor.

## Response to Arguments

11. Applicant's arguments filed May 18, 1999 have been fully considered but they are not persuasive. The Applicant's arguments regarding the drawings are not persuasive. Figure 1 shows the diffuser mating with the end bracket, but does not show the ramped surface on the bracket mating with ramped surface on the diffuser to form smooth and uniformly transitional ramped surfaces.

The Applicant arguement that the prior art does not show first and second ramped surfaces defining separate air flow passages is not persuasive. '199 teaches a plurality of blades 32 forming separate air chambers 33 linked to the exhaust ports 30, with Figure 2 showing the ramped surfaces of the blades extending axially to mate with the ramped surface on the bracket 4. The Applicant argues the prior art does not show a motor maintaining separate air passages for the working air and the cooling air. The argument is not persausive because the claims do not

Serial Number: 09/072,035

Art Unit: 2834

6

Attorney Docket: 4570.47

require, nor does the specification support the motor "maintaining" separate air flow passages. Furthermore, the '199 figure 3 teaches a motor maintaining separate air passages for the cooling air and the working air. The Applicant's position that "encloses" connotes a complete enclosure of the motor preventing combination of the air flow passages is not persuasive because the limitation is not recited in the claims, nor would the limitation be supported by the specification. The Applicant's argument that the separate air flow passages are not in registration with the openings in the fan cover is not persuasive because '199 teaches the air passages are linked to the exhaust ports 30.

## Conclusion

12.  Applicant's amendment necessitated the new grounds of rejection presented in this Office action. Accordingly, **THIS ACTION IS MADE FINAL**. See MPEP § 706.07(a). Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the date of this final action.

Serial Number: 09/072,035

Art Unit: 2834

7

Attorney Docket: 4570.47

13. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Karl I.E. Tamai whose telephone number is (703) 305-7066. The examiner can be normally contacted on Monday through Friday from 8:00 am to 5:00 pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Mr. Nestor Ramirez, can be reached at (703)308-1371. The facsimile number for the Group is (703)305-3432. Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the Group receptionist at (703) 308-1782.

KIT
July 26, 1999

NESTOR RAMIREZ
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 2800

| | Notice of References Cited | | Application No. 09/072,035 | Applicant Finkenbinder et al. | | |
|---|---|---|---|---|---|---|
| | | | Examiner Karl Tamai | Group Art Unit 2834 | | Page 1 of 1 |

### U.S. PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|
| A | | | | | |
| B | | | | | |
| C | | | | | |
| D | | | | | |
| E | | | | | |
| F | | | | | |
| G | | | | | |
| H | | | | | |
| I | | | | | |
| J | | | | | |
| K | | | | | |
| L | | | | | |
| M | | | | | |

### FOREIGN PATENT DOCUMENTS

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| N | | | | | | |
| O | | | | | | |
| P | | | | | | |
| Q | | | | | | |
| R | | | | | | |
| S | | | | | | |
| T | | | | | | |

### NON-PATENT DOCUMENTS

| | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|
| U | Translation of Japanese Patent 04-164,199. | |
| V | | 6/9/92 |
| W | | |
| X | | |

PTO-892 (Rev. 9-95)

Notice of References Cited

Part of Paper No. 5