# EXHIBIT T

to the Affidavit of Michael J. Pospis in Support of Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc.'s Motion for Summary Judgment of Non-Infringement of U.S. Patent Nos. 6,166,462 and 6,439,843 and for Invalidity of U.S. Patent No. 6,695,580

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In the application of )
)
DAVID B. FINKENBINDER ) Group Art Unit 2834
JEFFREY D. MARSDEN )
) K. Tamai, Examiner
Serial No. 09/072,035 )
) Certificate of Mailing
Filed May 4, 1998 )
) I hereby certify that this correspondence was deposited
) with the United States Postal Service as first class mail in
For    BYPASS MOTOR/FAN ) an envelope addressed to: Box FEE AMENDMENT,
ASSEMBLY HAVING ) Commissioner of Patents, Washington, D.C. 20231 on
SEPARATE WORKING AIR ) this 8TH day of May, 2000
PASSAGES )
) /s/ Dorothy L. Carper
) Dorothy L. Carper, Sec'y to Andrew B. Morton
)
)

RESPONSE

Commissioner for Patents

Washington, D.C. 20231

Sir:

In response to the Official Action mailed January 7, 2000, the Applicants, through their undersigned attorney, respond as follows.

**In the claims:**

Please amend claims 7 and 8 as follows.

1  7.  (Amended) A bypass motor/fan assembly comprising:
2       a motor;
3       a shaft passing through and driven by said motor;
4       a diffuser/fan end bracket assembly having a central aperture therethrough for
5  rotatably receiving said shaft, said diffuser/fan end bracket assembly received over
6  an end of said motor;
7       a working air fan received upon said shaft; and

/2

8   a fan shell having a cylindrical sidewall received over said diffuser/fan end
9   bracket assembly and said working air fan, said fan shell having an inlet aperture, said
10  sidewall having uniformly spaced staked apertures, said working fan drawing air
11  through said inlet aperture and exhausting it tangentially outwardly through said
12  diffuser/fan end bracket assembly and said staked apertures;
13  said diffuser/fan end bracket assembly having a plurality of uniformly
14  circumferentially spaced ramped surfaces which form a like plurality of separate air
15  flow passages tangentially and outwardly directed, wherein said separate air flow
16  passages are in registration with corresponding said staked apertures such that air flow
17  through said separate air flow passages is smooth, laminar and without buildup of
18  pressure within said fan shell, <u>wherein said diffuser/fan end bracket includes:</u>
19  <u>a diffuser with a first plurality of ramped surfaces, each said first ramped</u>
20  <u>surface having a first ramp wall which extends from an outer periphery of said</u>
21  <u>diffuser to an inner periphery in circumferential alignment with an outer</u>
22  <u>periphery of said working air fan; and</u>
23  <u>a fan end bracket with a second plurality of ramped surfaces that</u>
24  <u>correspondingly engage with said first plurality of ramped surfaces, each said</u>
25  <u>second ramped surface having a second ramp wall aligned with said first ramp</u>
26  <u>wall, each said second ramp wall extending from the inner periphery in</u>
27  <u>circumferential alignment with the outer periphery of said working air fan to an</u>
28  <u>outer periphery of said diffuser.</u>

1   8.  (Amended) The bypass motor/fan assembly according to claim 7, wherein <u>an</u>
2   <u>innermost periphery of</u> said ramped surfaces are in circumferential alignment with an
3   outer periphery of said working air fan.

Please cancel claim 10 without prejudice or bias.

In claim 11, line 1, please delete the numeral "10" and substitute therefor -- 7 --.

Please cancel claim 12 without prejudice or bias.

13

- 3 -

## REMARKS

The Applicants expressly acknowledge the indication by the Examiner that the Request For A Continued Prosecution Application has been accepted and that the proposed drawing correction has been approved. Since no objection is raised to the content of the Preliminary Amendment, it is presumed that all amendments to the specification and claims have been entered into the application.

The Examiner has rejected claims 7-12 under 35 U.S.C. §112, first paragraph, as containing subject matter which was not allegedly described in the specification in such a way as to reasonably convey to one skilled in the art that the inventors, at the time the application was filed, had possession of the claimed invention. In particular, the Examiner asserts that the specification does not enable or contain a full, clear, concise, and exact written description of a diffuser/end bracket assembly with a plurality of circumferentially spaced ramped surfaces which form separate airflow passages tangentially and outwardly directed.

The attention of the Examiner is directed to the Preliminary Amendment and the entry to page 6, line 3 of the specification. This amendment discusses the features of Fig. 6, entry of which has been approved. Based upon the Preliminary Amendment, it is respectfully requested that the Examiner carefully reconsider this aspect of the rejection. As the Examiner can see, the specification clearly sets forth a full, clear, concise, and exact written description of the diffuser/end bracket assembly shown in Fig. 6. Therefore, it is respectfully requested that this aspect of the rejection be withdrawn.

