UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------x
                                                       :
JOHNSON ELECTRIC INDUSTRIAL                            :
MANUFACTORY, LTD. and JOHNSON                          :
ELECTRIC NORTH AMERICA, INC.,                          :   CASE NO. 03CV0098AVC
                                                       :
                    Plaintiffs,                        :
                                                       :
       -against-                                       :
                                                       :
AMETEK, INC.,                                          :
                                                       :
                    Defendant.                         :
                                                       :
-------------------------------------------------------x


**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHNSON ELECTRIC INDUSTRIAL MANUFACTORY, LTD. AND JOHNSON ELECTRIC NORTH AMERICA, INC.'S MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO AMETEK'S THROUGH-FLOW CAUSES OF ACTION, AND REQUEST FOR ATTORNEY FEES PURSUANT TO 35 U.S.C. § 285 AND 28 U.S.C. § 1927**

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ..................................................................................2
    A. E-mail Dated March 10, 2006 From Ametek's Attorney Ray Weber, To Johnson's Attorney Stephen N. Weiss ..................................................2
    B. Ametek's Litigation Conduct With Respect to the Through-Flow Causes of Action ..................................................................................2

II. STATEMENT OF FACTS .............................................................................................3
    A. The Parties and the 2001 Johnson/Ametek License Agreement ................3
    B. The Instant Lawsuit ................................................................................4

III. ARGUMENT ..................................................................................................................6
    A. Legal Standards ......................................................................................6
        1. 35 U.S.C. § 285 ..........................................................................6
        2. 28 U.S.C. § 1927 ..........................................................................7
    B. Ametek's and its Attorneys' Advancement of Factually and Legally Baseless Claims of Infringement of U.S. and Foreign Patents Warrants an Award of Costs and Attorney Fees Under Section 285 and/or Section 1927 ..........................................................................................7
        a. The '180 Patent ..........................................................................8
        b. The '214 Patent ..........................................................................9
        c. Mexican Patent No. 199343 ..........................................................9
        d. Chinese Patent No. 96123350.8 and its Hong Kong Registration ..........................................................................10
        e. The German, Italian, and Croatian Patents ..........................11
        f. Ametek's Conduct Just Prior to Ametek's Counsel's E-Mail Terminating Ametek's Through-Flow Causes of Action ..........................................................................................11

IV. CONCLUSION ..............................................................................................................12

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page

*Bayer Aktiengesellschaft v. Duphar Intern. Research B.V.*,
    738 F.2d 1237 (Fed. Cir. 1984) .................................................................................. 6

*Beckman Instruments, Inc. v. LKB Produkter AB*,
    892 F.2d 1547 (Fed. Cir. 1989) .................................................................................. 7

*Cresswell v. Sullivan & Cromwell*,
    922 F.2d 60 (2d Cir. 1990) ......................................................................................... 7

*Eltech Systems Corp. v. PPG Industries, Inc.*,
    903 F.2d 805 (Fed. Cir. 1990) .................................................................................... 7

*Encomp, Inc. v. L-com, Inc.*,
    999 F. Supp. 264 (D. Conn. 1998) ............................................................................. 6

*Mathis v. Spears*,
    857 F.2d 749 (Fed. Cir. 1988) .................................................................................... 6

*Multi-Tech, Inc. v. Components, Inc.*,
    708 F. Supp. 615 (D. Del. 1989) ................................................................................ 9

*Phonometrics, Inc. v. Westin Hotel Co.*,
    350 F.3d 1242 (Fed. Cir. 2003) .................................................................................. 8

*Superior Fireplace Co. v. Majestic Products Co.*,
    270 F.3d 1358 (Fed. Cir. 2001) .................................................................................. 6

## FEDERAL STATUTES

28 U.S.C. § 1927 ........................................................................................................... 1, 3, 7

35 U.S.C. § 285 ............................................................................................................. 1, 3, 6

Pursuant to this Court's Order dated November 14, 2005, declaratory judgment Plaintiffs Johnson Electric Industrial Manufactory, Ltd. ("JEI") and Johnson Electric North America, Inc. ("JENA") (collectively, "Johnson"), by and through their undersigned counsel, move this Court for (1) entry of summary judgment of non-infringement of Ametek, Inc.'s ("Ametek") through-flow patents and summary judgment dismissing Ametek's causes of action against Johnson for alleged breach of a through-flow motor patent license agreement, in light of Ametek's withdrawal of its through-flow motor infringement causes of action; (2) summary judgment finding this to be an exceptional case under 35 U.S.C. § 285, entitling Johnson to reimbursement from Ametek of its reasonable attorney fees; and (3) summary judgment pursuant to 28 U.S.C. § 1927 awarding Johnson attorney fees and costs on the grounds that Ametek's counsel multiplied the proceedings in the instant litigation unreasonably and vexatiously.

