UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
JOHNSON ELECTRIC INDUSTRIAL :
MANUFACTORY, LTD. and JOHNSON :
ELECTRIC NORTH AMERICA, INC., : CASE NO. 03CV0098AVC
:
                    Plaintiffs, :
:
    -against- :
:
AMETEK, INC., :
:
                    Defendant. :
:
---------------------------------------------------------x

**AFFIDAVIT OF STEPHEN N. WEISS IN SUPPORT OF JOHNSON ELECTRIC INDUSTRIAL MANUFACTORY, LTD. AND JOHNSON ELECTRIC NORTH AMERICA, INC.'S MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO AMETEK'S THROUGH-FLOW CAUSES OF ACTION, AND REQUEST FOR ATTORNEY FEES PURSUANT TO 35 U.S.C. § 285 AND 28 U.S.C. § 1927**

    1.    I am a member of the law firm of Moses & Singer, LLP, attorneys for plaintiffs Johnson Electric Industrial Manufactory, Ltd. ("JEI") and Johnson Electric North America ("JENA") (collectively, "Johnson").

    2.    I am personally familiar with the facts and circumstances surrounding the instant litigation.

    3.    Attached hereto as Exhibit 1 is a true and correct copy of an e-mail from Ametek's attorney, Ray Weber, to Johnson's attorney, Stephen N. Weiss, dated March 10, 2006 (with relevant text underlined for the Court's convenience).

    4.    Attached hereto as Exhibit 2 is a true and correct copy of this Court's Order, dated July 22, 2003.

5.   Attached hereto as Exhibit 3 is a true and correct copy of a patent license agreement between Johnson and Ametek, dated July 30, 2001.

6.   Attached hereto as Exhibit 4 is a true and correct copy of Ametek's Answer, Affirmative Defenses and Counterclaims, dated August 15, 2003, without exhibits.

7.   Attached hereto as Exhibit 5 is a true and correct copy of Johnson's Reply to Ametek's Counterclaims, dated August 20, 2003.

8.   Attached hereto as Exhibit 6 is a true and correct copy of Ametek's First Amended Counterclaims, dated September 14, 2004, without exhibits.

9.   Attached hereto as Exhibit 7 is a true and correct copy of Johnson's Reply to Ametek's First Amended Counterclaims, dated September 30, 2004.

10.  Attached hereto as Exhibit 8 is a true and correct copy of Plaintiff's First Set of Interrogatories (Nos. 1-4), dated September 15, 2003.

11.  Attached hereto as Exhibit 9 is a true and correct copy of Defendant's Answers to Plaintiff's First Set of Interrogatories, dated October 22, 2003.

12.  Attached hereto as Exhibit 10 is a true and correct copy of Plaintiff's Fourth Set of Interrogatories (No. 8), dated June 16, 2004.

13.  Attached hereto as Exhibit 11 is a true and correct copy of Defendant's Response to Plaintiff's Fourth Set of Interrogatories, dated August 23, 2004.

14.  Attached hereto as Exhibit 12 is a true and correct copy of Plaintiff's Fifth Set of Interrogatories (Nos. 9-10), dated December 13, 2005.

15.  Attached hereto as Exhibit 13 is a true and correct copy of Defendant's Responses to Plaintiff's Fifth Set of Interrogatories, dated January 17, 2006.

16. Attached hereto as Exhibit 14 is a true and correct copy of Professor Thomas' Expert Report, with redactions.

17. Attached hereto as Exhibit 15 is a true and correct copy of Professor Straus' Expert Report.

18. Attached hereto as Exhibit 16 is a true and correct copy of Douglas Clark's Expert Report.

19. Attached hereto as Exhibit 17 is a true and correct copy of Arturo Reyes' Expert Report.

20. Attached hereto as Exhibit 18 is a true and correct copy of Roger Baines' Expert Report, with redactions.

21. Attached hereto as Exhibit 19 is a true and correct copy of the transcript of the deposition of Michael Gilliland, held on January 24, 2005.

22. Attached hereto as Exhibit 20 is a true and correct copy of the transcript of the deposition of James P. Shawcross, held on December 6, 2004.

23. Attached hereto as Exhibit 21 is a true and correct copy of an excerpted page from the 2002 Supplement to a treatise entitled International Patent Litigation, a Country by Country Analysis (with relevant text underlined for the Court's convenience).

24. Attached hereto as Exhibit 22 is a true and correct copy of Defendant's Designation of Trial Experts, dated November 1, 2005.

25. Attached hereto as Exhibit 23 are true and correct copies of confirmations made for depositions that were to occur on February 15 and 16, 2006.

26. Attached hereto as Exhibit 24 is a true and correct copy of an e-mail from Ametek's attorney, Ray Weber, to Johnson's attorney, Stephen N. Weiss, dated February 13, 2006 (with relevant text underlined for the Court's convenience).

27. During the pendency of the through-flow causes of action, Ametek never took a single deposition, never retained any experts, and never served any expert reports, nor any reports in opposition to Johnson's expert reports.

Dated: April 28, 2006
 New York, New York

 _____
 Stephen N. Weiss (MJP)

4