# EXHIBIT 5

**to the Affidavit of Stephen N. Weiss in Support of Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc.'s Motion for Summary Judgment With Respect to Ametek's Through-Flow Causes of Action, and Request for Attorney Fees Pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------x
:
JOHNSON ELECTRIC INDUSTRIAL :
MANUFACTORY, LTD. and JOHNSON : CASE NO. 03 CV0098 AVC
ELECTRIC NORTH AMERICA, INC., :
:
                    Plaintiffs, : REPLY OF JOHNSON
: PLAINTIFFS/COUNTER-
: DEFENDANTS TO THE
        -against-   : COUNTERCLAIMS ASSERTED BY
: AMETEK, INC.
AMETEK, INC., :
:
                    Defendant. :
:
------------------------------------------------------x

        Plaintiffs/Counter-Defendants Johnson Electric Industrial Manufactory, Ltd. ("JEI") and Johnson Electric North America, Inc. ("JENA") (collectively, "Johnson"), by and through their undersigned counsel, reply to Defendant/Counter-Plaintiff Ametek, Inc.'s ("Ametek") Counterclaims as follows:

        1.     Admit that the Counterclaims include causes of action for patent infringement as alleged in paragraph 1 of Ametek's Counterclaim, but further allege that both Johnson's Complaint and Ametek's Counterclaims include causes of action based in contract. Johnson seeks a declaration that a patent license agreement between Johnson and Ametek dated July 30, 2001 (the "Patent License Agreement") has not been breached by Johnson. Ametek counterclaims and seeks remedies for breach of that same Patent License Agreement. The contract forming the subject matter of these causes of action is attached both to Johnson's Complaint and to Ametek's Answer and Counterclaims, as Exhibits C and E respectively.

        2.     Admit the allegations of paragraph 2 of the Counterclaims, but further allege that jurisdiction is proper under 28 U.S.C. §1332. Plaintiff/Counter-Defendant JEI is a

367827v2

foreign corporation with its principal place of business in Hong Kong; Plaintiff/Counter-Defendant JENA is a Connecticut corporation, with its principal place of business in the State of Connecticut; Defendant/Counter-Plaintiff Ametek is a Delaware Corporation, with its principal place of business in Ohio. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of $75,000.00.

3. Admit that venue is proper, but not for all of the reasons enumerated in paragraph 3 of the Counterclaim.

4. Admit.

5. Admit.

6. Admit that Ametek is the owner of U.S. Patent No. 5,734,214 (the "'214 patent"), but deny the validity of that patent.

7. Admit that Ametek is the owner of U.S. Patent No. 6,166,462 (the "'462 patent"), but deny the validity of that patent.

8. Admit that Ametek is the owner of U.S. Patent No. 6,309,180 (the "'180 patent"), but deny the validity of that patent.

9. Admit that Ametek is the owner of U.S. Patent No. 6,439,843 (the "'843 patent"), but deny the validity of that patent.

10. Admit.

11. Admit.

12. Admit the existence of the Patent License Agreement referred to in paragraph 12 of the Counterclaims, and refer to the Patent License Agreement for a full and complete statement of its terms.

13. Deny.

14. Deny.

15. Deny.

16. Deny.

17. Repeat, reiterate and reallege each of the responses to the paragraphs repeated by virtue of paragraph 17 of the Counterclaims.

18. Deny.

19. Repeat, reiterate and reallege each of the responses to the paragraphs repeated by virtue of paragraph 19 of the Counterclaims.

20. Deny.

21. Repeat, reiterate and reallege each of the responses to the paragraphs repeated by virtue of paragraph 21 of the Counterclaims.

22. Deny.

23. Repeat, reiterate and reallege each of the responses to the paragraphs repeated by virtue of paragraph 23 of the Counterclaims.

24. Deny.

25. Repeat, reiterate and reallege each of the responses to the paragraphs repeated by virtue of paragraph 25 of the Counterclaims.

26. Deny.

27. Repeat, reiterate and reallege each of the responses to the paragraphs repeated by virtue of paragraph 27 of the Counterclaims.

28. Deny.

29. Repeat, reiterate and reallege each of the responses to the paragraphs repeated by virtue of paragraph 30 of the Counterclaims.

30. Deny.

31. Repeat, reiterate and reallege each of the responses to the paragraphs repeated by virtue of paragraph 31 of the Counterclaims.

