# EXHIBIT 7

to the Affidavit of Stephen N. Weiss in Support of Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc.'s Motion for Summary Judgment With Respect to Ametek's Through-Flow Causes of Action, and Request for Attorney Fees Pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------x
:
JOHNSON ELECTRIC INDUSTRIAL          :
MANUFACTORY, LTD. and JOHNSON        :   CASE NO. 03 CV0098 AVC
ELECTRIC NORTH AMERICA, INC.,        :
                                     :   **REPLY OF JOHNSON**
                    Plaintiffs,      :   **PLAINTIFFS/COUNTER-**
                                     :   **DEFENDANTS TO THE FIRST**
       -against-                     :   **AMENDED COUNTERCLAIMS**
                                     :   **ASSERTED BY AMETEK, INC.**
AMETEK, INC.,                        :
                                     :
                    Defendant.       :
                                     :
------------------------------------------------------x

      Plaintiffs/Counter-Defendants Johnson Electric Industrial Manufactory, Ltd. ("JEI") and Johnson Electric North America, Inc. ("JENA") (collectively, "Johnson"), by and through their undersigned counsel, reply to Defendant/Counter-Plaintiff Ametek, Inc.'s ("Ametek") First Amended Counterclaims as follows:

      1.     Admit that the First Amended Counterclaims include causes of action for patent infringement as alleged in paragraph 1 of Ametek's First Amended Counterclaims, but further allege that both Johnson's Complaint and Ametek's Counterclaims include causes of action based in contract. Johnson seeks a declaration that a patent license agreement between Johnson and Ametek dated July 30, 2001 (the "Patent License Agreement") has not been breached by Johnson. Ametek counterclaims and seeks remedies for breach of that same Patent License Agreement. The contract forming the subject matter of these causes of action is attached to Johnson's Complaint as Exhibit C to that complaint.

      2.     Admit the allegations of paragraph 2 of the First Amended Counterclaims, but further allege that jurisdiction is proper under 28 U.S.C. §1332. Plaintiff/Counter-Defendant

426924v1  007171.0103

JEI is a foreign corporation with its principal place of business in Hong Kong; Plaintiff/Counter-Defendant JENA is a Connecticut corporation, with its principal place of business in the State of Connecticut; Defendant/Counter-Plaintiff Ametek is a Delaware Corporation, with its principal place of business in Ohio. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of $75,000.00.

3. Admit that venue is proper, but not for all of the reasons enumerated in paragraph 3 of the First Amended Counterclaims.

4. Admit.

5. Admit.

6. Admit that Ametek is the owner of U.S. Patent No. 5,734,214 (the "'214 patent"), but deny the validity of that patent.

7. Admit that Ametek is the owner of U.S. Patent No. 6,166,462 (the "'462 patent"), but deny the validity of that patent.

8. Admit that Ametek is the owner of U.S. Patent No. 6,309,180 (the "'180 patent"), but deny the validity of that patent.

9. Admit that Ametek is the owner of U.S. Patent No. 6,439,843 (the "'843 patent"), but deny the validity of that patent.

10. Admit that Ametek is the owner of U.S. Patent No. 6,695580 B2 (the "'580 patent"), but deny the validity of that patent

11. Admit.

12. Admit.

13. Admit the existence of a Patent License Agreement between Ametek and JEI executed on or about July 30, 2001. Deny that any agreement or any Exhibit F has been

426924v1 007171.0103

attached to the First Amended Counterclaims served by Ametek upon Johnson's counsel, and refer to the July 30, 2001 Patent License Agreement for a full and complete statement of its terms.

14. Deny.

15. Deny.

16. Deny.

17. Deny.

18. Repeat, reiterate and reallege each of the responses to the paragraphs repeated by virtue of paragraph 18 of the First Amended Counterclaims.

19. Deny.

20. Repeat, reiterate and reallege each of the responses to the paragraphs repeated by virtue of paragraph 20 of the First Amended Counterclaims.

21. Deny.

22. Repeat, reiterate and reallege each of the responses to the paragraphs repeated by virtue of paragraph 22 of the First Amended Counterclaims.

23. Deny.

24. Repeat, reiterate and reallege each of the responses to the paragraphs repeated by virtue of paragraph 24 of the First Amended Counterclaims.

25. Deny.

26. Repeat, reiterate and reallege each of the responses to the paragraphs repeated by virtue of paragraph 26 of the First Amended Counterclaims.

27. Deny.

28. Repeat, reiterate and reallege each of the responses to the paragraphs repeated by virtue of paragraph 28 of the First Amended Counterclaims.

29. Deny.

30. Repeat, reiterate and reallege each of the responses to the paragraphs repeated by virtue of paragraph 30 of the First Amended Counterclaims.

31. Deny.

32. Repeat, reiterate and reallege each of the responses to the paragraphs repeated by virtue of paragraph 32 of the First Amended Counterclaims.

