# EXHIBIT 8

to the Affidavit of Stephen N. Weiss in Support of Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc.'s Motion for Summary Judgment With Respect to Ametek's Through-Flow Causes of Action, and Request for Attorney Fees Pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------x
JOHNSON ELECTRIC INDUSTRIAL  : CASE NO. 03 CV0098 AVC
MANUFACTORY, LTD. And JOHNSON :
ELECTRIC NORTH AMERICA, INC., :
                                                   :
                             Plaintiffs,           : **PLAINTIFFS' FIRST SET OF**
                                                   : **INTERROGATORIES (Nos. 1-4)**
              -against-                            :
                                                   :
AMETEK, INC.,                                      :
                                                   :
                             Defendant.            :
                                                   :
------------------------------------------------x

**PLEASE TAKE NOTICE** that plaintiffs Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc. (collectively, "Plaintiffs" or "Johnson") hereby, pursuant to Rule 33 of the Federal Rules of Civil Procedure, serve upon Defendant the following interrogatories. These interrogatories are to be answered separately in writing under oath within thirty (30) days after the date of service hereof.

## DEFINITIONS

1.    When used in these Interrogatories, to "identify each asserted claim and Ametek's infringement contentions" means to set forth with particularity the following information:

   (a)    The issuing country, patent number, and claim number of each claim of each patent in suit that is allegedly infringed by Johnson;

370424

1

(b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of Johnson. Each product, device, and apparatus must be identified by name or model number. Each method or process must be identified by name, and by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

(c) Specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that Ametek contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function. Claim charts containing this information may be provided in lieu of plain text; and

(d) Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality.

2. When used in these Interrogatories, to "identify Ametek's claim constructions and related evidence" means to set forth with particularity the following information:

(a) A list of claim terms, phrases, or clauses which Ametek contends should be construed by the Court, and the identification of any claim element which Ametek contends should be governed by 35 U.S.C. § 112(6);

(b) Ametek's construction of each claim term, phrase, or clause which it has identified for claim construction purposes, together with an identification of all references from the specification or prosecution history that support that

370424

construction. Each such claim construction shall also, for each element which Ametek contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that element; and

(c) Ametek's identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient witnesses Ametek contends support its claim constructions. Ametek shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such percipient witness, Ametek shall also provide a brief description of the substance of that witness' proposed testimony.

## INTERROGATORIES

1. Identify each asserted claim and Ametek's infringement contentions for each claim that forms the basis of Ametek's breach of contract cause of action and/or patent infringement cause of action concerning Johnson *through-flow* motors.

2. For each claim identified in response to Interrogatory 1, identify Ametek's claim constructions and related evidence.

3. Identify each asserted claim and Ametek's infringement contentions for each claim that forms the basis of Ametek's patent infringement cause of action concerning Johnson *by-pass* motors.

4. For each claim identified in response to Interrogatory 3, identify Ametek's claim constructions and related evidence.

370424

Dated: September 15, 2003
New York, New York

        MOSES & SINGER, LLP

        Stephen Norman Weiss (CT 12717)
        Gregory J. Fleesler (CT 24491)
        1301 Avenue of the Americas
        New York, New York 10019
        Tel.: (212) 554-7800
        Fax: (212) 554-7700

        GRIMES & BATTERSBY, LLP
        Edmund J. Ferdinand, III (CT 21287)
        488 Main Avenue, 3rd floor
        Norwalk, CT 06851
        Tel.: (203) 849-8300
        Fax: (203) 849-9300

        *Attorneys for Plaintiffs/Counterclaim Defendants Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc.*

370424

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

LILY YEE, being duly sworn, deposes and says:

1. That I am over the age of 18, am not a party to the action, and am employed by the firm of Moses & Singer LLP, 1301 Avenue of the Americas, New York, New York 10019.

2. That on September 15, 2003, I served the within PLAINTIFF'S FIRST SET OF INTERROGATORIES (Nos. 1-4) by transmitting true copies thereof by electronic means to the facsimile numbers listed below, which numbers were designated by the attorneys for such purposes, and by depositing true copies thereof enclosed in post-paid wrappers, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons and companies at their last known addresses set forth below. Enclosed is the transmittal report indicating the transmissions were received.

| Ray L. Weber, Esq.<br>Renner, Kenner, Greive,<br>  Bobak, Taylor & Weber<br>400 First National Tower<br>Akron, OH 44308<br>Fax 330-376-9646 | Ben A. Solnit, Esq.<br>Tyler Cooper & Alcorn LLP<br>205 Church Street<br>New Haven, CT 06510<br>Fax 203-777-1181 |

_____
LILY YEE

Sworn to before me this
15th day of September, 2003

_____
Notary Public    LORI SCHWARTZBERG
                 Notary Public, State of New York
                 No. 02SC6026736
                 Qualified in New York County
                 Commission Expires June 21, 20 07

367903v3