# EXHIBIT 9

**to the Affidavit of Stephen N. Weiss in Support of Johnson Electric Industrial
Manufactory, Ltd. and Johnson Electric North America, Inc.'s Motion for
Summary Judgment With Respect to Ametek's Through-Flow Causes of Action,
and Request for Attorney Fees Pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Johnson Electric Industrial | ) | |
| Manufactory, Ltd. et al. | ) | |
| | ) | Civil Action No: 303CV0098AVC |
| Plaintiffs | ) | |
| v. | ) | |
| | ) | |
| Ametek, Inc. | ) | |
| | ) | |
| Defendant | ) | |

**Defendant's Answers to Plaintiffs' First Set of Interrogatories (Nos. 1-4)**

Now comes Defendant, Ametek, Inc. ("Ametek"), in response to the interrogatories identified in the caption above.

**General Objection**

Ametek responds to these interrogatories as presently advised, reserving the right to amend or supplement the answers as discovery proceeds and as the parties ready themselves for Markman proceedings and retain experts.  Ametek further reserves the right to supplement and/or amend the responses to these interrogatories as different models and/or variations of the motors in issue become known.

RESPONSES

**INTERROGATORY NO. 1:**

Identify each asserted claim and Ametek's infringement contentions for each claim that forms the basis of Ametek's breach of contract cause of action and/or patent infringement cause of action concerning Johnson *through-flow* motors.

**Response:**

**U.S. Patent 6,309,180**

As presently advised, Ametek contends that each of claims 1-5 of the '180 patent is infringed by the Johnson *through-flow* motors in issue.

**Claim 1**

    A.    The structure recited in the preamble of claim 1 is found in the Johnson *through-flow* motors.

    B.    The "main body portion" of the first subparagraph of the claim, pertaining to the positioning of the first and second side in relation to the circumferential flange portion and the presence of the shaft aperture is present in the Johnson *through-flow* motors.

    C.    The particular recited structure of scallops, their positioning and presence and nature of the wall and ramp surfaces are all present in the Johnson *through-flow* motors.

    D.    The curvilinear walls of the Johnson *through-flow* motors all respond to the third subparagraph of claim 1 in that they extend from the second side, define air chambers, terminate prior to the shaft aperture, and are separated apart and disconnected from each other.

Accordingly, the Johnson *through-flow* motors literally infringe claim 1 of the '180 patent. Moreover, any wall portions extending beyond the portion of the diffuser plate that is adjacent the circumferential flange portion of the cylindrical cup portion is inconsequential to the operation of the associated motor and, accordingly, to the extent that the curvilinear walls extend beyond the flange portion, they are irrelevant, because the effect of those walls terminates at the edge of the

flange. As a consequence, to the extent that any argument might be made against literal infringement, there is clearly infringement under the doctrine of equivalents.

## Claim 2

The diffuser plate of the Johnson *through-flow* motors has a bearing holder extending through a radiused transition to the second side and surrounding the shaft aperture.

## Claim 3

The Johnson *through-flow* motors have a small step extending perpendicularly from the curvilinear ramp surface at the air inlet aperture.

## Claim 4

Each of the curvilinear walls has an end and a flow chamber contiguous with air chambers formed between those ends and the shaft aperture in the Johnson *through-flow* motors. Moreover, any portion of the curvilinear walls extending beyond the circumferential flange portion of the cylindrical cup is substantially irrelevant in the operation of the motor and, accordingly, such curvilinear walls effectively terminate at the inner circumference of the flange portion, resulting in infringement at least under the doctrine of equivalents.

## Claim 5

The preamble and first and second subparagraphs of claim 5 are satisfied as provided above with respect to claim 1. As to the "plurality of curvilinear walls," since the effect of the walls is only apparent within the region of the circumferential flange portion, to the extent that the curvilinear walls extend beyond this circumferential flange portion, their height is effectively significantly reduced prior to reaching the shaft aperture, thereby forming a flow chamber contiguous with the air chambers. There is clearly infringement under the doctrine of equivalents.

- 3 -

**Patent 5,734,214**

As presently advised, Ametek contends that each of claims 1-8 of the '214 patent is infringed by the Johnson *through-flow* motors.

