# EXHIBIT 10

to the Affidavit of Stephen N. Weiss in Support of Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc.'s Motion for Summary Judgment With Respect to Ametek's Through-Flow Causes of Action, and Request for Attorney Fees Pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------x
JOHNSON ELECTRIC INDUSTRIAL          :   CASE NO. 03 CV0098 AVC
MANUFACTORY, LTD. And JOHNSON        :
ELECTRIC NORTH AMERICA, INC.,        :
                                     :   PLAINTIFFS' FOURTH SET OF
            Plaintiffs,              :   INTERROGATORIES (No. 8)
                                     :
    -against-                        :
                                     :
AMETEK, INC.,                        :
                                     :
            Defendant.               :
                                     :
------------------------------------------------x

**PLEASE TAKE NOTICE** that plaintiffs Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc. (collectively, "Plaintiffs" or "Johnson") hereby, pursuant to Rule 33 of the Federal Rules of Civil Procedure, serve upon Defendant the following interrogatories. These interrogatories are to be answered separately in writing under oath within thirty (30) days after the date of service hereof.

## INTERROGATORIES

### INTERROGATORY NO. 8

With respect to each prior interrogatory response asserting that a Johnson motor infringes any claim of any Ametek patent under the doctrine of equivalents, state with specificity:

393049 v.1                                                              Page 1 of 4

A. Each limitation of each claim that is asserted to be infringed under the doctrine of equivalents;

B. Each component of each accused Johnson motor that corresponds to each said limitation; and

C. With respect to each limitation addressed in (A) above,

   (1) Identify in detail

      a) the precise function performed by said limitation, and

      b) the precise manner in which each component of each accused Johnson motor allegedly performs substantially the same function;

   (2) Identify in detail

      a) the precise way in which said limitation performs said function, and

      b) the precise manner in which each component of each accused Johnson motor allegedly performs said function in substantially the same way as the corresponding claim limitation; and

   (3) Identify in detail

      a) the precise result achieved by said limitation, and

      b) the precise manner in which each component of each accused Johnson motor allegedly achieves substantially the same result as the corresponding claim limitation.

Dated: June 16, 2004
      New York, New York

                             MOSES & SINGER, LLP

                             _____

Stephen Norman Weiss (CT 12717)
Gregory J. Fleesler (CT 24491)
1301 Avenue of the Americas
New York, New York 10019
Tel.: (212) 554-7800
Fax: (212) 554-7700

GRIMES & BATTERSBY, LLP
Edmund J. Ferdinand, III (CT 21287)
488 Main Avenue, 3rd floor
Norwalk, CT 06851
Tel.: (203) 849-8300
Fax: (203) 849-9300

*Attorneys for Plaintiffs/Counterclaim Defendants Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing PLAINTIFF'S FOURTH SET OF INTERROGATORIES were served on this the 16th day of June 2004 via Federal Express to Ray L. Weber, Esq., of Renner Kenner Greive Bobak Taylor & Weber, Attorneys for Defendants, located at First National Tower, Fourth Floor, Akron, Ohio 44308-1456.

Michael J. Pospis
MOSES & SINGER LLP
1301 Avenue of the Americas
New York, NY 10019