# EXHIBIT 13

to the Affidavit of Stephen N. Weiss in Support of Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc.'s Motion for Summary Judgment With Respect to Ametek's Through-Flow Causes of Action, and Request for Attorney Fees Pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Johnson Electric Industrial Manufacturing, Ltd. et al. ) ) )   Plaintiffs ) v. ) ) Ametek, Inc. ) ) Defendant ) | Civil Action No: 303CV0098AVC |

### DEFENDANT'S RESPONSES TO PLAINTIFFS' FIFTH SET OF INTERROGATORIES (Nos. 9-10)

Now comes Defendant Ametek, Inc. ("Ametek"), in response to Plaintiff's Fifth Set of Interrogatories (Nos. 9-10).

**INTERROGATORY:**

9. With respect to each trial expert designated by Ametek (i.e., James Shawcross and Roger Smith), set forth with particularity the following:

    a. a complete statement of all opinions to be expressed and the basis and reasons therefor;

    b. the data or other information considered by the witness in forming the opinions;

    c. any exhibits to be used as a summary of or support for the opinions;

    d. the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;

    e. the compensation to be paid for the study and testimony; and

    f. a listing of any other cases in which the witness has testified as an expert

at trial or by deposition within the preceding four years.

**ANSWER:**

Ametek objects to this interrogatory. It is not certain at this time whether James Shawcross or Roger Smith will testify as experts at trial. They have been identified as such only to the extent that their testimony in that capacity may be necessary at trial. It is particularly noted that, while expert reports have been proffered by Johnson for experts that it has retained, those reports are not evidence in this case and, until testimony is elicited consistent with those reports, if at all, will the need for any possible expert testimony by Shawcross or Smith will be known.

With respect to Smith, it is particularly noted that he will likely be testifying primarily as a fact witness on the issue of damages. However, to this date, Johnson has yet to produce any material in response to discovery requests or by way of initial disclosures that will show the volume of sales of the accused products in this matter. In that regard, if such information is produced, Smith will likely not testify as an expert, but as a fact witness with regard to previous royalties obtained by Ametek from Johnson with regard to at least certain of the patents-in-suit. If Johnson is not forthcoming with the requested information, Mr. Smith may be called upon to testify on matters regarding the size of the market involving the accused products, the market share enjoyed by Ametek prior to Johnson's infringement, and damages experienced as a consequence of such infringement. In that regard, Mr. Smith's testimony may require some testimony as an expert witness.

As to James Shawcross, it is presently contemplated that his testimony will be consistent with the testimony given in his prior deposition in this matter, directed primarily to the issues of infringement. It is not contemplated that Mr. Shawcross' testimony will differ in any substantial regard with respect to the testimony previously given in this matter. It is believed that such testimony was given as a fact witness, for that is how he was noticed and deposed.

Ametek further objects to the interrogatories to the extent that they seek to impose upon Ametek an obligation of preparing reports on behalf of experts who are other than retained experts, and such a requirement is not only not contemplated by the Federal Rules, but is expressly outside the Rules.

As to Interrogatory 9(a), it is impossible to know at this time what opinions will be expressed by Shawcross or Smith, until it is apparent what facts/opinions are elicited through the testimony of others at trial. Indeed, at this point, it is not clear what issues will remain for trial. In that regard, the request of Interrogatory 9(c) is also premature. Responses to the remainder of the portions of Interrogatory No. 9 can certainly be obtained from Smith and Shawcross at their depositions.

**INTERROGATORY:**

10. With respect to each statement made within each of Johnson's expert witness reports served in this action (i.e., those of Roger Baines, Professor John R. Thomas, Professor Joseph Straus, Arturo Reyes, and Douglas Clark) or in any of the exhibits attached thereto, set forth with particularity:

    a. each contradictory or inconsistent statement that Ametek will present and/or rely

-3-

upon in this action; and

    b.    the basis and reasons for each such contradictory or inconsistent statement, including but not limited to:

    i.    all facts Ametek will present and/or rely upon in support of each such contradictory or inconsistent statement, and the exhibits to be used as a summary thereof or in support therefor; and

    ii.    all legal argument Ametek will present and/or rely upon in support of each such contradictory or inconsistent statement, and the legal authority and/or exhibits to be used as a summary thereof or in support therefor.

**ANSWER:**

Ametek objects to this interrogatory for the reasons presented above with regard to Interrogatory No. 9. Moreover, it is not at all certain that any of the expert witness reports of Johnson will withstand a motion in limine under *Daubert*. Accordingly, it is not incumbent upon Ametek, whose expert witnesses are not required to submit reports, to opine with respect to the purported expert reports of Johnson. Johnson has had ample opportunity to, and indeed has, undertaken extensive discovery with respect to Ametek and should fully have developed on the record the positions of Ametek with respect to the issues in this matter. In that regard, objection is made under Rule 26(b)(1 & 2). Specifically, the discovery now sought is unreasonably cumulative and duplicative, has been obtained from other sources, and the burden or expense of undertaking this discovery outweighs its likely benefit.

It is specifically presented that the reports advanced as expert reports do not satisfy the requirements of Rule 26(a)(2) and, to the extent they are advanced as containing a complete

-4-

statement of all opinions to be expressed and the basis and reasons therefore, the opinions fall far short as being of a conclusory nature, or as being advanced on issues of law.

Subject to the objections presented above, the prior deposition testimony of Shawcross addresses the issues of infringement as repudiated by Baines in his report. Moreover, it would be difficult indeed to respond to the Baines report, which effectively abandons the patent claim language, in favor of self serving attenuated versions of the claims. Rather than assess infringement/invalidity, the Baines report is replete with conclusory remarks that are unsupported by the record. By way of example, in the middle of page 7 of his report, Baines addresses the issue of the length of the diffuser ramps, but never addresses the fact that the Johnson motor has ramps that continue both at the top of the entrance and at the side of the entrance of the opening at which Johnson says its ramp terminates. At most, the expert report of Baines, and those of the others, as well, make broad sweeping generalizations regarding the prior art and claims themselves, while disregarding the actual teachings of the prior art or the specific language of the claims.

Respectfully submitted,

*/s/ Ben A. Solnit*

Ben A. Solnit (CT00292)
Tyler, Cooper & Alcorn, LLP
205 Church Street
New Haven, CT 06510
Tel: 203-784-8205
Fax: 203-777-1181
Solnit@tylercooper.com

Ray L. Weber
Renner, Kenner, Grieve, Bobak,
Taylor & Weber
Fourth Floor, First National Tower
Akron, Ohio 44308
(330) 376-1242
(330) 376-9646
rlweber@rennerkenner.com

Attorneys for Defendant, Ametek, Inc.

## CERTIFICATE OF SERVICE

A true copy of the foregoing **DEFENDANT'S RESPONSES TO PLAINTIFFS' FIFTH SET OF INTERROGATORIES (Nos. 9-10)** was served upon the following this 17th day of January, 2006, as indicated:

Edmund J. Ferdinand, III (203) 849-9300
Grimes & Battersby, LLP                    (first class mail)
488 Main Ave., Third Floor
Norwalk, CT 06851

Stephen N. Weiss (212) 554-7700
Moses & Singer LLP                         (overnight mail)
405 Lexington Ave.
The Chrysler Building
New York, NY 10174

_____
Ray L. Weber