# EXHIBIT 21

**to the Affidavit of Stephen N. Weiss in Support of Johnson Electric Industrial
Manufactory, Ltd. and Johnson Electric North America, Inc.'s Motion for
Summary Judgment With Respect to Ametek's Through-Flow Causes of Action,
and Request for Attorney Fees Pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927**

# INTERNATIONAL PATENT LITIGATION

## A Country-by-Country Analysis

Including 2005 Supplement

MICHAEL N. MELLER
Editor

The Bureau of National Affairs, Inc.
Washington, D.C. 20037

# MEXICO

## (MX)

*prepared by Sergio L. Olivares and A. Cesar Ramos and updated by Alejandro Luna*

## I. INTRODUCTION

Mexico is a democratic republic with a federal government system. The Mexican legal system has its origin in Roman law and has also been greatly influenced by French law, more particularly by the Napoleonic Code. Thus, it is based on written civil law, although custom has its place within the system. Lawsuits of every type follow a written procedure, with some exceptions to the rule, as in the case of offenses committed by certain public officers where a jury system applies. Generally, jurisprudence and precedents of the Supreme Court and the Collegiate Circuit Courts are mandatory in decisions of federal judges of the lower courts in litigation and also weigh heavily in the resolutions of administrative authorities.

Article 28 of the Federal Constitution allows the right of the people to legal protection of intellectual and artistic creations or inventive talents, expressly establishing that the Mexican government may grant temporary "privileges" to authors and artists for the reproduction of their works and to those who invent or perfect something, a temporary "privilege" for the exclusive use of their inventions and improvements. The temporary privilege granted to an inventor for the exclusive use of his invention, that is, the patent, whether by himself or by authorized third parties, originates in the highest law of the country.

The law regulating patents is the Mexican Law of Industrial Property (LIP) published in the *Federal Government Gazette* of June 27, 1991, amended by publication in the *Federal Government Gazette* of August 2, 1994, in operation as of October 1, 1994. This law is applied by the Mexican Institute of Industrial Property (IMPI), an administrative agency related to the federal government, created by the federal government by Decree of November 22, 1993, published in the *Federal Government Gazette* of December 10, 1993.

## II. PATENT INFRINGEMENT

Article 9 of the LIP establishes that any individual who makes an invention, utility model, or industrial design, or his assignee, will have the exclusive right of exploiting the same to his benefit either by himself or by authorized third parties. This exclusive right is obtained through the corresponding patent in the case of patentable inventions or registra-

the appeal deals with the legal rather than the technical aspects of the case.

## 8. Proving Infringement

The Mexican Industrial Property Law (LIP) grants a patentee the right to the exclusive exploitation of the patented invention. Therefore, a patent gives the right to exclude others from making, using, offering to sale, or importing the covered invention. Briefly, in a patent infringement action the plaintiff must prove the following:

(1) Ownership or recorded license over a granted, valid, and full in force patent. Generally, a certified copy of the file wrapper of the patent prosecution is enough to prove these requirements. However, the validity of the patent may be challenged by the defendant.

(2) Someone uses, makes, offers to sell, or imports the patented invention. The Mexican LIP establishes direct infringement over the manufacturer. However, infringement against sellers requires evidence of prior notice of the alleged infringement. When the plaintiff claims infringement of a patented process, the defendant has the burden of proving the usage of a process different than the patented one. There are no grounds in the LIP to apply the contributory infringement doctrine, namely, the action against the persons who assist direct patent infringers only.

(3) The usage of invention covered by the patent. Pursuant to the Mexican LIP, literal infringement is recognized only; no infringement under the doctrine of equivalence is provided. The plaintiff should prove that the wording of the patent's claim or claims covers the alleged infringing product or process. First, the plaintiff must define the scope of the approved claims. The LIP provides that the span of the claims is determined by the wording of the claims aided by the description and drawings. Interpretation of the claims and the use of the patented invention on the infringing product or process are technical issues. Therefore, infringement actions may require proof of experts even though the technical area of the Mexican PTO will render a technical report to its legal area as an expert in patent matters.

About evidence under the general principles of Mexican law, the person who affirms is obligated to prove. Thus, a plaintiff in patent litigation is required by the law to prove the existence of the infringement. In this respect, the LIP does not regulate the manner in which an infringement is to be proven. Consequently, the Federal Code of Civil Procedures is applied as a supplement to the LIP.

Under the Federal Code of Civil Procedures, the following are accepted as evidence: (a) depositions; (b) public documents;