# EXHIBIT 24

to the Affidavit of Stephen N. Weiss in Support of Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc.'s Motion for Summary Judgment With Respect to Ametek's Through-Flow Causes of Action, and Request for Attorney Fees Pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927

## Stephen Weiss

**From:** Ray Weber [rlweber@rennerkenner.com]
**Sent:** Monday, February 13, 2006 1:50 PM
**To:** Stephen Weiss
**Cc:** Michael Pospis
**Subject:** Re: Johnson v. Ametek

Stephen Weiss wrote:

> Ray: Thank you for telling me after we have booked our plane and hotel, and have prepared to go. I will no[w]
> cancel everything, without prejudice to any rights we have concerning our claim that this is an exceptional
> case, and any and other remedies we may have to recover legal fees and costs. I look forward to your updaed
> interrgatories.
>
> regards,
>
> stephen
>
> -----Original Message-----
> From: Ray Weber [mailto:rlweber@rennerkenner.com]
> Sent: Mon 2/13/2006 11:13 AM
> To: Stephen Weiss
> Subject: Johnson v. Ametek
>
> Dear Steve:
>
> Please have Roger Baines and Professor Thomas hold March 7-10 for depositions. At this time, I know that I
> will want to take Roger's deposition, but am still not certain whether I will need to take Professor Thomas. I
> hope to clear that up sometime within the week.
>
> <u>Presently, it is our intent to drop the '180 and '214 patents</u>. I will give you a formal letter or updated answer to
> interrogatories in that regard.
>
> As to Shawcross and Smith, I do not believe that either will be used in the context of an expert. Smith's
> testimony, as I presently view it, will be of a factual nature. The testimony of Shawcross will, as to matters of
> which I am presently informed and which are apparent from the expert reports that you have provided, be of a
> nature consistent with his prior deposition, which you took as a fact witness. In that regard, I anticipate that he
> will testify as to issues of infringement and, to the extent that he may testify with regard to the prior art or
> validity issues, he will be testifying as a person skilled in the art, but not as an expert. Accordingly, it is
> probably not necessary for you to take either of their depositions in the context of expert testimony. We
> should probably discuss this.
>
> Finally, as to the Protective Order, I believe that your proposal is acceptable, except that paragraph 5 will need
> to be deleted. As you know, my firm and I have represented Ametek for decades in matters respecting patent
> preparation and prosecution. We have continued to do so during the pendency of this litigation. Moreover,
> paragraph 2 makes it clear that "any Discovery Materials produced in this action shall be used only in this
> particular action and not for any other action or business purpose," which should cover the intended
> proscription of paragraph 5. In like manner, paragraph 10 provides that persons obtaining information under
> this Protective Order "shall use that designated information only in connection with the prosecution, defense
> or appeal of this litigation, and shall neither use such designated information for any other purpose nor
> disclose such designated information to any person that is not permitted access to such designated information
> by this Order." Again, this paragraph gives more than ample protection for what could have legitimately been
> contemplated with regard to paragraph 5.
>
> With the deletion of paragraph 5, and the removal of any references to it otherwise in the Stipulated Protective

Order, and with the renumbering of subsequent paragraphs, I believe that the proposed Stipulated Protective Order is in condition for execution and entry.

Please let me hear from you.

Sincerely,

Ray L. Weber

Steve:

We discussed this topic on several occasions before, and I told you I would let you know as soon as possible with regard to the status of Shawcross and Smith. I had the opportunity over the weekend to again review your expert reports and to consider the testimony that might be elicited from Smith and Shawcross. I confirmed, as I told you on occasions before, that Smith's testimony will be primarily of a factual nature and that Shawcross will testify consistent with his prior deposition. Remember, I cautioned you in our prior telephone discussions that the only reason I listed Shawcross and Smith as experts was out of an abundance of caution, although I expected their testimony to be of a factual nature. In any event, having confirmed what we discussed earlier, I simply advised you at the earliest possible time.

Turning now to the specific issue of your email to me, you state in the second sentence "I will no cancel everything," and I am not certain whether you intended "I will not cancel everything," or whether you intended "I will now cancel everything." Please let me hear from you, and you might want to note the request of my earlier email that we discuss the matter.

Please give me a call.

Sincerely,

Ray
(330) 761-6662

IRS CIRCULAR 230 DISCLOSURE:
To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. tax advice contained in this communication (including any attachments)
is not intended or written to be used, and cannot be used, for the purpose of
(i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing
or recommending to another party any transaction or matter addressed herein.

*************************************************************************

This message is being sent from a Law Firm and may contain CONFIDENTIAL or
PRIVILEGED information. If you are not the intended recipient, do not printout, copy
or distribute this message or any attachments. Advise the sender immediately by
reply e-mail, and delete this message and attachments without retaining a copy.