UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x
                                                         :
JOHNSON ELECTRIC INDUSTRIAL                              :
MANUFACTORY, LTD. and JOHNSON                            :
ELECTRIC NORTH AMERICA, INC.,                            :    CASE NO. 03CV0098AVC
                                                         :
                    Plaintiffs,                          :
                                                         :
        -against-                                        :
                                                         :
AMETEK, INC.,                                            :
                                                         :
                    Defendant.                           :
                                                         :
---------------------------------------------------------x

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JOHNSON ELECTRIC INDUSTRIAL MANUFACTORY, LTD. AND JOHNSON
ELECTRIC NORTH AMERICA, INC.'S OPPOSITION TO AMETEK, INC.'S
MOTION FOR SUMMARY JUDGMENT REGARDING INFRINGEMENT AND
VALIDITY OF U.S. PATENT 6,695,580**

519987 007171.0103

By and through its undersigned counsel, declaratory judgment Plaintiffs Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America (collectively, "Johnson") submit this Memorandum of Points and Authorities in Opposition to Defendant Ametek, Inc.'s ("Ametek") Motion for Partial Summary Judgment Regarding Infringement and Validity of U.S. Patent 6,695,580 (the "Ametek Motion"). This Opposition is supported by the instant Memorandum of Points and Authorities; Johnson's Local Rule 56(a)(2) Statement, and the Appendix attached hereto.

## I.   PRELIMINARY STATEMENT

On May 1, 2006, Johnson filed a motion (the "Johnson Motion") seeking summary judgment that, among other things, that claims 1 and 2 of Ametek's U.S. Patent No. 6,695,580 (the "'580 patent") are (1) invalid under 35 U.S.C. § 102(b) because it is anticipated by Japanese Patent No. 03-018,699 (the "Japanese '699 patent"), and (2) invalid due to obviousness-type double patenting as not patentably distinct from claims 11 and/or 20 of Ametek's U.S. Patent No. 6,439,843 (the "'843 patent").[1]

On May 1, 2006, Ametek filed a motion (the "Ametek Motion") seeking partial summary judgment that the '580 patent is (1) not invalid due to obviousness-type double patenting (the "Ametek Motion"), and (2) infringed.

---

[1] Relevant pages of Johnson's Memorandum of Points and Authorities in support of the Johnson Motion (the "Johnson Moving Brief"), as well as the exhibits referenced in those pages (Exhibits D (the '843 patent), E (the '580 patent), M (the parties' Joint Claim Construction Statement), and U (the Japanese '699 patent)), are respectively attached as Exhibits A, D, E, M, and U to the Appendix hereto. The Affidavit authenticating Exhibits D, E, M, and U, along with the exhibits themselves, were filed with the Johnson Moving Brief on May 1, 2006, and are therefore already of record in this case. The bases for Johnson's invalidity argument, having been fully briefed, are herein incorporated by reference.

519987 007171.0103

Johnson, by its opposition herein, agrees that if the '580 patent were valid, the accused Johnson motors would be infringements. It is respectfully submitted, however, that the '580 patent is invalid and therefore cannot be infringed.

## II. ARGUMENT

### A. The '580 Patent is Invalid

#### 1. Claims 1 and 2 of the '580 Patent Are Invalid Due to Anticipation

The Johnson Motion establishes that claims 1 and 2 of the '580 patent are invalid under 35 U.S.C. § 102(b) because it is anticipated by the Japanese '699 patent. (Appendix hereto, at Exhibit A (the Johnson Moving Brief), at pp. 23-29.)

#### 2. Claims 1 and 2 of the '580 Patent Are Invalid Due to Double Patenting

##### a. Claims 1 and 2 of the '580 Patent Are Not Patentability Distinct From Claims 11 and 20 of the '843 Patent

Ametek argues that double patenting doesn't apply because the '580 patent recites the "patentably distinct feature" of the "relative orientation between the working air fan and the vanes or channels" (i.e., that the "channels extend from an inner periphery in circumferential alignment with the outer periphery of the working air fan"), a feature, Ametek claims, that is missing from the '843 patent.[2] That argument is not correct.

