UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
JOHNSON ELECTRIC INDUSTRIAL        :
MANUFACTORY, LTD. and JOHNSON      :
ELECTRIC NORTH AMERICA, INC.,      :    CASE NO. 03CV0098AVC
:
                Plaintiffs,    :
:
      -against-                        :
:
AMETEK, INC.,                      :
:
                Defendant.    :
:
---------------------------------------------------------x

**LOCAL RULE 56(a)2 STATEMENT
IN SUPPORT OF JOHNSON ELECTRIC INDUSTRIAL MANUFACTORY, LTD.
AND JOHNSON ELECTRIC NORTH AMERICA, INC.'S OPPOSITION TO
AMETEK, INC.'S MOTION FOR SUMMARY JUDGMENT REGARDING
<u>INFRINGEMENT AND VALIDITY OF U.S. PATENT NO. 6,695,580</u>**

Declaratory judgment Plaintiffs Johnson Electric Industrial Manufactory, Ltd. ("JEI") and Johnson Electric North America, Inc. ("JENA") (collectively, "Johnson") submit, pursuant to D. Conn. L. Civ. R. 56(a)2, this Statement in response to Defendant Ametek, Inc.'s ("Ametek") Local Rule 56(a)1 Statement in support of its Motion for Partial Summary Judgment Regarding Infringement and Validity of U.S. Patent 6,695,580 (the "Ametek Motion").[1]

---

[1] This Statement accompanies Johnson's Memorandum of Points and Authorities in Support of its Opposition to the Ametek Motion (the "Johnson Opposition Brief"). Attached to the Johnson Opposition Brief are excerpted pages from Johnson's Memorandum of Points and Authorities in Support of Johnson's Motion for Summary Judgment of, *inter alia*, Invalidity of the '580 patent (the "Johnson Moving Brief"), as well as exhibits cited in the excerpted pages.

1.  Johnson ADMITS that the facts identified in ¶ 1 of Ametek's Local Rule 56(a)1 Statement are undisputed.

2.  Johnson ADMITS that the facts identified in ¶ 2 of Ametek's Local Rule 56(a)1 Statement are undisputed.

3.  Johnson ADMITS that the facts identified in ¶ 3 of Ametek's Local Rule 56(a)1 Statement are undisputed.

4.  Johnson DENIES that the facts identified in ¶ 4 of Ametek's Local Rule 56(a)1 Statement are undisputed. Johnson is uncertain as to the meaning of the vague, undefined term "mutually exclusive elements" as used by Ametek.

5.  Johnson DENIES that the facts identified in ¶ 5 of Ametek's Local Rule 56(a)1 Statement are undisputed. As a matter of law, claims 1 and 2 of U.S. Patent No. 6,695,580 (the "'580 patent") are mere obvious variations of claims 11 and/or 20 of Ametek's U.S. Patent No. 6,439,843 (the "'843 patent"), and are hence invalid due to obviousness-type double patenting. (*See*, Appendix to the Johnson Opposition Brief, at Exhibit A (Johnson Moving Brief), at pp. 30-32; *id.*, at Exhibit D (the '843 patent), at col. 8:12-23, 26-27, 29-34, 10:28-29; *id.*, at Exhibit E (the '580 patent), at col. 8:2-24; *id.*, at Exhibit M (the parties' February 24, 2005 Joint Claim Construction Statement), at pp. 6-7, 9.)

6.  Johnson respectfully submits that there is no issue of material fact as to which there is a genuine issue to be tried with respect to the validity of the '580 patent.

Dated: June 8, 2006
New York, New York

Respectfully submitted,

*[signature]*

Stephen Norman Weiss
(CT Fed. Bar No. CT 12717)
Gregory J. Fleesler
(CT Fed. Bar No. CT 24491)
MOSES & SINGER, LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel.: (212) 554-7800
Fax: (212) 554-7700

Edmund J. Ferdinand, III
(CT Fed. Bar. No. CT 21287)
GRIMES & BATTERSBY, LLP
488 Main Street 3rd floor
Norwalk, CT 06851
Tel.: (203) 849-8300
Fax: (203) 849-9300

*Attorneys for Plaintiffs/Counterclaim Defendants Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc.*

3