UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Johnson Electric Industrial Manufactory, Ltd. et al.<br><br>　　　Plaintiffs<br>v.<br><br>Ametek, Inc.<br><br>　　　Defendant | )<br>)<br>)　Civil Action No: 303CV0098AVC<br>)<br>)<br>)<br>)<br>)<br>)　June 12, 2006 |

**LOCAL RULE 56(a)(2) STATEMENT OF AMETEK, INC. IN OPPOSITION TO JOHNSON ELECTRIC INDUSTRIAL MANUFACTORY LTD. AND JOHNSON NORTH AMERICA INC.'S MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO AMETEK'S THROUGH-FLOW CAUSES OF ACTION AND REQUEST FOR ATTORNEY FEES PURSUANT TO 35 U.S.C. §285 AND 28 U.S.C. §1927**

Pursuant to D.Conn.L.Civ.R. 56 (a)2, Defendant, Ametek, Inc. ("Ametek"), asserts that there are genuine issues to be tried with respect to the material facts advanced by Plaintiffs (collectively, "Johnson") in connection with their Motion for Summary Judgment identified in the caption, above.

Below, Ametek responds to the six (6) purported uncontested material facts in the same paragraphical order as advanced by Johnson:

1. Admitted.

2. Denied. Ametek's cause of action with regard to the through-flow motors was

only with regard to two U.S. patents, the '214 and '180 patents. The contentions regarding the six foreign patents of six foreign countries was embodied in the breach of contract causes of action, numbered Eleventh and Twelfth in the First Amended Counterclaims of Defendant Ametek, Inc. (Weiss Aff., Ex. 6 attached to Johnson's Brief).

3. Denied. Costs and attorneys fees under 35 U.S.C. § 285 were only requested pursuant to the patent infringement causes of action, not the contract causes of action. (Weiss Aff., Ex. 6 attached to Johnson's Brief).

4. Denied, to the extent that it is contended that the actions were reasonable and necessary, and to the extent that it is expected that Ametek would have any knowledge of such activities. It would certainly not be reasonable or necessary to "travel around the world to interview and retain foreign law experts," with whom correspondence is typically made by email, telephone or facsimile. Ametek is not aware of or privy to any "international prior art searches," for the art advanced by Johnson belies any extensive effort in that regard, and Ametek therefore denies the statement. (Weiss Aff., Exs. 14-18 to Johnson's Brief). Ametek is unaware of any documents retrieved from "various Johnson international locations," and therefore denies the statement, although Ametek does acknowledge that Johnson's headquarters and manufacturing facilities are located in China. Ametek admits that Johnson deposed Ametek's personnel in

2

Ohio, just as Ametek deposed Mr. Baines in New York. Ametek denies that the expert reports prepared by Johnson were reasonable or necessary, in that they address issues over which this Court has no jurisdiction, and they fail to satisfy the requirements of the Federal Rules of Civil Procedure and *Daubert*. (Weiss Aff. Exs. 14-18 to Johnson's Brief).

5. Denied. To begin, Ametek took the deposition of the only witness it deemed necessary to depose - - Roger Baines. Further, to the extent the statement suggests that experts were required for this case, Ametek denies the same. (Weber Aff., ¶¶ 4-10, attached to Ametek's Brief as Ex. B).

6. Denied. Ametek designated two potential expert witnesses, and advised Johnson immediately following their designation that they would likely not be used as experts, but as fact witnesses only. After the potential witnesses and Ametek's counsel had an opportunity to confer, the determination was made that they would not testify as experts and, consistent with the assurances previously given to Johnson's counsel, such counsel was immediately advised. (Weber Aff., ¶¶ 6 and 7, attached to Ametek's Brief as Ex. B) (Shawcross Aff., ¶11, attached to Ametek's Brief as Ex. A).

**Disputed Issues of Material Fact**

The following issues of material fact may need to be tried, although it is presented that, taking the facts advanced by Johnson in a light most favorable to Ametek, Johnson's Motion must fail.

1. Has Ametek asserted and maintained infringement by Johnson's through-flow motors of "73 patent claims, involving 8 patents in 7 different countries"?

2. Does Ametek seek recovery under 35 U.S.C. §285 apart from its charges of infringement regarding U.S. patents?

3. Was it reasonable and necessary for Johnson, during this litigation, to travel around the world to interview and retain foreign law experts, or to prepare and provide 5 expert reports submitted in this case and, in that regard, are the reports necessary or admissible, or are they directed to matters over which this Court has no jurisdiction and inconsistent with the requirements of the Federal Rules and *Daubert*?

4. Did Ametek, the owner of patents enjoying a presumption of validity, and the beneficiary of the Patent License Agreement, demonstrate bad faith by undertaking discovery through interrogatories and document requests and one deposition, and without retaining expert witnesses?

4

5. Did Ametek withdraw the designations of its 2 in-house experts in a timely manner?

_____
Ray L. Weber (CT 02148)
Renner, Kenner, Grieve, Bobak,
    Taylor & Weber
Fourth Floor, First National Tower
Akron, Ohio 44308
Telephone: (330) 376-1242
Facsimile: (330) 376-9646
rlweber@rennerkenner.com

Ben A. Solnit (CT 00292)
Tyler, Cooper and Alcorn, LLP
205 Church Street
New Haven, CT 06510
Telephone: (203) 784-8205
Facsimile: (203) 777-1181
bsolnit@tylercooper.com


Attorneys for Defendant
Ametek, Inc.

5

## CERTIFICATE OF SERVICE

A true copy of the foregoing **LOCAL RULE 56(a)(2) STATEMENT OF AMETEK, INC. IN OPPOSITION TO JOHNSON ELECTRIC INDUSTRIAL MANUFACTORY LTD. AND JOHNSON NORTH AMERICA INC.'S MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO AMETEK'S THROUGH-FLOW CAUSES OF ACTION AND REQUEST FOR ATTORNEY FEES PURSUANT TO 35 U.S.C. §285 AND 28 U.S.C. §1927** filed and served via first class mail, postage prepaid upon the following this 12th day of June, 2006.

Edmund J. Ferdinand, III, Esq.            (First-Class Mail)
Grimes & Battersby, LLP
488 Main Ave., Third Floor
Norwalk, CT 06851

Stephen N. Weiss, Esq.                    (Overnight Mail)
Gregory J. Fleesler, Esq.
Moses & Singer LLP
1301 Avenue of the Americas
New York, NY 10019

_____
Ben A. Solnit (CT 00292)