UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Johnson Electric Industrial Manufactory, Ltd. et al. | ) ) ) | Civil Action No: 303CV0098AVC |
| Plaintiffs | ) ) | |
| v. | ) ) | |
| Ametek, Inc. | ) ) | |
| Defendant | ) | July 7, 2006 |

**AMETEK, INC.'S REPLY TO THE MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF JOHNSON ELECTRIC INDUSTRIAL
MANUFACTORY, LTD. AND JOHNSON ELECTRIC NORTH
AMERICA, INC.'S OPPOSITION TO AMETEK, INC.'S MOTION
FOR SUMMARY JUDGMENT REGARDING INFRINGEMENT AND
VALIDITY OF U.S. PATENT 6,695,580**

Ray L. Weber (CT 02148)
Renner, Kenner, Greive, Bobak,
    Taylor & Weber
Fourth Floor, First National Tower
Akron, Ohio 44308
Telephone:  (330) 376-1242
Facsimile: (330) 376-9646
rlweber@rennerkenner.com

Ben A. Solnit (CT 00292)
Tyler, Cooper and Alcorn, LLP
205 Church Street
New Haven, CT 06510
Telephone:  (203) 784-8205
Facsimile:  (203) 777-1181
bsolnit@tylercooper.com

Attorneys for Defendant
Ametek,Inc.

TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF AUTHORITIES ................................................................................................... ii

I. PRELIMINARY STATEMENT ......................................................................................... 1

II. ARGUMENT ...................................................................................................................... 2

      A. The '580 Patent Is Valid .......................................................................................... 2

      1.     The '699 Japanese Patent Does Not Anticipate The Claims Of The '580 Patent ... 2

      2.     There Is No Double Patenting ............................................................................... 2

          a.    Claims 1 And 2 Of The '580 Patent Are Patentably Distinct From
              Claims 11 And 20 Of The '843 Patent. ................................................................ 2

          b.    The Effect Of A Terminal Disclaimer ................................................................ 4

      B. The '580 Patent Is Infringed .................................................................................... 5

III.    CONCLUSION ................................................................................................................ 6

# TABLE OF AUTHORITIES

<u>Cases</u>

*Eli Lilly & Co. v. Barr Labs, Inc.*,
251 F.3d 955(Fed. Cir. 2001) ........................................................................................................ 3

*Geneva Pharmaceuticals, Inc. v. GlaxoSmithKline, PLC*,
349 F.3d 1373(Fed. Cir. 2003) ...................................................................................................... 2

*Perricone v. Medicis Pharmaceutical Corp.*,
432 F.3d 1368,(Fed. Cir. 2005) ..................................................................................................... 4

<u>Statutes and Regulations</u>

35 U.S.C. § 1.02(b)......................................................................................................................... 2

37 C.F.R. § 1.321(a) .................................................................................................................. 4, 5

37 C.F.R. § 1.321(c)(3) .................................................................................................................. 4

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Johnson Electric Industrial | ) | |
| Manufactory, Ltd. et al. | ) | |
| | ) | Civil Action No: 3:03CV0098AVC |
| Plaintiffs | ) | |
| v. | ) | |
| | ) | |
| Ametek, Inc. | ) | |
| | ) | |
| Defendant | ) | July 7, 2006 |

**AMETEK, INC.'S REPLY TO THE MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF JOHNSON ELECTRIC INDUSTRIAL
MANUFACTORY, LTD. AND JOHNSON ELECTRIC NORTH
AMERICA, INC.'S OPPOSITION TO AMETEK, INC.'S MOTION
FOR SUMMARY JUDGMENT REGARDING INFRINGEMENT AND
VALIDITY OF U.S. PATENT 6,695,580**

Now comes Defendant, Ametek, Inc. ("Ametek"), in reply to the opposition ("Opposition Brief")

of Plaintiffs, Johnson Electrical Industrial Manufactory, Ltd. and Johnson Electric North America,

Inc. (jointly "Johnson"), identified in the caption above.

