UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------x
                       :

JOHNSON ELECTRIC INDUSTRIAL    :
MANUFACTORY, LTD. and JOHNSON  :
ELECTRIC NORTH AMERICA, INC.,   :      CASE NO. 03CV0098AVC
                       :
              Plaintiffs,   :
                       :
        -against-       :
                       :
AMETEK, INC.,               :
                       :
            Defendant.   :
                       :
------------------------------------------------------x

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
JOHNSON ELECTRIC INDUSTRIAL MANUFACTORY, LTD. AND JOHNSON
ELECTRIC NORTH AMERICA, INC.'S MOTION FOR SUMMARY JUDGMENT OF
NON-INFRINGEMENT OF U.S. PATENT NOS. 6,166,462 AND 6,439,843
<u>AND FOR INVALIDITY OF U.S. PATENT NO. 6,695,580</u>**

Stephen Norman Weiss
(CT Fed. Bar No. CT 12717)
Gregory J. Fleesler
(CT Fed. Bar No. CT 24491)
MOSES & SINGER, LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel.: (212) 554-7800
Fax: (212) 554-7700

*Attorneys for Plaintiffs/Counterclaim
Defendants Johnson Electric
Industrial Manufactory, Ltd. and
Johnson Electric North America, Inc.*

528334  007171.0103

## I.    PRELIMINARY STATEMENT

Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc. (collectively, "Johnson"), submit this Reply in further support of their Motion for Summary Judgment of Non-Infringement of Ametek, Inc.'s U.S. Patent Nos. 6,166,462 and 6,439,843 and of Invalidity of Ametek's U.S. Patent No. 6,695,580 filed on April 28, 2006 (the "Johnson Bypass Motion"), and in response to the points raised in Ametek, Inc.'s brief in opposition thereto ("Ametek Opp. Brief").  Many of the points raised by Ametek in its Opposition Brief were addressed by Johnson in its Memorandum of Points and Authorities in support of the Johnson Bypass Motion (the "Johnson Moving Brief"), and are repeated herein only for amplification.

In its Opposition, Ametek ignores the language of the asserted claims; ignores this Court's construction of the claim terms; ignores the agreed-upon and Court-adopted constructions of claim terms; and relies upon conclusory deposition and expert affidavit testimony from fact witness James P. Shawcross (an Ametek employee who Ametek's counsel explicitly stated is not an expert in this action).[1]  Below, Johnson explains why Ametek's arguments should be rejected, and why Johnson is entitled to the requested relief.

---

[1]  *See,* Exhibit 24 to the Affidavit of Stephen N. Weiss in support of Johnson's Motion for Summary Judgment With Respect to Ametek's Through-Flow Causes of Action, and Request for Attorney Fees Pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927.  Mr. Shawcross' Affidavit (the "Shawcross Aff."), attached as Exhibit B to the Ametek Opp. Brief, relates solely to the expert issues of the presence or absence of claim limitations in the accused devices, and of what prior art references do and do not disclose.  It is therefore respectfully submitted that the Shawcross Aff. should be precluded in light of the aforementioned representation, and the fact that all discovery has closed.

## II.    ARGUMENT

### A.    The Johnson U66 Motor Assembly Does Not Infringe Claim 1, the Only Independent Claim, of the '462 Patent

#### 1.    The Johnson U66 Motor Assembly Does Not Literally Satisfy the "Outer-Inner-Outer" Ramp Wall Configuration of Claim 1

The so-called "outer-inner-outer" limitation[2] of claim 1 of the '462 patent requires that each vertical boundary (associated with a respective sloping surface) start at an outer boundary of the diffuser, continue to an inner boundary of the diffuser, and then extend back to an outer boundary of the diffuser.  (Johnson Moving Brief, at p. 8 (citations omitted).)

