# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------x
                                                 :
JOHNSON ELECTRIC INDUSTRIAL                      :
MANUFACTORY, LTD. And JOHNSON                    :     CASE NO. 03 CV0098 AVC
ELECTRIC NORTH AMERICA, INC.,                    :
                                                 :
                        Plaintiffs,              :     REPORT OF PARTIES' PLANNING
                                                 :     MEETING
         -against-                               :
                                                 :
AMETEK, INC.,                                    :
                                                 :
                        Defendant.               :     September 12, 2003
                                                 :
-------------------------------------------------x
```

Date Complaint Filed:         January 13, 2003

Date Complaint Served:        January 20, 2003

Date of Defendant's Appearance:   August 15, 2003

Pursuant to Fed.R.Civ.P. 16(b), 26(f) and D.Conn. L.Civ.R. 16 a conference was held on

August 21, 2003 and continued on September 4, 2003.  The participants were:   Stephen N.

Weiss, Gregory J. Fleesler, and Edmund J. Ferdinand, III, counsel for plaintiffs Johnson Electric

Industrial Manufactory, Ltd. and Johnson Electric North America, Inc. (collectively, "Plaintiffs"

or "Johnson"); and Ray L. Weber and Ben A. Solnit, counsel for defendant Ametek, Inc.

("Defendant" or "Ametek").

I.      **Certification**.

Undersigned counsel certify that, after consultation with their clients, they have discussed

the nature and basis of the parties' claims and defenses and any possibilities for achieving a

prompt settlement or other resolution of the case and, in consultation with their clients, have

developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.    Jurisdiction.

### A.    Subject Matter Jurisdiction.

Plaintiff Johnson asserts that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a), § 2201, § 1367(a), § 1332, and Title 35 U.S.C.

Defendant Ametek challenged subject matter jurisdiction by a Fed.R.Civ.P. Rule 12(b)(1) motion. That motion was denied by order of this court on July 22, 2003. Ametek reserves its right to renew this defense as appropriate.

Ametek filed a counterclaim on August 15, 2003, asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a), § 1367(a) and Title 35 U.S.C. That jurisdictional allegation is not contested.

### B.    Personal Jurisdiction.

Personal jurisdiction is not contested.

## III.    Brief Description of Case.

### A.    Claims of Plaintiffs:

Johnson and Ametek, both manufacturers and distributors of motors, are the only significant suppliers of vacuum cleaner motors worldwide. They operate competitively with each other in this market.

This case concerns two types of vacuum cleaner motors manufactured and sold by Johnson: the *through-flow* motor and the *bypass* motor. Both have been accused of infringing patents owned by Ametek.

### 1.    *Through-Flow* Motor Dispute – A Contract Action:

On July 30, 2001 the parties executed a patent license agreement which, among other things, governs U.S. and foreign patent disputes between Johnson and Ametek concerning *through-flow* motors. The agreement, containing a New York choice of law provision, constitutes the sole mechanism for resolution of Johnson/Ametek *through-flow* motor patent disputes. The Ametek patents falling within the July 30th agreement are: Ametek's U.S. Patent No. 5,374,214 (the "'214 patent") issued on March 31, 1998; Ametek's U.S. Patent No. 6,309,180 (the "'180 patent") issued October 30, 2001; and foreign corresponding patents in Canada, The People's Republic of China, Hong Kong, Croatia, Slovenia, Germany, Italy, India, Japan and Mexico. Of the corresponding foreign patents, Ametek's counsel has represented that only the following have been granted: The People's Republic of China, Hong Kong, Croatia, Slovenia, Germany, Italy and Mexico.

The July 30th contract provides for the payment of royalties by Johnson to Ametek for any *through-flow* motors that are covered by valid claims of the '214, '180, or any corresponding foreign patent. Ametek has accused Johnson's current design *through-flow* motors of falling within one or more claims of those patents, and Ametek, by counterclaim, seeks damages for infringement under the patent laws. Johnson denies that any valid Ametek patent, U.S. or foreign, covers its current design *through-flow* motors. Moreover, Johnson further states that if it is found that one or more valid claims of either one of the '214, the '180, or any of the foreign corresponding patents does cover the *through-flow* motors, damages, if any, are governed by the July 30, 2001 license agreement, not by the damages provisions of any country's patent laws.

Johnson seeks appropriate declaratory relief, including, but not limited to, a permanent injunction against Ametek, its agents, assignees, and licensees, precluding assertion of the patents covered by the July 30, 2001 contract against Johnson, its agents, distributors, and/or

customers, anywhere in the world other than in this contract action.