The Examiner has also entered a rejection under 35 U.S.C. §112, first and second paragraphs, by asserting that the specification does not enable or contain a full, clear, concise, exact written description for what constitutes a "staked aperture." To support this assertion, the Examiner asserts that the questioned term is used in a way repugnant to the usual meaning of that term. To support this assertion, the Examiner has used the noun definition for "stake" which is a sharpened piece of wood or metal for driving into the ground.

As clearly used throughout the specification, the word "staked" is used as a verb. Accordingly, Webster's Third New International Dictionary 2220 (16th Ed. 1971) defines the word "staked" as: *to impale on or transfix with a stake*. In other words, the apertures are formed as a result of a staking operation. In the present application, the staking

operation forms the apertures 52 so as to be in registration with a corresponding ramp of the diffuser/end bracket assembly. Clearly, the term "staked" is not repugnant to the usual meaning of that term and is quite easily understood by one skilled in the art. Therefore, it is respectfully requested that both rejections under 35 U.S.C. §112, first paragraph and second paragraph, directed to the use of the term "staked aperture" be withdrawn.

Turning now to the substantive rejection, the Examiner has rejected claims 7-12 under 35 U.S.C. §103(a) as being unpatentable over Iwatake et al. '699, Cole et al., U.S. Patent No. 2,888,192, and Iwatake et al. '399.

Upon consideration of the references cited by the Examiner, the Applicants respectfully request entry of an amendment to claim 7 which incorporates the limitations of dependent claim 10. Claim 7 now sets forth that the diffuser/fan end bracket assembly includes a diffuser with a first plurality of ramp surfaces, each of the first ramped surfaces having a first ramp wall which extends from an outer periphery of the diffuser to an inner periphery which is in circumferential alignment with an outer periphery of the working air fan. The claim continues by setting forth that the diffuser/fan end bracket assembly includes a fan end bracket with a second plurality of ramped surfaces that correspondingly engage with the first plurality of ramped surfaces and that each of the second ramped surfaces has a second ramp wall aligned with the first ramp wall, wherein the second ramp wall extends from the inner periphery in circumferential alignment with the outer periphery of the working air fan to an outer periphery of the diffuser.

The Examiner asserts that the '699 patent teaches an end bracket 12 with a single ramp 14 surface which is divided into a plurality of uniformly, circumferentially-spaced ramp surfaces by the slanted surfaces 28 of the diffuser which extend from the outer periphery to the inner periphery of the diffuser. A close review of Fig. 3 of the '699 reference shows that the diffuser 18 has a ramp wall that starts from an inner periphery and then extends to an outer periphery. In distinct contrast, claim 7 sets forth that the diffuser has a ramp wall that starts from an outer periphery, extends to an inner periphery and then extends back to an outer periphery. It is submitted that there is no teaching, suggestion, or motivation to provide the start of this ramp surface from an outer periphery or extend the ramp wall in the manner claimed. It is submitted that none of the references cited appreciate the structural feature of a gradually expanding air passage which utilizes a ramp wall that starts from an outer periphery, extends toward an inner periphery and then back

- 5 -

out toward an outer periphery and through an aperture. It is submitted that this feature facilitates air flow through the flow passages in a smooth, laminar, and efficient manner without buildup of pressure within the fan shell. Therefore, it is respectfully submitted that claim 7 is allowable over the references made of record and that all claims depending therefrom are likewise allowable.

In regard to claim 8, the Applicants respectfully request entry of an amendment which sets forth that an innermost periphery of the ramped surfaces are in circumferential alignment with an outer periphery of the working air fan. Basis for this amendment can be found at least in Fig. 2 of the drawings, and at page 2, lines 13-16, of the specification. Fig. 1 of the '699 reference shows that the outer edge of the fan extends significantly past the inner periphery of where the ramps of the diffuser begin. It is submitted that such a construction creates turbulence within the fan shell and does not promote the smooth laminar air flow through the fan shell. Accordingly, there is no teaching or suggestion to provide this alignment feature along with the other features of the independent claim. Therefore, it is respectfully submitted that claim 8 is allowable on its own merit.

The Applicants expressly acknowledge the other prior art made of record by the Examiner. The Applicants respectfully submit that none of the cited references, taken either singly or in combination, teaches or suggests the presently claimed invention.

Based upon the foregoing amendments and remarks submitted herewith, claims 7-9 and 11 are believed to be patentable and entry of a formal Notice of Allowance as to those claims is earnestly solicited.

In the event a fee is required with the filing of this Response and the required fee is not enclosed or is deemed insufficient, the Assistant Commissioner of Patents and Trademarks is hereby authorized to withdraw the required funds from Deposit Account No. 18-0987.

- 6 -

Should the Examiner deem a telephone call to be beneficial in resolving any remaining matters or to place the claims in better form for allowance, the same would be greatly appreciated.

Respectfully submitted,

Ray L. Weber, Reg. No. 26,519
Andrew B. Morton, Reg. No. 37,400
Renner, Kenner, Grieve, Bobak,
Taylor & Weber
1610 First National Tower
Akron, Ohio 44308-1456
Telephone: (330) 761-6670
(330) 376-1242

Attorney Docket No: ALE.P0039