This Motion is supported by the instant Memorandum of Points and Authorities; Johnson's Local Rule 56(a)1 Statement filed contemporaneously herewith; the supporting Affidavit of Stephen N. Weiss ("Weiss Aff."); and the exhibits attached thereto.

I.  **PRELIMINARY STATEMENT**

    A.  **E-mail Dated March 10, 2006 From Ametek's Attorney Ray Weber, To Johnson's Attorney Stephen N. Weiss**

Dear Steve:

Ametek will withdraw its causes of action regarding the through-flow motors.

Sincerely,
Ray[1]

Thus ends a protracted three-year patent litigation, *not with a bang, but a whimper.*[2]

    B.  **Ametek's Litigation Conduct With Respect to the Through-Flow Causes of Action**

At the commencement of this litigation three years ago, Ametek accused Johnson of infringing eight international patents, from seven different countries, involving seventy-three patent claims. Without having any basis in fact or law, Ametek compelled Johnson to mount an international defense. That defense required Johnson's counsel, among other things, to travel around the world to interview and retain foreign law experts and to conduct international prior art searches. Ametek compelled Johnson to obtain discovery documents from various Johnson international locations in response to Ametek's numerous document requests. Ametek forced Johnson to depose Ametek witnesses at their offices in Ohio. Then, after discovery closed and Johnson served expert reports from each of Johnson's retained foreign law experts, U.S. patent procedure experts, and technical experts, addressing infringement and validity of seventy-three international patent claims, Ametek – without having taking any depositions of its own,

---

[1] A printout of Mr. Weber's e-mail is attached to the Weiss Aff. as Exhibit 1.

[2] *The Hollow Men*, T.S. Elliot.

without having made any use of the voluminous documents served by Johnson in response to Ametek demands, and without serving any expert reports nor designating any expert witness of its own – writes Johnson's attorneys to state that Ametek is walking away, leaving Johnson to hold the seven-figure legal fee bag.

This is the precisely the type of conduct that 35 U.S.C. § 285 and 28 U.S.C. § 1927 were enacted to remedy.

## II.    STATEMENT OF FACTS

On November 14, 2005, this Court authorized counsel for the respective parties to file two independent dispositive motions, on or before April 30, 2006: one directed to all causes of action relating to Johnson's through-flow motors (the instant motion); and the other directed to all causes of action relating to Johnson's bypass motors.[3]

### A.    The Parties and the 2001 Johnson/Ametek License Agreement

Johnson and Ametek are the only significant players in the worldwide market for vacuum cleaner motors.[4]

On July 30, 2001, the parties entered into a patent license agreement concerning through-flow motors (the "Johnson/Ametek License Agreement").[5] The Johnson/Ametek License Agreement granted Johnson, in exchange for royalty payments on "Licensed Products" sold by Johnson, a "worldwide, nonexclusive license under the claims of Licensor Patent Rights to make, have made, use, and sell Licensed Products." (Johnson/Ametek License Agreement (Weiss Aff. Exh. 3), at ¶ 2(a), p. 2.)

---

[3] Johnson's motion addressing the bypass causes of action is being served and filed simultaneously herewith.

[4] *See,* this Court's July 22, 2003 Order (a copy of which is attached to the Weiss Aff. as Exhibit 2), at p. 2.

[5] A copy of the Johnson/Ametek License Agreement is attached to the Weiss Aff. as Exhibit 3.

3

The Johnson/Ametek License Agreement defined "Licensed Products" as electric motors "covered by" one or more of the claims of "Licensor Patent Rights." (*Id.*, at ¶ 1(a), p. 1.) As defined in the Johnson/Ametek License Agreement, "Licensor Patent Rights" encompass (1) U.S. Patent No. 5,734,214 (the "'214 patent"); (2) U.S. Patent No. 6,309,180 (the "'180 patent); and (3) foreign patents claiming priority from the '214 patent. (*Id.*, at ¶¶ 1(b)(1)-(3), pp. 1-2.)