32. Deny.

33. Repeat, reiterate and reallege each of the responses to the paragraphs repeated by virtue of paragraph 33 of the Counterclaims.

34. Deny.

35. Repeat, reiterate and reallege each of the responses to the paragraphs repeated by virtue of paragraph 35 of the Counterclaims.

36. Deny.

## AFFIRMATIVE DEFENSE TO THE THIRD, FOURTH, SEVENTH AND EIGHTH COUNTERCLAIM CAUSES OF ACTION RELATING TO THE '214 AND '180 PATENTS

37. Ametek is prohibited, by its Patent License Agreement with Johnson, from suing Johnson anywhere in the world for alleged infringement of any claims of the '214 patent, of the '180 patent, or of any foreign corresponding patent or foreign corresponding patent application, as stated below:

   a. Ametek, through the Patent License Agreement with Johnson, granted Johnson a worldwide license on the '214 patent, on the '180 patent, and on all foreign corresponding patents and patent applications. (Attached to the Patent License Agreement as Appendix A is a representative but not exclusive list of the foreign corresponding patents and/or patent applications covered by the aforementioned license);

b. The Patent License Agreement, by its terms, covers all Johnson motors that come with any claims of the '214 patent, the '180 patent, or any of the corresponding foreign patents and/or patent applications (collectively, the "Licensed Patents");

c. Any and all present and future Johnson motors that fall within any of the claims of the Licensed Patents are licensed products, and as such cannot be the subject of an infringement action anywhere in the world; and

d. Johnson has paid and continues to pay all royalties due under the Patent License Agreement.

WHEREFORE, Plaintiffs/Counter-Defendants respectfully request:

1. Judgment against Ametek as requested in the Complaint filed herein;

2. Judgment against Ametek dismissing the Counterclaims;

3. Judgment against Ametek permanently enjoining Ametek, its successors and agents from suing, anywhere in the world, Johnson, its agents, customers or any other entity covered by the Patent License Agreement, for infringement of any of the Licensed Patents, to wit: U.S. Patent No. 5,734,214; U.S. Patent No. 6,309,180; and any and all foreign corresponding patents and/or patent applications;

4. Judgment awarding Johnson counsel fees and costs; and

5. Judgment awarding Johnson such other and further relief as the court deems just and proper.

Dated: August 19, 2003

Stephen Norman Weiss
(Ct. Fed. Bar. No. ct12717)
Gregory Fleesler
(Ct. Fed. Bar. No. ct24491)
MOSES & SINGER, LLP
1301 Avenue of the Americas
New York, New York 10019
Tel.: (212) 554-7800
Fax: (212) 554-7700

Edmund J. Ferdinand, III
(Ct. Fed. Bar. No. 21,287)
GRIMES & BATTERSBY, LLP
488 Main Street 3rd floor
Norwalk, CT 06851
Tel.: (203) 849-8300
Fax: (203) 849-9300

*Attorneys for Plaintiffs/Counterclaim Defendants Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc.*

367827v2

6

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

LILY YEE, being duly sworn, deposes and says:

1. That I am over the age of 18, am not a party to the action, and am employed by the firm of Moses & Singer LLP, 1301 Avenue of the Americas, New York, New York 10019.

2. That on August 20, 2003, I served the within REPLY OF JOHNSON PLAINTIFFS/COUNTER-DEFENDANTS TO THE COUNTERCLAIMS ASSERTED BY AMETEK, INC. by depositing a true copy thereof enclosed in a sealed postage paid envelope to be sent via First Class United States Mail under the exclusive care and custody of the U.S. Postal Service within the City of New York, addressed as shown below, for delivery upon:

| Ray L. Weber, Esq.<br>Laura J. Gentilcore, Esq.<br>Renner, Kenner, Greive,<br>  Bobak, Taylor & Weber<br>400 First National Tower<br>Akron, OH 44308 | Ben A. Solnit, Esq.<br>Tyler Cooper & Alcorn LLP<br>205 Church Street<br>New Haven, CT 06510 |
|---|---|

_____
LILY YEE

Sworn to before me this
20th day of August 2003

_____
Notary Public

SAMANTHA A. DOUGLEN
NOTARY PUBLIC, State of New York
No. 02DO6061456
Qualified in New York County
Commission Expires Oct. 7, 2006

367903