33. Deny.

34. Repeat, reiterate and reallege each of the responses to the paragraphs repeated by virtue of paragraph 34 of the First Amended Counterclaims.

35. Deny.

36. Repeat, reiterate and reallege each of the responses to the paragraphs repeated by virtue of paragraph 36 of the First Amended Counterclaims.

37. Deny.

**AFFIRMATIVE DEFENSE TO THE THIRD, FOURTH, EIGHTH AND NINTH CAUSES OF ACTION OF THE FIRST AMENDED COUNTERCLAIMS RELATING TO THE '214 AND '180 PATENTS**

38. Ametek is prohibited, by its Patent License Agreement with Johnson, from suing Johnson anywhere in the world for alleged infringement of any claims of the '214 patent, of the '180 patent, or of any foreign corresponding patent or foreign corresponding patent application, as stated below:

   a. Ametek, through the Patent License Agreement with Johnson, granted Johnson a worldwide license on the '214 patent, on the '180 patent, and on all

426924v1 007171.0103

foreign corresponding patents and patent applications. (Attached to the Patent License Agreement as Appendix A to that agreement is a representative but not exclusive list of the foreign corresponding patents and/or patent applications covered by the aforementioned license);

b. The Patent License Agreement, by its terms, covers all Johnson motors that come with any claims of the '214 patent, the '180 patent, or any of the corresponding foreign patents and/or patent applications (collectively, the "Licensed Patents");

c. Any and all present and future Johnson motors that fall within any of the claims of the Licensed Patents are licensed products, and as such cannot be the subject of an infringement action anywhere in the world; and

d. Johnson has paid and continues to pay all royalties due under the Patent License Agreement.

### AFFIRMATIVE DEFENSES TO ALL OF THE CAUSES OF ACTION IN AMETEK'S FIRST AMENDED COUNTERCLAIMS

39. None of the accused Johnson motors infringe any valid claims of the asserted patents.

40. The claims of the asserted U.S. Patents are invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. 102 and 103, and 35 U.S.C. 101, 112 and 120.

41. The claims of the foreign patents asserted by Ametek, by virtue of the breach of contract allegations, do not cover any Johnson products.

41. The claims of the foreign patents asserted by Ametek, by virtue of the breach of contract allegations, are not valid patent claims under the laws of the respective nations the authority of which nations said respective patent rights are alleged to have been created,

426924v1  007171.0103

and, as such, said foreign patent claims do not, as a matter of law, satisfy the conditions precedent to the granting of a patent license.

WHEREFORE, Plaintiffs/Counter-Defendants respectfully request:

1. Judgment against Ametek as requested in the Complaint filed herein;

2. Judgment against Ametek dismissing the Counterclaims and First Amended Counterclaims;

3. Judgment against Ametek permanently enjoining Ametek, its successors and agents from suing, anywhere in the world, Johnson, its agents, customers or any other entity covered by the Patent License Agreement, for infringement of any of the Licensed Patents, to wit: U.S. Patent No. 5,734,214; U.S. Patent No. 6,309,180; and any and all foreign corresponding patents and/or patent applications;

4. Judgment awarding Johnson counsel fees and costs; and

5. Judgment awarding Johnson such other and further relief as the court deems just and proper.

Dated: September 30, 2004

_____
Stephen Norman Weiss
(Ct. Fed. Bar. No. ct12717)
Gregory Fleesler
(Ct. Fed. Bar. No. ct24491)
MOSES & SINGER, LLP
1301 Avenue of the Americas
New York, New York 10019
Tel.: (212) 554-7800
Fax: (212) 554-7700

426924v1  007171.0103

Edmund J. Ferdinand, III
(Ct. Fed. Bar. No. 21,287)
GRIMES & BATTERSBY, LLP
488 Main Street 3rd floor
Norwalk, CT 06851
Tel.: (203) 849-8300
Fax: (203) 849-9300

*Attorneys for Plaintiffs/Counterclaim Defendants Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc.*

TO:

Ray L. Weber
Renner, Kenner, Greive, Bobak et al
400 First National Tower
Akron, Ohio 44308

Ben A. Solnit
Tyler, Cooper & Alcorn, LLP
205 Church Avenue
New Haven, CT 06520

*Attorneys for Ametek, Inc.*

## CERTIFICATE OF SERVICE

A true copy of the foregoing REPLY TO AMETEK'S FIRST AMENDED COUNTERCLAIMS was served via first class mail, postage prepaid, upon the following attorneys for Ametek, Inc. this 30 day of September, 2004.

Ray L. Weber
Renner, Kenner, Greive, Bobak et al
400 First National Tower
Akron, Ohio  44308

Ben A. Solnit
Tyler, Cooper & Alcorn, LLP
205 Church Avenue
New Haven, CT  06520

_____
Stephen Norman Weiss

426924v1  007171.0103