**Claim 1**

A.   The structure recited in the preamble of claim 1 is found in the Johnson *through-flow* motors.

B.   The Johnson *through-flow* motors have a generally cylindrical cup portion as recited in the first subparagraph.

C.   There is a circumferential flange extending about the open-end of the cup as recited in the second subparagraph.

D.   As to the third subparagraph, the Johnson *through-flow* motors do not have ramp surfaces extending from the flange in a direction away from the cup portion, but an equivalent ramp surface is present in each of the air inlet apertures of the diffuser plate at the top of each such aperture, performing the same function, in the same way, to achieve the same results as the recited ramp surfaces of the flange portion.

E.   The Johnson *through-flow* motors have the recited structure of the fourth subparagraph of the claim, but for the continuous curvilinear ramped surfaces achieved by engagement between the scalloped ramped surfaces of the diffuser plate and the ramped surfaces of the cup flange. However, as presented above, the ramped surfaces at the top of each air inlet aperture of the diffuser plate performs the same function, in the same way, to achieve the same result as the ramped surfaces on the flange and, in fact, are in the same airflow position. Accordingly, the *through-flow*

- 4 -

motors of Johnson infringe claim 1 of the '214 patent under the doctrine of equivalents.

## Claim 2

The Johnson *through-flow* motors have the field retaining means within the circumferential sidewall as recited in claim 2, and thus infringe under the doctrine of equivalents.

## Claim 3

The Johnson *through-flow* motors have at least two field retaining walls as recited in the claim with a rib or post on a seat, performing the same function, in the same way, to achieve the same result as the guide rib on the abutment surface as recited in the claim. The Johnson *through-flow* motors infringe claim 3 under the doctrine of equivalents.

## Claim 4

The cup and diffuser of the Johnson *through-flow* motor are manufactured from a thermoset material.

## Claim 5

The Johnson *through-flow* motors have two brush holder cavities in the cup portion.

## Claim 6

The Johnson *through-flow* motors have a bearing holder within the cup portion.

## Claim 7

The diffuser plate of the Johnson *through-flow* motors have a bearing holder incorporated therein.

## Claim 8

The circumferential flange of the Johnson *through-flow* motors includes a circumferential

- 5 -

step that serves as a shroud seat.

**Chinese Patent 96123350.8**

**Hong Kong Patent HK 100221**

The Chinese and Hong Kong patents share the same claims and are, therefor, treated together herein.

**Claim 1**

A.      The Johnson *through-flow* motors are molded, have a rotating fan member on a motor shaft and enclosed in a shroud cover, as provided in the preamble of claim 1.

B.      The Johnson *through-flow* motors have a housing to maintain the motor field in a fixed position as set forth in the first subparagraph.

C.      The Johnson *through-flow* motors have a diffuser affixed to the housing for directing the flow of air from the fan over the motor as set forth in the second subparagraph..

**Claim 2**

The Johnson *through-flow* motors have a housing that is a generally cylindrical cup portion with a substantially open end and circumferential side wall, a field retainer is disposed within the cup, and a circumferential flange extends from the cup around the open end.

**Claim 3**

The field retainer of the Johnson *through-flow* motors consist of two field retaining walls with a rib or post on a seat and is the equivalent of the claimed structure as to function, way and result.

**Claim 4**

The Johnson *through-flow* motors do not have a plurality of vanes on the flange portion of

the housing, but have the equivalent of that structure in the form of short ramps extending downwardly from the apertures of the diffuser plate which is affixed to the flange portion of the housing to substantially cover the open end thereof. The Johnson *through-flow* motors have the equivalent structure of claim 4.

## Claim 5

A.  The Johnson *through-flow* motors have a diffuser plate that is a disk shaped member as provided in the preamble of claim 5.

B.  The disk shaped member has first and second sides as provided in the first subparagraph of claim 5.

C.  The disk shaped member has a plurality of scalloped ramp surfaces about the circumference on the first side as required by the second subparagraph of the claim.

D.  There is a shaft aperture passing from the first to the second side as set forth in the third subparagraph of the claim.

E.  There are a plurality of air inlet apertures passing from the first to second side as set forth in the fourth subparagraph of the claim.

F.  There are a plurality of curvilinear vane members radiating from the shaft aperture toward the inlet aperture as provided in the fifth subparagraph of the claim.