The relative orientation between the fan and the channels leading from the fan to the exhaust is very simple: the channels start at the outer edge of the fan, where the air flow to

---

[2] Memorandum of Law in Support of the Ametek Motion ("Ametek Brief"), at. p. 11.

be exhausted is generated and lead to the exhaust. That is the exact orientation taught and disclosed in claim 11 of Ametek's '843 patent.[3]

Claim 2 of the '580 patent is likewise invalid due to double patenting, because claim 20 of the '843 patent explicitly discloses all the features set forth in that claim.[4]

### b. Ametek's Arguments Regarding its Putative Filing of a Terminal Disclaimer Should Be Rejected

Ametek claims, as a "remedy" for the double patenting extant between the '580 and '843 patents, that it can file a terminal disclaimer whenever it likes.[5]

***First***, as of the date of submission of the Ametek Motion, Ametek has not made any such filing.

***Second***, it is unclear whether a terminal disclaimer, if filed at some point in the future, would have any effect on the current litigation. (*See, Perricone v. Medicis Pharmaceutical Corp.*, 432 F.3d 1368, 1375 (Fed. Cir. 2005) (noting that while the patentee "might still file a terminal disclaimer to overcome prospectively the double patenting basis for invalidity, this court makes no determination about the retrospective effect of such a terminal disclaimer") (emphasis added).)

***Third***, Ametek's argument that a terminal disclaimer is unnecessary due to the common ownership and expiration dates of the '580 and '843 patents[6] is legally incorrect.

---

[3] *See,* Appendix hereto, at Exhibit A (Johnson Moving Brief), at p. 31 ("Claim 11 of the '843 patent necessarily discloses this feature. *First,* the passageways responsible for directing the exhausted air toward an exhaust aperture 'extend from an inner periphery in a proper state of adjustment or in a straight line position with the outer periphery of [the] working air fan,' to ensure that those passageways capture the exhausted working air.") Said passageways then channel the air from the edge of the fan to the exhaust.

[4] *Id.,* at p. 32 (citations omitted).

[5] Ametek Brief, at pp. 11-12.

Those facts do not vitiate the need for a terminal disclaimer in a double patenting situation; a terminal disclaimer will only eliminate invalidity due to double patenting when it "[i]nclude[s] a provision that [the] patent ... shall be enforceable only for and during such period that said patent is commonly owned with the application or patent which formed the basis for the judicially created double patenting."[7] This requirement eliminates the "possibility of multiple suits against an infringer by assignees of related patents," and "has long been recognized as one of the concerns behind the doctrine of double patenting."[8]

If Ametek wanted to avoid invalidity due to double patenting, it was required, as a condition precedent to validity, to disclaim enforceability in the event common ownership ceased. No such disclaimer has been filed.

### B.   The '580 Patent is Not Infringed

As established above, the '580 patent is invalid either on the ground of anticipation (a subject not addressed by Ametek in their instant Motion), or on the ground of obviousness-type double patenting. (*Supra*, at pp. 2-4.) Accordingly, even assuming Johnson's accused motors fall within the scope of the '580 patent's claims, Johnson is not liable for infringement. (*See, Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1379 (Fed. Cir. 2003) ("we do not consider the issue of infringement of the invalid claims"); *Pandrol U.S.A., LP v. Airboss Railway Products, Inc.*, 320 F.3d 1354, 1365 (Fed. Cir. 2003).)

---

[6] *Id.*, at p. 12.

[7] 37 C.F.R. § 1.321.

[8] Chisum, Patents, § 9.04[2][b][ii]. *See also, In re Van Ornum*, 686 F.2d 937, 944 (C.C.P.A. 1982) (upholding the U.S. Patent and Trademark Office's non-alienation requirement).

## III.  CONCLUSION

For the foregoing reasons, it is respectfully submitted that the Ametek Motion be denied in its entirety.

Dated:  June 8, 2006
       New York, New York

Respectfully submitted,

Stephen Norman Weiss
(CT Fed. Bar No. CT 12717)
Gregory J. Fleesler
(CT Fed. Bar No. CT 24491)
MOSES & SINGER, LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel.: (212) 554-7800
Fax: (212) 554-7700

Edmund J. Ferdinand, III
(CT Fed. Bar. No. CT 21287)
GRIMES & BATTERSBY, LLP
488 Main Street 3rd floor
Norwalk, CT 06851
Tel.: (203) 849-8300
Fax: (203) 849-9300

*Attorneys for Plaintiffs/Counterclaim Defendants Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc.*