### I. PRELIMINARY STATEMENT

As noted in the Preliminary Statement of Johnson's Opposition Brief, there are cross motions

pending for summary judgment on various issues regarding Ametek's U.S. Patent 6,695,580 ("the

'580 patent"). Notably, in its Preliminary Statement in its Opposition Brief, Johnson admits to

infringement of the '580 patent. (Opposition Brief, p. 2). Johnson defends with the contention that

the '580 patent is invalid, but even there it abandons its contentions of "same invention" doubling

patenting, refusing to address Ametek's Motion for Partial Summary Judgment Regarding

Infringement and Validity of U.S. Patent 6,695,580 ("Ametek's Motion") in that regard. Its

1

remaining arguments of invalidity are hollow and fall far short of the clear and convincing evidence

required to prove patent invalidity. *Geneva Pharmaceuticals, Inc. v. GlaxoSmithKline, PLC*, 349 F.3d

1373, 1377 (Fed. Cir. 2003). As a starting point, Johnson's admission of infringement and its failure

to address "same invention" double patenting are bases for summary judgment on at least those two

issues.

## II. ARGUMENT

### A.  The '580 Patent Is Valid

#### 1.    The '699 Japanese Patent Does Not Anticipate The Claims Of The '580 Patent.

Johnson contends that claims 1 and 2 of the '580 patent are anticipated under 35 U.S.C. §102(b)

by the '699 Japanese patent. (Opposition Brief, p.2). The deficiencies of Johnson's contentions are

set forth in detail at pages 11 and 12 of Ametek Inc.'s Opposition to Johnson Electric Industrial

Manufactory Ltd. and Johnson Electric North America, Inc.'s Motion for Summary Judgment of Non-

Infringement of U.S. Patent Nos. 6,166,462 and 6,439,843 and for Invalidity of U.S. Patent No.

6,695,580. As set forth therein, the '699 Japanese patent falls far short of anticipation of either of

claims 1 and 2 of the '580 patent. Indeed, the '699 Japanese patent was of record in the prosecution

of the '580 patent, and the Examiner allowed the latter over the former

#### 2.    There Is No Double Patenting.

##### a.    Claims 1 And 2 Of The '580 Patent Are Patentably Distinct From Claims 11 And 20 Of The '843 Patent.

While any comparison of claims 1 and 2 of the '580 patent and claims 11 and 20 of the

'843 patent demonstrate remarkable differences, Ametek has presented, by way of example, that the

claims of the '580 patent recite that "said channels extend from an inner periphery in circumferential

2

alignment with the outer periphery of the said working air fan toward an outer periphery of said end bracket." No claims of the '843 patent disclose or suggest any relative orientation between the working air fan and the vanes or channels. Thus, because no claims even begin to address this patentably distinct feature, claim 1 of the '580 patent cannot be an obvious variation of the claims of the '843 patent. The same, of course, is true for claim 2 of the '580 patent which depends from claim 1.

Understandably, Johnson ignores this very specific recitation and orientation in the '580 patent claims, and makes broad sweeping characterizations of claim 11 of the '843 patent. (Opposition Brief, pp.2-3). But a review of claim 11 of the '843 patent shows a total absence of any reference whatsoever to the structure quoted above from claim 1 of the '580 patent, which provides a very specific relative orientation between the working air fan and the vanes or channels. In fact, claim 11 of the '843 patent and the claims of the '580 patent are so remarkably distinct from each other, that any suggestion that the claims of the '580 patent would be obvious from claim 11 of the '843 patent defies credulity.

The '580 patent could only be invalid for double patenting if the claims of the '580 patent were not "patentably distinct" from the subject matter of claim 11 of the '843 patent. *Eli Lilly & Co. v. Barr Labs, Inc.*, 251 F.3d 955, 968 (Fed. Cir. 2001). But, there is certainly no clear and convincing showing that the claims of the '580 patent would be obvious from claim 11 of the '843 patent. Johnson only offers unsupported conclusory statements. (Opposition Brief, p.3). Indeed, claim 11 of the '843 patent does not begin to approach the claimed relative orientation between the working air fan and vanes or channels of the '580 patent claims.