Ametek asserts that this limitation is literally present in the Johnson U66 Motor Assembly because the "vertical boundary of each ramp … starts at the top of the ramp at the outer periphery, goes across the top of the ramp to the inner periphery in alignment with the fan, then follows the inner periphery back to the outer periphery at the bottom of the ramp."  (Ametek Opp. Brief, at p. 4.)  Thus, Ametek argues, the "terminal edge of the ramp at its uppermost portion" is a "vertical boundary that extends from the outer periphery to the inner periphery." (*Id.* at p. 5.)

However, the photographs of the Johnson U66 Motor Assembly – worth a thousand words – clearly show that the "outer-inner-outer" limitation is not literally present in that product, because its vertical boundaries each **start at the inner** boundary of the diffuser, and **continue to an outer** boundary of the diffuser; i.e., they have an "inner-outer", and not the claimed "outer-inner-outer", configuration.  (*See,* Johnson Moving Brief, at p. 9; Pospis Moving

---

[2]  During the prosecution of the '462 patent, the applicants used the term "outer-inner-outer" to refer to the amended configuration of the ramp walls of the claimed motor assembly.  (*See,* the Johnson Moving Brief, at p. 12; the Affidavit of Michael J. Pospis in support of the Johnson Moving Brief ("Pospis Moving Aff."), at Exh. R (applicants' October 25, 1999 preliminary amendment), at p. 6.)  Because of this amendment, it is undisputed that the doctrine of equivalents is not available to Ametek.

Aff., at Exhibits A1 and A2.)  Importantly, those images show that the upper "edge" of each sloping surface is not the "vertical boundary" of anything, and that no part of each "sloping surface" is a "vertical boundary" of itself.[3]  Indeed, Ametek's argument – that an "edge" is a "vertical boundary" of a "sloping surface" – is implausible on its face.

The complete absence of the "outer-inner-outer" configuration in the accused product precludes a finding of literal infringement as a matter of law.  (*See, Elkay Mfg. Co. v. Ebco Mfg. Co.*, 192 F.3d 973, 980 (Fed. Cir. 1999) ("If even one limitation is missing or not met as claimed, there is no literal infringement").)

### 2.    The Johnson U66 Motor Assembly Does Not Contain an Equivalent of the Two Sloping Surfaces and Two Associated Vertical Boundaries

Acknowledging that the claimed requirement of two sloping surfaces and associated vertical boundaries is not literally present, Ametek asserts that "the accused U66 Motor Assembly infringes under the doctrine of equivalents because it combines the first and second ramped surfaces into a single ramped surface bounded by a single ramp wall."  (Ametek Opp. Brief, at p. 4.)  However, Ametek overlooks the legal limitations on the doctrine of equivalents, and completely disregards the significant evidentiary requirements for establishing equivalent infringement.

---

[3]  Ametek's further argument that Johnson incorrectly "limit[s] the vertical boundary of the ramp … to a ramp wall" (Ametek Opp. Brief, at p. 5) makes no sense, given that a "wall", pursuant to the parties' agreed construction, is a "vertical boundary."  (*See,* Pospis Moving Aff., at Exh. M (Joint Claim Construction Statement), at p. 5.)

a.    The "All Elements" Rule Precludes the Application of the
Doctrine of Equivalents to this Limitation as a Matter of Law[4]

Ametek's reliance on the statement in *Dolly, Inc. v. Spalding & Enflo Companies, Inc.*,

16 F.3d 394 (Fed. Cir. 1994) that "[i]t is fundamental that infringement is not avoided by

combining into one piece what was claimed as two" (Ametek Opp. Brief, at p. 3) is misplaced.

While *Dolly* states that "[e]quivalency can … exist when separate claim limitations are combined

into a single component of the accused device" (*Dolly*, 16 F.3d at 398), it explicitly held that

equivalency will not lie where "a vital limitation of the claim is absent from the accused device."