2.    *Bypass* Motor Dispute – A Patent Action:

Ametek is the owner of U.S. Patent Nos. 6,166,462 (the "'462 patent") and 6,439,843

(the "'843 patent") relating to *bypass* motors, and has accused Johnson's *bypass* motors of

infringing one or more claims of the '462 and/or the '843 patents.  Johnson alleges its *bypass*

motors do not infringe any valid claims of either of these two patents.  Johnson seeks appropriate

declaratory relief.

B.    Defenses and Claims of Defendant:

Johnson and Ametek are manufacturers and distributors of motors and are significant

suppliers of vacuum cleaner motors to various customers throughout the world.

This case involves various patents held by Ametek that cover *through flow* motors and

*bypass* motors, and the application of those patents to certain motors manufactured and/or

distributed by Johnson.  Ametek contends that its patents cover *through flow* motors and *bypass*

motors manufactured and/or distributed by Johnson.

1. Through Flow Motor Dispute

A contract dated July 30, 2001, provided a terminable license from Ametek to Johnson

regarding certain of Ametek's patents concerning *through flow* motors.  The patents in issue that

are the subject of that license contract are U.S. Patent 5,374,214 ("the '214 patent") and U.S.

Patent  6,309,180 ("the '180 patent"), and corresponding patents or patent applications in

Canada, The Peoples' Republic of China, Hong Kong, Croatia, Slovenia, Germany, Italy, India,

Japan and Mexico.  Of these corresponding foreign patents/applications, the following have

actually been granted as patents: The Peoples' Republic of China, Hong Kong, Croatia, Slovenia,

Germany, Italy and Mexico.

Ametek alleges that Johnson's *through flow* motors are covered by valid claims of the '214 patent, the '180 patent, and at least certain of the foreign patents/applications. Ametek seeks recovery for breach of contract in that regard.

Ametek also alleges that Plaintiff Johnson Electric North America, Inc. has induced Plaintiff Johnson Electric Industrial Manufactory, Ltd. to breach the license contract, and seeks recovery therefor.

Ametek also seeks recovery for patent infringement of the '180 patent and the '214 patent by Johnson's *through flow* motors. Ametek seeks recovery of appropriate damages and an injunction in that regard.

Ametek also alleges that Plaintiff Johnson Electric Industrial Manufactory, Ltd. has induced Plaintiff Johnson Electric North America, Inc. to infringe one or more claims of the '214 patent and/or the '180 patent through the manufacture and distribution of the Johnson *through flow* motors. Ametek seeks recovery of appropriate damages and an injunction in that regard.

### 2. *Bypass* Motor Dispute

Ametek is the owner of U.S. Patent 6,166, 462 ("the '462 patent") and U.S. Patent 6,439,843 ("the '843 patent") regarding *bypass* motors. Ametek alleges that Johnson's bypass motors infringe one or more claims of the '462 patent and/or the '843 patent. Ametek seeks recovery of appropriate damages and an injunction in that regard.

Ametek also alleges that Plaintiff Johnson Electric Industrial Manufactory, Ltd. has induced Plaintiff Johnson Electric North America, Inc. to infringe certain of the claims of the '462 patent and/or the '843 patent through the manufacture and distribution of the Johnson *bypass* motors. Ametek seeks recovery of appropriate damages and an injunction in that regard.

C.    <u>Defenses and Claims of Third-Party Defendant</u>:

No third parties have been identified at this time.

## IV.    <u>Statement of Undisputed Facts.</u>

Counsel certify that they made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:

1.    Ametek is the owner of the U.S. and corresponding foreign patents in issue in this case.

2.    On July 30, 2001 the parties executed a patent license agreement.

## V.    <u>Case Management Plan.</u>

A.    <u>Standing Order on Scheduling in Civil Cases</u>.

The parties request modification of the Standing Order on Scheduling in Civil Cases as follows:  the parties request an extension of all deadlines, as set forth below, on the grounds that: (1) this is a complex patent and contract action, involving four U.S. patents and upwards of ten foreign patents, and requires the input and presence of several fact and expert witnesses who reside overseas; (2) plaintiff and defendant have met to discuss scheduling and discovery requirements; and, (3) have agreed upon the schedule set forth below.

B.    <u>Scheduling Conference with the Court</u>.

The parties do not request a pretrial conference with the Court before entry of a

scheduling order pursuant to Fed.R.Civ.P. 16(b).

C.    Early Settlement Conference.

1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2.    The parties do not request an early settlement conference.