### B.   The Instant Lawsuit

After executing the Johnson/Ametek License Agreement, Johnson embarked upon a redesign effort to avoid the Ametek patents and eliminate on-going worldwide royalty payments. The redesigned motor, the subject of the instant litigation (the "new Johnson TF Motor"), was ready for distribution shortly before this case was filed. (July 22, 2003 Order (Weiss Aff. Exh. 2), at pp. 2-3.) When Johnson advised Ametek of the new Johnson TF Motor, ready to replace the motor covered by the Johnson/Ametek License Agreement, Ametek accused the new Johnson TF Motor of being an infringement. Thus the birth of the through-flow causes of action just now "withdrawn" by the aforementioned March 10, 2006 email from Ametek's attorney set forth *supra*, at p. 1.

The withdrawn through-flow causes of action were asserted in Ametek's original Answer, Affirmative Defenses and Counterclaims dated August 15, 2003, and were repeated and maintained in Ametek's First Amended Counterclaims dated September 14, 2004[6] and in Ametek's numerous interrogatory responses and supplemental responses from October 2003 through January 2006.[7]

---

[6] Ametek's Answer, Affirmative Defenses and Counterclaims dated August 15, 2003 ("Ametek Counterclaims") are attached, without exhibits, to the Weiss Aff. as Exhibit 4; Johnson's Reply thereto dated August 20, 2003 is attached to the Weiss Aff. as Exhibit 5; Ametek's First Amended Counterclaims dated September 14, 2004 ("Ametek Amended Counterclaims") are

4

Ametek alleged that: (1) JENA willfully infringed the '180 and '214 patents; (2) JEI "willfully" induced JENA to infringe the '180 and '214 patents; (3) JEI materially breached the Johnson/Ametek License Agreement; and (4) JENA induced JEI to breach the Johnson/Ametek License Agreement. (Ametek Counterclaims (Weiss Aff. Exh. 4), at pp. 7-8, ¶¶ 22, 24, 30, 32, 34, 36; Ametek Amended Counterclaims (Weiss Aff. Exh. 6), at pp. 5-7, ¶¶ 23, 25, 33, 35, 39, 41.)

Ametek's counterclaims sought: (1) damages for alleged breach of the Johnson/Ametek License Agreement; (2) damages for alleged patent infringement; (3) exemplary damages and attorneys fees; and (4) injunctive relief. (Ametek Counterclaims (Weiss Aff. Exh. 4), at p. 9; Ametek Amended Counterclaims (Weiss Aff. Exh. 6), at p. 7.)

Pursuant to this Court's Order dated July 26, 2005, on or about November 1, 2005, Johnson served five expert reports necessitated by Ametek's allegations regarding the '180, '214, Mexican, German, Italian, Croatian, Chinese, and Hong Kong patents. In particular, Johnson submitted expert reports of: Professor John R. Thomas, of the Georgetown University Law Center (the "Thomas Report"); Professor Joseph Straus, of the Max Planck Institute for International Law in Munich, Germany (the "Straus Report"); Solicitor Douglas Clark, of the international law firm Lovells in Shanghai,

---

attached, without exhibits, to the Weiss Aff. as Exhibit 6; and Johnson's Reply thereto dated September 30, 2004 is attached to the Weiss Aff. as Exhibit 7.

[7] Plaintiff's First Set of Interrogatories (Nos. 1-4) dated September 15, 2003 is attached to the Weiss Aff. as Exhibit 8; Defendant's Answers thereto dated October 22, 2003 are attached to the Weiss Aff. as Exhibit 9; Plaintiff's Fourth Set of Interrogatories (No. 8) dated June 16, 2004 is attached to the Weiss Aff. as Exhibit 10; Defendant's Response thereto dated August 23, 2004 is attached to the Weiss Aff. as Exhibit 11; Plaintiff's Fifth Set of Interrogatories (Nos. 9-10) dated December 13, 2005 is attached to the Weiss Aff. as Exhibit 12; and Defendant's Responses thereto dated January 17, 2006 are attached to the Weiss Aff. as Exhibit 13.