G.  Adjacent vane members form an expanding air chamber therebetween as set forth in the final subparagraph of claim 5.

## Claim 6

The Johnson *through-flow* motors do not have ramped surfaces on the diffuser plate, but the equivalent of those ramped surfaces are present at the top of each aperture such that the scalloped

- 7 -

ramped surfaces of the diffuser plate are positioned to effectively "mate" with the ramped surfaces of the aperture to form a continuous ramp surface within the air chamber as set forth in claim 6.

**Claim 7**

The housing and diffuser of the Johnson *through-flow* motors are manufactured from thermoset material.

**Claim 8**

The housing of the Johnson *through-flow* motors includes at least two brush holder cavities.

**Claim 9**

The housing of the Johnson *through-flow* motor has a bearing holder incorporated therein.

**Claim 10**

The diffuser plate of the Johnson *through-flow* motors has a bearing holder incorporated therein.

**Claim 11**

The circumferential flange portion of the Johnson *through-flow* motors includes a circumferential step that serves as a shroud seat.

**Claim 12**

A.    The Johnson *through-flow* motor includes a housing and diffuser assembly as set forth in the preamble of claim 12.

B.    The Johnson *through-flow* motors have a motor housing with a generally cylindrical cup portion having a circumferential sidewall and an open end, with a field retainer disposed within the cup portion and a circumferential flange extending from the cup portion around the open end.  The flange does not have a plurality of vanes (ramps)

- 8 -

extending therefrom, but the equivalent structure is present in the diffuser plate, which provides for such vanes (ramps) in the top portion of the aperture. The Johnson *through-flow* motors have the equivalent structure of the first subparagraph of claim. 12.

C.    The Johnson *through-flow* motors have a diffuser plate that engages the flange portion, having first and second sides and scalloped ramped surfaces on the first side, a plurality of air inlet apertures passing from the first to second sides, a shaft aperture, and a plurality of curvilinear vanes radiating from the shaft aperture toward the inlet apertures on the second side, as set forth in the second subparagraph of claim.

## Claim 13

The Johnson *through-flow* motors have field retainers consisting of two field retaining walls with a rib or post on a seat and is the equivalent of the claimed structure as to function, way and result.

## Claim 14

The curvilinear vanes of the Johnson *through-flow* motors form expanding air chambers therebetween from the air inlet apertures toward the center of the plate.

## Claim 15

The Johnson *through-flow* motors do not have the vanes (ramped surfaces) on the flange portion to matingly engage the ramped surfaces of the diffuser plate, but the equivalent of that structure is present in that the diffuser plate has ramps that align with the ramps at the apertures of the diffuser plate such that the resultant configuration is the equivalent of the claimed configuration.

- 9 -

## Claim 16

The housing and diffuser of the Johnson *through-flow* motor are of a thermoset material.

## Claim 17

The housing of the Johnson *through-flow* motors has at least two brush holder cavities therein.

## Claim 18

The housing and diffuser plate of the Johnson *through-flow* motors each have a bearing holder therein.

## Claim 19

The Johnson *through-flow* motors include a step that forms a shroud seat about the circumferential flange portion.

## Claim 20

A.  The Johnson *through-flow* motor is a molded *through-flow* motor as set forth in the preamble of claim 20.

B.  The motor has a field section and an armature section, the armature having a shaft portion, as required in the first subparagraph of the claim.

C.  There is a rotating fan member mounted on the shaft portion as required in the second subparagraph of the claim.

D.  The housing of the Johnson *through-flow* motor has a generally cylindrical cup shaped portion with a circumferential wall and open end. There are field retainers disposed within the housing and a circumferential flange about an open end. The

- 10 -

flange does not have a plurality of ramped surfaces extending therefrom, but the equivalent structure is present in the form of such ramped surfaces in the apertures of the diffuser plate. Accordingly, the structure of the third subparagraph of the claim is present, literally and/or by the doctrine of equivalents, in the accused Johnson motors.

E.    The diffuser plate has the recited first and second sides and the inlet and shaft apertures in relation to, the plurality of scalloped ramped surfaces, and the recited plurality of curvilinear vanes radiating from the shaft aperture toward the inlet apertures as provided for in the fourth subparagraph of the claim.

F.    The Johnson *through-flow* motors have a fan shroud having a circumferential sidewall, open end and closed end, the closed end having an air intake aperture, as recited in the fifth subparagraph of the claim.