3

      **b.**    **The Effect Of A Terminal Disclaimer.**

As presented above, since there is no double patenting, a terminal disclaimer is not required. However, as presented in its Memorandum of Law in support of Ametek's Motion, a terminal disclaimer can be filed at any time, even for an issued patent. *Perricone v. Medicis Pharmaceutical Corp.*, 432 F.3d 1368, 1375 (Fed. Cir. 2005). As presented in Ametek's earlier briefs, there has been no effective extension of the patent term, since both the '843 and '580 patents will necessarily expire on the same date. Moreover, the patents have, at all times, been commonly owned by Ametek. Accordingly, the public has never been at risk of being sued by two different entities under the same patent. Indeed, that risk would not arise until such time as Ametek might assign one of the '843 or '580 patents to another. At that time, a terminal disclaimer could be filed under 37 C.F.R. § 1.321(a), which sets forth the requirements for filing such terminal disclaimers for issued patents. Notably, there is no requirement that the disclaimer include "a provision that [the] patent . . . shall be enforceable only for and during such period that said patent is commonly owned with the application or patent which formed the basis for the judicially created double patenting," as advanced by Johnson. (Opposition Brief, p.4). This requirement is found in 37 C.F.R. § 1.321(c)(3), which deals with patent applications and reexamination proceedings, and not with issued patents.

Ametek has not filed a terminal disclaimer because (a) it believes that the '580 patent claims are patentably distinct from those of the '843 patent and, accordingly, there is no double patenting, and (b) the patents will expire on the same date and have been commonly owned at all times. Notwithstanding this fact, should the Court determine that the claims of the '580 patent are invalid under the judicially created doctrine of obviousness-type double patenting, Ametek is willing to prepare and file with the United States Patent and Trademark Office the appropriate terminal

disclaimer under 37 C.F.R. § 1.321(a).

**B.    The '580 Patent Is Infringed.**

As acknowledged by Johnson in its Opposition Brief at p.2, "the accused Johnson motors would be infringements [of the '580 patent if it were valid]." While it is true that courts rarely entertain the issue of infringement of patent claims that have earlier been determined to be invalid, that is not the case here. Both issues of infringement and validity are now before the Court on summary judgment motions, and both are ripe for ruling. The situation here requires only the acceptance of an admission of infringement. Moreover, and as presented above and in other briefs of Ametek herein, the '580 patent claims are clearly valid.

5

### III.    CONCLUSION

For the foregoing reasons, Ametek's Motion for Summary Judgment Regarding Infringement

and Validity of U.S. Patent 6,695,580 should be granted.

Ray L. Weber (CT 02148)
Renner, Kenner, Greive, Bobak,
　　　Taylor & Weber
Fourth Floor, First National Tower
Akron, Ohio 44308
Telephone:  (330) 376-1242
Facsimile: (330) 376-9646
rlweber@rennerkenner.com


Ben A. Solnit (CT 00292)
Tyler, Cooper and Alcorn, LLP
205 Church Street
New Haven, CT 06510
Telephone:  (203) 784-8205
Facsimile:  (203) 777-1181
bsolnit@tylercooper.com


Attorneys for Defendant
Ametek, Inc.

6

## CERTIFICATE OF SERVICE

A true copy of the foregoing **AMETEK, INC.'S REPLY TO THE MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOHNSON ELECTRIC INDUSTRIAL MANUFACTORY, LTD. AND JOHNSON ELECTRIC NORTH AMERICA, INC.'S OPPOSITION TO AMETEK, INC.'S MOTION FOR SUMMARY JUDGMENT REGARDING INFRINGEMENT AND  VALIDITY OF U.S. PATENT 6,695,580** was filed and served upon the following  this 7th day of July, 2006.

Edmund J. Ferdinand, III, Esq.     (First-Class Mail)
Grimes & Battersby, LLP
488 Main Ave., Third Floor
Norwalk, CT 06851

Stephen N. Weiss, Esq.     (Overnight Courier)
Gregory J. Fleesler, Esq.
Moses & Singer LLP
The Chrysler Building
405 Lexington Ave.
New York, NY 10174

                  Ben A. Solnit (CT 00292)

7