(*Id.*)  Indeed, the Federal Circuit reversed the lower court's finding of equivalent infringement,

because the accused structure lacked both a claim limitation and the claimed relationship of

individual components.  (*Id.*, at 400.)  Thus, although Ametek correctly states that combining

two components into one does **not necessarily preclude** a finding of equivalent infringement,

Ametek incorrectly implies that combining two components into one **necessarily establishes**

equivalent infringement.  Such is not the law.  (*See, Ethicon Endo-Surgery, Inc. v. United States*

*Surgical Corp.*, 149 F.3d 1309, 1320 (Fed. Cir. 1998) (stating that "two physical components of

an accused device may be viewed in combination to serve as an equivalent of one element of a

claimed invention, **as long as no claim limitation is thereby wholly vitiated**") (emphasis

added); *see also, Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573, 1582 (Fed. Cir.

1996) ("[T]he concept of equivalency **cannot embrace a structure that is specifically excluded**

from the scope of the claims") (emphasis added).)

Application of these time-honored restrictions on equivalent infringement is proper in

this case.  Claim 1 of the '462 patent explicitly requires:  (1) a group of parts; (2) in which each

---

[4]  In its Opposition, Ametek does not address Johnson's argument (as set forth in pp. 16-18 of Johnson's
Moving Brief) that equivalent infringement of this limitation is precluded, as a matter of law, by the "all
elements" rule.

part has a plurality of sloping surfaces; (3) where each sloping surface has a vertical boundary; (4) in which said sloping surfaces fit together and agree in position; such that (5) the respective vertical boundaries align.  (Johnson Moving Brief, at p. 8 (citations omitted).)  Johnson's U66 Motor Assembly, in distinct contrast, has **one** part, with **one** plurality of sloping surfaces (and hence **nothing** to fit "together"), and **one** plurality of associated vertical boundaries (and hence **nothing** to align).  (Johnson Moving Brief, at p. 9.)  The structure of the U66 Motor Assembly is thus specifically excluded by the language of claim 1.  (*See, e.g., Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573, 1582-83 (Fed. Cir. 1996) (affirming summary judgment of non-equivalent infringement, and holding that an accused product employing two "offset distances" was specifically excluded from the scope of claims requiring "at least three values").  Where "[a] claim … contains a detailed recitation of structure," that claim "is properly accorded correspondingly limited recourse to the doctrine of equivalents."  (*Bicon, Inc. v. The Straumann Co.*, 441 F.3d 945, 955-56 (Fed. Cir. 2006).)  Such is the case here.

            **b.      Ametek Fails to Meet the Minimum Evidentiary Threshold
                     Necessary to Avoid Summary Judgment of Non-Equivalent
                     Infringement**

        In further support of its doctrine of equivalents argument, Ametek cites the deposition and expert affidavit testimony of its fact witness James P. Shawcross.  (Ametek Opp. Brf., at p. 4.)[5]  Although Ametek points to deposition testimony in which Mr. Shawcross identified the "function", "way", and "result" of the two ramp surfaces in claim 1 of the '462 patent (*id.* (*citing* the Shawcross Dep. (Ametek Opp. Brf. Exh. A), at p. 140:5-143:15), Ametek never explains

---

[5]  As set forth in footnote 1 above, this expert testimony should be precluded because it comes from a fact witness who Ametek affirmatively represented is not an expert in this case, and because discovery is closed.

how the single ramp surface of the Johnson U66 Motor Assembly performs the **same** function in the **same** way to achieve the **same** result as the identified components of claim 1, nor why the differences between claim 1 and the corresponding component of the accused product are insubstantial.  Ametek likewise points to nothing in the Shawcross Aff., other than conclusory statements, regarding equivalence.  (Ametek Opp. Brf., at p. 4 (*citing* the Shawcross Aff., at ¶ 5).)  For example, although Shawcross states that "[t]he difference between the structure of the U66 Motor Assembly and that of the patent claim is that the motor has combined into a unitary piece what was previously two pieces" (Shawcross Aff., at pp. 1-2, ¶ 5), he makes no attempt whatsoever to explain whether and why these purported differences are insubstantial.