3.    The parties do not request a referral for alternative dispute resolution pursuant to D.Conn.L.Civ.R.36.

D.    Joinder of Parties and Amendment of Pleadings.

Plaintiff and defendant should be allowed until 60 days after the issue of the Scheduling Order to file motions to join additional parties.

The parties request that there be no specific date cut-off for amending their pleadings. The parties agree that they should be permitted leave to amend their pleadings as permitted by Federal Rule of Civil Procedure 15.

E.    Discovery.

1.    Without waiving their right to object to any of the following subjects of discovery at the appropriate time, the parties anticipate that discovery may be needed on the following subjects:

a)    The construction of the '214 patent.

b)    The construction of the '180 patent.

c)    Interpretation of the foreign corresponding patents covered by the July 30, 2001 contract for Canada, People's Republic of China, Hong Kong, Croatia, Slovenia, Germany, India, Italy, Japan and

Mexico.

d) Applicable foreign law and interpretation of same for Canada, People's Republic of China, Hong Kong, Croatia, Slovenia, Germany, India, Italy, Japan and Mexico.

e) The design and operation of the Johnson *through-flow* motors in issue.

f) Whether the Johnson *through-flow* motors infringe the '214 patent, the '180 patent, or any of the foreign corresponding patents.

g) The validity and/or enforceability of the '214 patent, the '180 patent, and the foreign corresponding patents.

h) The invention behind the '214 patent, the '180 patent, and the corresponding foreign patents.

i) The prosecution of the '214 patent, the '180 patent, and the corresponding foreign patents

j) All prior art relating to the '214 patent, the '180 patent, and the corresponding foreign patents.

k) The construction of the July 30, 2001 contract governing the *through-flow* motor patent disputes.

l) Marketing and sales of the Johnson *through-flow* motors.

m) Damages, if any, under the July 30, 2001 contract and/or for infringement of the '214 patent and/or the '180 patent.

n) Whether alleged acts of infringement and induced infringement of the '214 patent and the '180 patent were willful.

o)      Opinions of counsel provided to Johnson regarding the validity, enforceability or infringement of the '214 patent and the '180 patent.

p)      The construction of the '462 patent.

q)      The construction of the '843 patent.

r)      The design and operation of the Johnson *bypass* motors.

s)      Whether the Johnson *bypass* motors infringe the '462 or '843 patents.

t)      The invention behind and the prosecution of the '462 and '843 patents.

u)      All prior art relating to the '462 and '843 patents.

v)      The validity and/or enforceability of the '462 and '843 patents.

w)      Marketing and sales of the Johnson *bypass* motors.

x)      Damages, if any, for acts of alleged infringement and induced infringement of the '462 and '843 patents.

y)      Whether alleged acts of infringement and induced infringement of the '462 and '843 patents were willful.

z)      Opinions of counsel provided to Johnson regarding the validity, enforceability or infringement of the '462 and '843 patents.

2.      All discovery, including depositions of expert witnesses pursuant to Fed.R.Civ.P. 26(b)(4), will be commenced by September 15, 2003 and completed (not propounded) by October 22, 2004.

3.      Discovery will be conducted in two phases, fact and expert.

4.      Fact discovery will be completed by May 14, 2004.  Expert discovery will be completed by October 22, 2004.

5.      The parties anticipate that the plaintiff and defendant will each require a total of 10 depositions of fact witnesses.  The depositions will be completed by May 14, 2004.

6.      The parties request permission to serve 50 interrogatories each.

7.      Plaintiffs and defendant both intend to call expert witnesses at trial. Opening expert reports on issues where a party bears the burden of proof, pursuant to Fed. R. Civ. P. 26(a)(2), including any damages analyses, must be served no later than July 16, 2004. Rebuttal expert reports, on issues where a party does not bear the burden of proof, must be served by August 20, 2004.  Depositions of any experts submitting expert report(s) must be completed by October 22, 2004, but may not commence until after the time for submitting rebuttal expert reports has expired.

8.      Damages analyses will be exchanged on the same schedule set forth in paragraph 7 above.

F.      Dispositive Motions.

Dispositive motions will be filed on or before November 19, 2004.  Oppositions to those motions must be filed within 30 days after service of the motions, and replies must be filed within 14 days after service of the oppositions.

G.      Joint Trial Memorandum.

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed 60 days after all dispositive motions are decided.  In the event no dispositive motions are filed, the joint trial memorandum will be filed by December 22, 2004.

VI.     **Trial Readiness.**

The case will be ready for trial 30 days after the joint trial memorandum is filed.