China (the "Clark Report"); attorney Arturo Reyes, of the firm Goodrich, Riquelme y Associados, A.C., in Mexico City, Mexico (the "Reyes Report"); and engineer Roger Baines, formerly of JENA (the "Baines Report").[8]

### III.   ARGUMENT

#### A.   Legal Standards

##### 1.   35 U.S.C. § 285

Section 285 of Title 35 of the United States Code ("Section 285") provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." (35 U.S.C. § 285 (2006).) Where an accused infringer is the prevailing party, "exceptional circumstances include ... misconduct during litigation, vexatious or unjustified litigation, or a frivolous suit." (*Bayer Aktiengesellschaft v. Duphar Intern. Research B.V.*, 738 F.2d 1237, 1242 (Fed. Cir. 1984); *see also, Superior Fireplace Co. v. Majestic Products Co.*, 270 F.3d 1358, 1377 (Fed. Cir. 2001) (noting that "unjustified or bad faith litigation and frivolous lawsuits[] are ... grounds for finding a case exceptional"); *Mathis v. Spears*, 857 F.2d 749, 753-54 (Fed. Cir. 1988) (finding a case exceptional and awarding attorney fees, where the plaintiff "severely injured [the defendant] by "forc[ing] it to defend, at monstrous expense, ... a totally unwarranted suit").)

"A frivolous suit is one in which the patentee knew or, on reasonable investigation, should have known, was baseless." (*Encomp, Inc. v. L-com, Inc.*, 999 F.

---

[8] Copies of the Thomas, Straus, Clark, Reyes, and Baines Reports are respectively attached to the Weiss Aff. as Exhibits 14, 15, 16, 17, and 18. The Thomas and Baines Reports address, in addition to Ametek's through-flow causes of action, Ametek's causes of action concerning Johnson's bypass motors; sections of the Thomas and Baines Reports concerning that topic have been redacted.

6

Supp. 264, 266, 269-70 (D. Conn. 1998) (finding that defendant was entitled to attorney fees following a voluntary dismissal by plaintiff, where the frivolity of the suit was evidenced by the plaintiff's "fail[ure] to assess defenses that would essentially have precluded its claims"); *see also, Eltech Systems Corp. v. PPG Industries, Inc.*, 903 F.2d 805, 811 (Fed. Cir. 1990) (awarding attorney fees to defendant, where the patentee was "manifestly unreasonable in assessing infringement, while continuing to assert infringement in court").) A party seeking attorney fees must demonstrate that the case is exceptional by clear and convincing evidence. (*Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989).)

### 2. 28 U.S.C. § 1927

Section 1927 of Title 28 of the United States Code ("Section 1927") provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States ... who so multiplies the proceedings in an any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." (28 U.S.C. § 1927 (2006).) Thus, Section 1927 empowers federal courts to punish an attorney who conducts frivolous litigation. (*Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 69 (2d Cir. 1990).)

### B. Ametek's and its Attorneys' Advancement of Factually and Legally Baseless Claims of Infringement of U.S. and Foreign Patents Warrants an Award of Costs and Attorney Fees Under Section 285 and/or Section 1927

In the instant case, Ametek's conduct speaks for itself and the evidence is overwhelming.

Ametek initiated and continued the through-flow causes of action, notwithstanding its full awareness that the new Johnson TF Motor does not infringe any

7

valid claim of the '214 patent, the '180 patent, or any foreign patent claiming priority from the '214 patent. Ametek further exacerbated the situation by putting in issue seventy-three patent claims, spanning a total of eight patents, coming out of seven separate countries, while fully aware that its infringement allegations were without merit. These actions justify an award to Johnson of its reasonable attorney fees under Sections 285 and 1927. (*See, e.g., Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242, 1246-50 (Fed. Cir. 2003) (awarding fees and costs under Sections 285 and 1927, where the patentee persisted in asserting an untenable theory of infringement).)

Ametek's infringement contentions were first set forth in its Answers to Plaintiff's First Set of Interrogatories. (*See,* Weiss Aff. Exh. 9.) These contentions were amplified by subsequent interrogatory responses (*see, supra,* at fn. 7) and deposition testimony.[9] Until Mr. Weber's March 10, 2006 e-mail cited *supra*, at p. 1, all of the seventy-three asserted patent claims remained in issue.

### a. The '180 Patent

Ametek alleged that the new Johnson TF Motor infringed claims 1-5 of the '180 patent either literally or under the doctrine of equivalents. (Defendant's October 22, 2003 Answers to Plaintiff's First Set of Interrogatories (Weiss Aff. Exh. 9), at pp. 2-3.) In support of this contention, Mr. Weber took a position that was totally contrary to the position he took during the prosecution of the '180 patent. (*See,* the Thomas Report (Weiss Aff. Exh. 14), at p. 9; the Baines Report (Weiss Aff. Exh. 18), at pp. 4, 8.) These starkly divergent positions (as discussed in the aforementioned expert reports) clearly

---

[9] *See, e.g.,* the transcript of the January 24, 2005 deposition of Michael Gilliland (a copy of which is attached, without exhibits, to the Weiss Aff. as Exhibit 19), at pp. 38:7-17, 75:13 – 76:16, 109:14 – 110:10; and the transcript of the December 6, 2004 deposition of James P. Shawcross ("Shawcross Dep.") (a copy of which is attached, without exhibits, to the Weiss Aff. as Exhibit 20), at pp. 4:10-103:16.