G.    The fan shroud of the Johnson *through-flow* motors engage the flange portion and rest upon a shroud seat, and the air flow is as described in the last subparagraph of the claim.

**Mexican Patent 199343**

**Claim 1**

A.    The Johnson *through-flow* motor is a molded *through-flow* motor assembly with a rotating fan on a motor shaft and enclosed in a shroud cover, as set forth in the preamble of claim1.

B.    The Johnson *through-flow* motor has a generally cylindrical cup portion with an open end as set forth in the first subparagraph of claim 1.

C.    The Johnson *through-flow* motor has a circumferential flange portion extending from the cup portion and about the open end as set forth in subparagraph 2.

D.    The Johnson *through-flow* motor does not have a plurality of ramped surfaces extending from the flange portion as set forth in subparagraph D, but has the equivalent of that structure in the form of ramped surfaces extending downwardly from the apertures in the diffuser plate and toward the flange portion, performing substantially the same function in substantially the same way to achieve the same result as the claimed structure.

E.    The Johnson *through-flow* motors have the diffuser plate with the recited first and second sides, plurality of scalloped ramped surfaces, shaft aperture, air inlet apertures, plurality of curvilinear vane members and expanding air chambers as recited in the fourth subparagraph of the claim, but are absent the mating engagement of ramped surfaces on the flange with the scalloped ramped surfaces as recited therein.  However, the equivalent of that structure, as presented above, is present.  The apertures of the diffuser plate have ramped surfaces which provide, in combination with the scalloped ramped surfaces, a continuous curvilinear ramp surface extending from the first side of the diffuser plate to a position substantially radially inwardly on said circumferential flange portion to facilitate flow of air through the motor assembly.

## Claim 2

The Johnson *through-flow* motors have field retainers disposed within the circumferential sidewall.

- 12 -

**Claim 3**

The field retainers of the Johnson *through-flow* motors consist of two field retaining walls with a rib or post on a seat, and is the equivalent of the claimed structure as to function, way and result.

**Claim 4**

The cup portion and diffuser of the Johnson *through-flow* motors are manufactured from thermoset material.

**Claim 5**

The cup portion of the Johnson *through-flow* motors has at least two brush holder cavities.

**Claim 6**

The cup portion of the Johnson *through-flow* motor has a bearing holder incorporated therein.

**Claim 7**

The Johnson *through-flow* motor has a diffuser plate with a bearing holder therein.

**Claim 8**

The Johnson *through-flow* motor has a circumferential step forming a shroud seat about the circumferential flange portion.

**Claim 9**

A.     The Johnson *through-flow* motor has a motor housing, diffuser plate and shroud as recited in the preamble of claim 8.

B.     The housing of the Johnson *through-flow* motor has a cylindrical cup portion and a cylindrical flange portion as recited in the first subparagraph of the claim, but does not have a plurality of flange ramped surfaces extending from the flange portion, but

- 13 -

rather has such ramped surfaces extending from apertures of the diffuser plate, performing the same function in the same way to achieve the same result.

C.     In the Johnson *through-flow* motors, the diffuser plate has the main body portion with the recited sides and plurality of scallops about the outer periphery terminating at the air inlet apertures at a step, as recited in the second subparagraph of claim 9. However, the placement of ramped faces adjacent the step to form continuous ramped surfaces is absent, but the equivalent structure is achieved by the ramped surfaces of the air inlet apertures being in juxtaposition with the steps of the scallops to effectively define a continuous ramped surface as set forth in the second subparagraph of the claim.

**Claim 10**

This claim is not asserted at this time.

**Claim 11b**

The scallops of the Johnson *through-flow* motors have curved walls that extend between the side and that are adjacent the ramped surfaces at the apertures that form the recited air chambers of the claim.

**Claim 12**

The Johnson *through-flow* motors have the recited bearing holder having a radiused transition.

**German Patent 0773620(E)**

**Italian Patent 0773620(E)**

**Croatian Patent P960535**

These patents have the same claims that issued in the corresponding European application. Accordingly, they are treated together.