The Federal Circuit requires a patentee seeking to establish equivalent infringement to "provide particularized testimony and linking argument as to the 'insubstantiality of the differences' between the claimed invention and the accused device …, or with respect to the function, way, result test when such evidence is presented to support a finding of infringement under the doctrine of equivalents … on a limitation-by-limitation basis."  (*Network Commerce, Inc. v. Microsoft Corp.*, 422 F.3d 1353, 1363 (Fed. Cir. 2005) (citation omitted) (affirming summary judgment of non-equivalent infringement).)  Accordingly, "**conclusory statements regarding equivalence … do not raise any genuine issues of material fact**."  (*PC Connector Solutions LLC v. Smartdisk Corp.*, 406 F.3d 1359, 1364 (Fed. Cir. 2005) (affirming summary judgment of non-equivalent infringement) (emphasis added).)  Ametek has not even attempted to satisfy this evidentiary burden, and has therefore failed to raise any genuine issue of material fact with respect to equivalent infringement.

**B.    Neither Johnson's U66 Nor Its U82 Motor Assembly Infringes Any Asserted Independent Claim of the '843 Patent**

   **1.    Neither Johnson's U66 Nor Its U82 Motor Assembly Infringes Claims 1, 10, 11, 12, and/or 14 of the '843 Patent**

Claims 1, 10, 11, 12, and 14 of the '843 patent all require "more than one blade that create a cavity that holds or contains the working air fan". (Johnson Moving Brief, at pp. 19, 21 (citations omitted).)

Relying again on Shawcross' conclusory expert affidavit and deposition testimony, as well as upon non-existent claim language,[6] Ametek argues that the "cavity that holds or contains the working air fan" is "formed by the vanes and ramps of the motor," and "include[s] the area underneath the fan and down around the vanes." (Ametek Opp. Brief, at p. 7.) This argument, however, is flatly contradicted by the photographs accompanying Johnson's motion. (*See, Pospis Moving Aff.*, at Exhs. A3 and B1.) The fan is not "held" or "contained" in a "cavity"; it rests above the diffuser. (*Id.*) There is no literal infringement as a matter of law. (*Elkay Mfg.*, 192 F.3d at 980.)

   **2.    Neither Johnson's U66 Nor Its U82 Motor Assembly Infringes Claim 16 of the '843 Patent**

Claim 16 requires (1) a plurality of vanes (i.e., "more than one blade") (2) extending from a shoulder (i.e., extending from "an area around the edge of a higher part connecting it to a lower part"). (Johnson Moving Brief, at p. 22 (citations omitted).) Ametek's bald statement that "the ramps are the shoulders and the walls of the ramps are the vanes or blades" (Ametek Opp. Brief,

---

[6] *See, e.g.,* Ametek Opp. Brief, at p. 7 (stating that claim 1 "states that the vanes serve to establish a chamber that receives the fan"). The construction of claim 1 of the '843 patent says no such thing.

at p. 10) does not make it so.  Rather, as evidenced by the photographs submitted with Johnson's motion, the "walls" of the accused devices are not blades, and there is no "area around the edge of a higher part connecting it to a lower part" from which those non-existent blades extend. (Johnson Moving Brief, at p. 22; *Pospis Moving Aff.*, at Exhs. A1 and B2.)  There is no literal infringement as a matter of law.  (*Elkay Mfg.*, 192 F.3d at 980.)

### C.  Claims 1 and 2 of the '580 Patent are Invalid

#### 1.  Claims 1 and 2 are Anticipated

Johnson established, in its Moving Brief, that claims 1 and 2 of U.S. Patent No. 6,695,580 (the "'580 patent") are anticipated by the Japanese Patent Application No. 03-018,699 (the "Japanese '699 patent").  (Johnson Moving Brief, at pp. 23-29.)[7]

In opposition, Ametek asserts that the Japanese '699 patent does not anticipate claim 1 of the '580 patent, because it does not disclose the "circumferential alignment" of the air channels with the fan.  (Ametek Opp. Brief, at p. 11.)  In support of that argument, Ametek misquotes the construction of "circumferential alignment."  (*See,* Ametek Opp. Brief, at p. 11 ("[A]s the parties have agreed, the inner periphery must be in a 'straight line position with the outer periphery of the working air fan.'")  However, the actual construction of "circumferential alignment," as agreed by the parties, is "**a proper state of adjustment or** in a straight line position."  (Pospis