As officers of the court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Dated: September 15, 2003

MOSES & SINGER, LLP

Stephen Norman Weiss (CT 12717)
Gregory J. Fleesler (CT 24491)
1301 Avenue of the Americas
New York, New York 10019
Tel.: (212) 554-7800
Fax: (212) 554-7700
sweiss@mosessinger.com
gfleesler@mosessinger.com

GRIMES & BATTERSBY, LLP
Edmund J. Ferdinand, III (CT 21287)
488 Main Avenue,    3rd floor
Norwalk, CT  06851
Tel.: (203) 849-8300
Fax: (203) 849-9300
ferdinand@gandb.com

*Attorneys for Plaintiffs/Counter-Defendants
Johnson Electric Industrial Manufactory, Ltd.
and Johnson Electric North America, Inc.*

TYLER, COOPER & ALCORN, LLP

Ben A. Solnit (CT00292)
205 Church St.
New Haven, CT 06510
(Tel.) 203 784-8205
(Fax) 203 777-1181
solnit@tylercooper.com

Of Counsel:

RENNER, KENNER, GREIVE, BOBAK,
TAYLOR & WEBER
Ray L. Weber
Laura J. Gentilcore
400 First National Tower
Akron, OH 44308
(Tel.) 330 376-1242
(Fax)  330 376-9646
rlweber@rennerkenner.com

*Attorneys for Defendant/Counter-Plaintiff
Ametek, Inc.*

## CERTIFICATE OF SERVICE

A true copy of the foregoing **REPORT OF PARTIES' PLANNING MEETING** was served by first class mail, postage prepaid upon the following on this 12th day of September, 2003:

    Edmund J. Ferdinand, III
    Grimes & Battersby, LLP
    488 Main Ave., Third Floor
    Norwalk, CT 06851

    Stephen N. Weiss
    Moses & Singer, LLP
    1301 Avenue of the Americas
    New York, NY 10019

                                    _____
                                    Ben A. Solnit - (CT00292)



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

2003 SEP 12  P 1:28

US DISTRICT COURT
HARTFORD CT

---------------------------------------------------x

JOHNSON ELECTRIC INDUSTRIAL       :
MANUFACTORY, LTD. And JOHNSON     :       CASE NO. 03 CV0098 AVC
ELECTRIC NORTH AMERICA, INC.,     :

      Plaintiffs,       :       **REPORT OF PARTIES' PLANNING**
                           :       **MEETING**

    -against-       :

AMETEK, INC.,       :

      Defendant.       :       September 12, 2003
                       :

---------------------------------------------------x

Date Complaint Filed:            January 13, 2003

Date Complaint Served:           January 20, 2003

Date of Defendant's Appearance:  August 15, 2003

Pursuant to Fed.R.Civ.P. 16(b), 26(f) and D.Conn. L.Civ.R. 16 a conference was held on

August 21, 2003 and continued on September 4, 2003. The participants were:   Stephen N.

Weiss, Gregory J. Fleesler, and Edmund J. Ferdinand, III, counsel for plaintiffs Johnson Electric

Industrial Manufactory, Ltd. and Johnson Electric North America, Inc. (collectively, "Plaintiffs"

or "Johnson"); and Ray L. Weber and Ben A. Solnit, counsel for defendant Ametek, Inc.

("Defendant" or "Ametek").

I.      <u>Certification</u>.

Undersigned counsel certify that, after consultation with their clients, they have discussed

the nature and basis of the parties' claims and defenses and any possibilities for achieving a

prompt settlement or other resolution of the case and, in consultation with their clients, have



# Tyler Cooper
# & Alcorn, LLP

*Counsellors at Law*

To: Steve Weiss &        Fax# 212 554 7700
    Greg Fleasler

From: Ben Solnit

Pages (including cover): 2   Date: 9/12/03   Time: 3:50 pm

Comments: Here's a copy of the cover page to
the report, showing filing. A fully
executed copy was mailed to you

Operator: ..........................................

205 Church Street  P.O. Box 1936  New Haven, CT  06509-1910  Tel. 203.784.8200  Fax 203.777.1181
   New Haven        Hartford         Stamford        Madison

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS CONFIDENTIAL, MAY BE ATTORNEY-CLIENT PRIVILEGED, MAY CONSTITUTE INSIDE INFORMATION, AND IS INTENDED FOR THE USE OF THE ADDRESSEE. UNAUTHORIZED USE, DISCLOSURE OR COPYING IS STRICTLY PROHIBITED AND MAY BE UNLAWFUL. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY AND DESTROY THIS TRANSMITTAL.