8

evidence that the patentee either intentionally misled the patent examiner during the prosecution of the application for the '180 patent, or that Ametek asserted its now-withdrawn infringement contentions in bad faith. Ametek's continued assertion of its baseless infringement contentions over the course of three years, only to withdraw those contentions at the close of all discovery, renders this an exceptional case. (*See, e.g., Multi-Tech, Inc. v. Components, Inc.*, 708 F. Supp. 615, 622-23 (D. Del. 1989) (finding the case exceptional and awarding attorney fees, where the plaintiff advanced a litigation position "incongruous" with its arguments during the prosecution of the patent-in-suit, and noting in particular "the familiarity which the plaintiff's patent attorney should have had with the prosecution history").)

### b.     The '214 Patent

Ametek has alleged that the new Johnson TF Motor infringed claims 1-8 of the '214 patent under the doctrine of equivalents. (Ametek's October 22, 2003 Answers to Plaintiff's First Set of Interrogatories (Nos. 1-4) (Weiss Aff. Exh. 9), at pp. 4-5.) The attorney representing Ametek in this litigation is the same attorney that prosecuted the '214 patent. He knew, or should have known, that the '214 prosecution history alone deprived the patentee of any doctrine of equivalents argument. (*See,* the Thomas Report (Weiss Aff. Exh. 14), at pp. 3-7; the Baines Report (Weiss Aff. Exh. 18), at pp. 6-7.) Since he pursued a baseless equivalents argument throughout the three years of litigation, only to withdraw that argument following the close of all discovery, this is an exceptional case. (*See, Multi-Tech,* 708 F. Supp. at 622-23.)

### c.     Mexican Patent No. 199343

Ametek has alleged that the new Johnson TF Motor infringed claims 1-9 and 11-12 of the Mexican patent under the doctrine of equivalents. (Ametek's October 22, 2003

9

Answers to Plaintiff's First Set of Interrogatories (Nos. 1-4) (Weiss Aff. Exh. 9), at pp. 11-14.) Under the law governing patent infringement in Mexico, "literal infringement is recognized only; no infringement under the doctrine of equivalence is provided." (*See*, page MX:6 of the 2002 Supplement to International Patent Litigation, a County-by-Country Analysis (a copy of which is attached to the Weiss Aff. as Exh. 21); *see also*, the Reyes Report (Weiss Aff. Exh. 17), *passim*.) Ametek or its counsel presumably researched Mexican law before signing contention interrogatory responses based upon Mexican law, and therefore knew that Mexican patent law does not recognize a doctrine of equivalents.[10] Nevertheless, Ametek waited until the close of all discovery before withdrawing these frivolous contentions. This is an exceptional case.

### d. Chinese Patent No. 96123350.8 and its Hong Kong Registration

Ametek has alleged that the new Johnson TF Motor literally infringed claims 1, 2, and 5, and equivalently infringed claims 3, 4, and 6-20, of Chinese Patent No. 96123350.8 and its Hong Kong Registration. (Ametek's October 22, 2003 Answers to Plaintiff's First Set of Interrogatories (Nos. 1-4) (Weiss Aff. Exh. 9), at pp. 6-11.) These assertions were clearly made in bad faith. (*See*, fn. 10.) The claims of the Chinese and Hong Kong patents are invalid, and Ametek knew this. (*See*, the Thomas Report (Weiss Aff. Exh. 14), at pp. 7-8; the Clark Report (Weiss Aff. Exh. 16), *passim*.) The fact that Ametek pursued these baseless infringement contentions, only to withdraw them at the close of all discovery, renders this an exceptional case.

---

[10] Ametek's infringement contentions were signed by James P. Shawcross, who is not aware of the relevant foreign patent laws. (*See*, the Shawcross Dep. (Weiss Aff. Exh. 20), at pp. 8:1-2; 10:6-24; 96:11-16; 97-1-11.)