**Claim 1**

A.    The structure prior to the "characterized" clause is all found in the Johnson *through-flow* motor, particularly a rotating fan member mounted on a motor shaft, a motor housing having a cylindrical cup portion with an open end and a circumferential flange extending from the cup portion about the open end, and a diffuser for directing the flow of air from the fan over the motor, the diffuser consisting of a plate fixed to the flange portion to cover the open end, the plate being disk shaped with first and second sides, a shaft aperture, and a plurality of scallops disposed around the periphery thereof, terminating at an air inlet aperture that extends from the first to the second side, a plurality of curvilinear wall members extending from the shaft aperture toward the air inlet apertures and forming expanding air chambers therebetween from each of the air inlet apertures toward the center of the plate, and further including a shroud having an intake aperture and enclosing a portion of the motor housing and fan, and adjacent the diffuser plate.

B.    In the "characterized" clause, the recited structure is found in the accused motors, except for the flange ramp surfaces which, in the case of the Johnson *through-flow* motors, extend from the air inlet apertures of the diffuser plate opposite steps in the diffuser ramped surface to form continuous ramped surfaces as claimed. The structure of the Johnson *through-flow* motor performs substantially the same function in substantially the same way to achieve the same result as that set forth in the claim.

- 15 -

<u>Claim 2</u>

This claim is not asserted at this time.

<u>Claim 3</u>

The Johnson *through-flow* motor has a bearing holder extending from the second side of the diffuser plate, the bearing holder having a radiused transition to the second side.

## INTERROGATORY NO. 2:

For each claim identified in response to Interrogatory 1, identify Ametek's claim constructions and related evidence.

<u>Response:</u>

As presently advised, the terms of the asserted claims of the '180 patent and the foreign patents should be given their ordinary and customary meanings. Ametek reserves the right to amend its answer to this interrogatory as discovery proceeds and experts are retained.

As presently advised, the terms of the asserted claims of the '214 patent should be given their ordinary and customary meanings. The "field retaining means" of claim 2 should be construed to mean "a field retaining wall." This construction is obtained from the specification and drawings, including reference to claim 3, which is necessarily of a more limited scope than claim 2. Ametek reserves its right to amend this response as discovery proceeds.

## INTERROGATORY NO. 3

Identify each asserted claim and Ametek's infringement contentions for each claim that forms the basis for Ametek's patent infringement cause of action concerning Johnson *by-pass* motors.

<u>Response:</u>

- 16 -

**U.S. Patent 6,439,843**

As presently advised, Ametek contends that claims 1, 8-12, 16, 17, 19 and 20 of the '843 patent are infringed by the Johnson *by-pass* motors.

**Claim 1**

A.    The Johnson motor is a bypass motor as recited in the preamble.

B.    The motor has a rotatable shaft as recited in the first subparagraph.

C.    An air fan having an outer periphery exhaust region is secured to the rotatable shaft as recited in the second subparagraph.

D.    The Johnson *by-pass* motor has a shroud with an intake eyelet and at least one exhaust aperture per the third subparagraph of the claim.

E.    The Johnson *by-pass* motor has a shaft hole through which the shaft extends and the working air fan is partially enclosed within the end bracket and the shroud such that the rotation of the working air fan draws air in through the intake eyelet and exhausts the air through the exhaust aperture per the fourth subparagraph of the claim.

F.    The end bracket of the Johnson *by-pass* motors has a plurality of vanes that form a fan chamber, the working air fan is received within the fan chamber, and the vanes are closely disposed about the exhaust region of the fan such that air from the fan is redirected by the vanes toward the exhaust aperture as recited in the fifth subparagraph of the claim.

**Claim 8**

The vane of the Johnson *by-pass* motor has a leading end and a trailing end.

## Claim 9

The shroud of the Johnson *by-pass* motor has a plurality of exhaust ports distributed about the shroud.

## Claim 10

The preamble and all but the last subparagraph of claim 10 find response in the Johnson *by-pass* motor for the same reasons that claim 1 is infringed. As to the final subparagraph of claim 10, the Johnson *by-pass* motor has a sloping shoulder causing the vanes to slope in a corresponding manner, the slopping shoulder being the ramped surfaces.

## Claim 11

The preamble and the first five subparagraphs of claim 11 find response in the Johnson *by-pass* motors for the reasons set forth above with respect to claims 1 and 10. As to the final subparagraph, the downwardly sloping shoulder comprises the ramped surfaces with each vane having a trailing end extending radially along such sloping shoulder, the trailing end and the shroud forming a gathering chamber where the working air collects prior to exiting from the exhaust aperture.