---

[7]  Ametek correctly states that because the Japanese '699 patent was of record during the prosecution of the '580 patent, "the hurdle to overcome the presumption of validity is heightened."  (Ametek Opp. Brf., at p. 11.)  However, notwithstanding the presumption that a PTO examiner "did his job" (*id.*), the deference accorded to a PTO examiner is not absolute.  (*See, Tyler Refrigeration v. Kysor Industrial Corp.*, 777 F.2d 687, 690 (Fed. Cir. 1985) (affirming judgment of inherent anticipation by a patent considered by the PTO, noting that "[t]he judge took account of the presumption of validity but this is a case in which the court could, as it did, decide differently from the PTO examiner on the basis of the evidence before the court.")

Moving Aff., at Exh. M (Joint Claim Construction Statement), at p. 9 (emphasis added).).  The air passageways of the Japanese '699 patent are, of course, in "a proper state of adjustment" (and hence, in "circumferential alignment") with the outer periphery of the working air fan, as they allow air to flow from the fan to the exhaust.

Claim 2 of the '580 patent incorporates all of the limitations of claim 1, and further requires that the passageways of claim 1 "gradually get larger as they approach at least one exhaust opening."  (Johnson Moving Brief, at p. 28 (citations omitted).)  Figure 1 of the '699 patent clearly shows a passageway that gradually gets larger as it approaches at least one exhaust opening.  (*See,* Pospis Moving Aff., at Exh. U ('699 patent), at Figure 1.)[8]

### 2.    Claims 1 and 2 are Invalid Due to Double Patenting

In response to Johnson's double patenting argument, Ametek relies on the common expiration dates of the '843 and '580 patents, as well as on its purported ability to cure any double patenting through the filing of a terminal disclaimer.  (Ametek Opp. Brief, at pp. 12-13.) Johnson explained, in its brief in opposition to Ametek's motion for summary judgment of infringement and validity of the '580 patent, why each of those contentions fails as a matter of law.  (*See,* Johnson's '580 Opposition Brief dated June 8, 2006, at pp. 3-4.)

---

[8]  An enlarged copy of Figure 1 of the Japanese '699 patent (with one of said passageways highlighted for the Court's convenience) is included in the Appendix hereto.

III.    **CONCLUSION**

In accordance with the foregoing, Johnson respectfully requests entry of summary judgment that neither the Johnson U66 Motor Assembly nor the Johnson U82 Motor Assembly infringes any asserted claim of the '462 or '843 patents, and that each claim of the '580 patent is invalid due to anticipation and/or double patenting.

Dated:    July 6, 2006
          New York, New York

                              Respectfully submitted,

                              Stephen Norman Weiss
                              (CT Fed. Bar No. CT 12717)
                              Gregory J. Fleesler
                              (CT Fed. Bar No. CT 24491)
                              MOSES & SINGER, LLP
                              The Chrysler Building
                              405 Lexington Avenue
                              New York, New York 10174
                              Tel.: (212) 554-7800
                              Fax: (212) 554-7700

                              Edmund J. Ferdinand, III
                              (CT Fed. Bar. No. CT 21287)
                              GRIMES & BATTERSBY, LLP
                              488 Main Street  3rd floor
                              Norwalk, CT  06851
                              Tel.: (203) 849-8300
                              Fax: (203) 849-9300

                              *Attorneys for Plaintiffs/Counterclaim Defendants*
                              *Johnson Electric Industrial Manufactory, Ltd. and*
                              *Johnson Electric North America, Inc.*

# APPENDIX

Gradually expanding air chamber (highlighted yellow area)

Air flow (dotted arrow)



Figure 1

**BLOW-UP OF FIGURE 1 OF THE JAPANESE '699 PATENT
(EXHIBIT U TO THE POSPIS MOVING AFF.)**