### e.     The German, Italian, and Croatian Patents

Ametek has alleged that the new Johnson TF Motor infringes claims 1, 2 and 3 of the German, Italian, and Croatian patents under the doctrine of equivalents. (Defendant's October 22, 2003 Answers to Plaintiff's First Set of Interrogatories (Weiss Aff. Exh. 9), at pp. 14-16.) Presumably, before deciding to assert these patents, Ametek personnel and/or counsel researched relevant German, Italian and Croatian patent law. Had someone done so on Ametek's behalf, these claims never would have been asserted. (*See,* the Thomas Report (Weiss Aff. Exh. 14), at pp. 7-8; the Straus Report (Weiss Aff. Exh. 15), at pp. 3-7.) Ametek's continued advancement of these baseless claims, only to withdraw them at the close of all discovery, renders this an exceptional case.

### f.    Ametek's Conduct Just Prior to Ametek's Counsel's E-Mail Terminating Ametek's Through-Flow Causes of Action

On November 15, 2005 (the same day that Johnson served reports of its five retained experts), Ray Weber (counsel for Ametek) informed Stephen Weiss (counsel for Johnson) that Ametek had no retained experts, and thus no expert reports to serve. Instead, Ametek designated two employees as in-house experts: James P. Shawcross (an Ametek engineer), and Roger Smith (an Ametek marketing director).[11]

On December 15, 2005 (the deadline for submission of opposition expert reports), Ametek provided no such opposition reports.

The depositions of Messrs. Shawcross and Smith were to take place in Mr. Weber's office in Ohio on <u>February 15 and 16</u>, 2006. Work was done in preparation for these depositions, arrangements were made to fly out to Ohio, hotel rooms were booked,

---

[11] A copy of Ametek's in-house expert designation is attached to the Weiss Aff. as Exhibit 22.

11

and a court reporter and videographer were retained.[12] On February 13, Mr. Weber wrote that he would not be using either as an expert.[13] The Shawcross and Smith depositions were cancelled. In this same e-mail, Mr. Weber wrote that "*[p]resently, it is our intent to drop the '180 and '214 patents.*" (Weiss Aff. Exh. 24 (emphasis added).) This is an exceptional case.

## IV.   CONCLUSION

Ametek forced Johnson to defend against allegations of breach of a patent license agreement as well as against patent infringement causes of action. Ametek forced Johnson to evaluate and prepare to defend against infringement contentions concerning seventy-three through-flow motor patent claims, spanning eight patents, two issued in the United States, and the remaining granted in Hong Kong, China, Mexico, Croatia, Germany and Italy, respectively. Ametek's reckless use of the legal process over these three years of litigation has forced Johnson to seek and retain experts in foreign patent law for each of the foreign jurisdictions. (*See,* the Clark, Reyes, Straus, and Thomas Reports (Weiss Aff. Exhs. 16, 17, 15, and 14, respectively).) Ametek's worldwide infringement contentions mandated that Johnson perform global prior art searches, review U.S. and foreign prosecution histories and assure worldwide customers that production would not be interrupted.

Sworn contention interrogatory responses advanced ludicrous legal and technical arguments, which had no basis in fact or law. Deposition testimony of Ametek

---

[12] Copies of confirmations for depositions that were to take place on February 15 and 16, 2006 are collectively attached to the Weiss Aff. as Exhibit 23.

[13] A copy of that e-mail is attached to the Weiss Aff. as Exhibit 24.

engineers, which Johnson was forced to take in Ametek's home state, Ohio, repeated these nonsensical arguments.

On March 10, 2006, after Johnson spent untold time, money, and effort in defense, Ametek walks away. This case compels an award of legal fees under Section 285 and/or Section 1927.


Dated:   April 28, 2006
         New York, New York

                                              Respectfully submitted,

                                              *Stephen N. Weiss* (MJP)
                                              Stephen Norman Weiss
                                              (CT Fed. Bar No. CT 12717)
                                              Gregory J. Fleesler
                                              (CT Fed. Bar No. CT 24491)
                                              MOSES & SINGER, LLP
                                              The Chrysler Building
                                              405 Lexington Avenue
                                              New York, New York 10174
                                              Tel.: (212) 554-7800
                                              Fax: (212) 554-7700

                                              Edmund J. Ferdinand, III
                                              (CT Fed. Bar. No. CT 21287)
                                              GRIMES & BATTERSBY, LLP
                                              488 Main Street 3rd floor
                                              Norwalk, CT 06851
                                              Tel.: (203) 849-8300
                                              Fax: (203) 849-9300

                                              *Attorneys for Plaintiffs/Counterclaim Defendants Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc.*

13