## Claim 12

Claim 12 is infringed for the reasons set forth above with respect to claim 11.

## Claim 16

A.    The accused Johnson *by-pass* motor has a structure responding to the preamble of claim 16.

B.    The bracket of the Johnson *by-pass* motor has a base with a periphery adapted to be sealed by a shroud per the first subparagraph of the claim.

- 18 -

C.    A shoulder, in the form of ramps, extends from the periphery per the second subparagraph of the claim.

D.    Vanes extend from the shoulder to facilitate movement of air expelled by the working fan per the third subparagraph of the claim.

## Claim 17

The Johnson *by-pass* motor further has an outer rim surrounding the shoulder to support the shroud, the vanes extend almost to the outer rim, and the trailing ends and shroud define a gathering chamber.

## Claim 19

In the Johnson *by-pass* motors, each vane has a leading end and a trailing end and the shoulder is downwardly sloping.

## Claim 20

The channel formed between the vanes define gradually expanding channels.

## U.S. Patent 6,166,462

As presently advised, claims 1-4 of the '462 patent are infringed by the Johnson *by-pass* motors.

## Claim 1

A.    The Johnson *by-pass* motors respond to the preamble.

B.    The Johnson *by-pass* motor is a motor as set forth in the first subparagraph of the claim.

C.    There is a shaft passing through and driven by the motor as set forth in the second subparagraph of the claim.

- 19 -

D.     There is an end bracket assembly having a central aperture for the shaft received over the end of the motor per the third subparagraph of the claim.

E.     A working air fan is received on the shaft per the fourth subparagraph of the claim.

F.     The recited fan shell, its placement and operation as set forth in the fifth subparagraph of claim 1 are all found in the Johnson *by-pass* motor.

G.     The plurality of ramped surfaces defining air flow passages and registration with staked apertures with the resultant air flow as set forth in the sixth subparagraph of the claim are all present in the Johnson *by-pass* motor.

H.     The diffuser and fan end bracket set forth in the last two subparagraphs of the claim have been combined in the Johnson *by-pass* motor such that a single plurality of ramped surfaces, of larger size, are provided. With the shroud in place, the combined diffuser/fan end bracket of the Johnson *by-pass* motor performs the same function, in the same way, to achieve the same result as the structure recited in the patent claims. Accordingly, there is infringement under the doctrine of equivalents.

**Claim 2**

The innermost periphery of the ramped surfaces in the Johnson *by-pass* motors is in circumferential alignment with the outer periphery of the working air fan.

**Claim 3**

The staked apertures of the Johnson *by-pass* motors are inclined and in registration with the ramped surfaces to facilitate a smooth laminar air flow.

**Claim 4**

As presented above, with respect to claim 1, the diffuser and fan end bracket have been

combined, such that the first and second ramped surfaces and the first and second ramped walls are one, performing the same function, in the same way, to achieve the same result as the claimed structure.

## INTERROGATORY NO. 4

For each claim identified in response to Interrogatory 3, identify Ametek's claim construction and related evidence.

## Response:

As presently advised, Ametek contends that the terms of the claims in issue with regard to the '214 and '462 patents should be given their ordinary and customary meanings. Ametek reserves the right to amend this response as discovery proceeds and experts are retained..

Respectfully submitted,

Ray L. Weber (0006497)
Renner, Kenner, Greive, Bobak,
Taylor & Weber
Fourth Floor, First National Tower
Akron, Ohio 44308
(330) 376-1242
rlweber@rennerkenner.com

Attorneys for Defendant
Ametek, Inc.

- 21 -

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **Defendant's Answers to Plaintiffs' First Set of Interrogatories (Nos. 1-4)** was served by facsimile and first class mail, postage prepaid upon the following on this 22nd day of October, 2003:

Edmund J. Ferdinand, III          Facsimile:(203) 849-9300
Grimes & Battersby, LLP
488 Main Ave., Third Floor
Norwalk, CT 06851

Stephen N. Weiss          Facsimile: (212) 554-7700
Gregory J. Fleesler
Moses & Singer, LLP
1301 Avenue of the Americas
New York, NY 10019

_____
Ray L. Weber