# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Johnson Electric Industrial Manufactory, Ltd. et al. <br><br> Plaintiffs <br> v. <br><br> Ametek, Inc. <br><br> Defendant | ) <br> ) <br> ) Civil Action No: 303CV0098AVC <br> ) <br> ) <br> ) <br> ) DEFENDANT'S FIRST SET OF <br> ) REQUESTS FOR DOCUMENTS <br> ) AND THINGS <br> ) |

Please take notice that Defendant, Ametek, Inc. ("Ametek"), hereby, pursuant to Rule 34 of the Federal Rules of Civil Procedure, demands, that Plaintiffs, Johnson Electric Industrial Manufactory, Ltd. ("JEI"), and Johnson Electric North American, Inc. ("JENA") produce and permit Ametek to copy and inspect each of the following documents and things within thirty (30) days of service thereof at the law offices of Renner, Kenner, Greive, Bobak, Taylor & Weber, 400 First National Tower, Akron, OH 44308.

## DEFINITIONS

1. The term "document" is used in its normally broad sense and encompasses all handwritten, typed, printed, or otherwise visually or orally reproduced materials, whether copies or originals, and irrespective of whether they are claimed to be privileged, within the possession, custody, or control of Plaintiffs, or current or former directors, officers, owners, members, employees, agents, or attorneys of Plaintiffs, including, but not limited to, letters, cables, wires, telegrams, notes, calendars, day timers, memoranda, notes of telephone calls and conferences, and inter-office and intra-

office communications of all types; drawings, blueprints, flow sheets, sketches, block diagrams, charts, notebooks, data operating or maintenance manuals, operating and product specifications, and fabrication sheets; photographs, photographic negatives, movies, videotapes, audiotapes, and recordings; books, catalogs, published material of any kind, and all other writings; assignments, licenses, contracts, agreements, and all other official papers and legal instruments; annual reports, reports to shareholders, and minutes or reports of meetings of directors, officers, or executive boards or committees; advertising or promotional literature and press releases; ledgers, bills, invoices, orders, books, records and files; floppy disks, magnetic tapes, punched cards, hard disks and computer print-outs; and microfilm of documents that may have been destroyed. The term "documents" further includes software and any information in a data base or in machine readable form, even if translation by machine or computer is necessary in order to provide it in a usable form.

2.  The term "communication" as used herein means, without limitation, all statements, representations, expressions of fact or opinion, correspondence, reports, memoranda, telegrams, and other transmissions or information, made in any manner whatsoever. The term "communication" includes, without limitation, communications solely between the employees of a corporate person, as well as communications between persons.

3.  The terms "you" or "your" means "Plaintiffs" or "Johnson," as well as their current and/or former officers, directors, employees, employees' counsel, attorneys, agents, consultants, representatives or other persons under their control, and includes their predecessors, successors, any parent, all United States and foreign divisions, subsidiaries and joint ventures, and other legal entities which are wholly or partially owned or controlled by Johnson, either directly or

- 2 -

indirectly, and the officers, directors, employees, attorneys, agents, consultants, and representatives of those entities and/or any person acting on behalf of Johnson.

4. The phrase *"through flow* patents-in-suit" means U.S. Patent No. 5,374,214 (the "'214 patent"); U.S. Patent No. 6,309,180 (the "'180 patent"); and all foreign corresponding or related patents and patent applications (regardless of whether they were abandoned, rejected, or otherwise disposed of or resolved), including but not limited to those in Brazil, Canada, The People's Republic of China, Croatia, Czechoslovakia, France, Germany, Great Britain, Hong Kong, India, Ireland, Italy, Japan, Korea, Malaysia, Mexico, Sweden, Slovenia, Spain, Taiwan, Venezuela, and Yugoslavia.

5. The phrase *"bypass* patents-in-suit" means; U.S. Patent Nos. 6,166,462 (the "'462 patent") and 6,439,843 (the "'843 patent").

6. The phrase "*through flow* motors-in-suit" means the *through flow* motors for which Johnson seeks a declaratory judgment of non-infringement.

7. The phrase "*bypass* motors-in-suit" means the *bypass* motors for which Johnson seeks a declaratory judgment of non-infringement.

8. The connectives "and" and "or" shall be construed whether disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. The same applies to the terms "any" and "all".

9. The use of the singular form of any word includes the plural and vice versa.

10. With respect to any document or thing which Johnson is unwilling to produce for inspection and copying because the document or thing is asserted to be privileged or immune from discovery, state separately, with respect to each said document or thing to which such privilege or immunity is claimed:

(a) the date of each such document and/or the date that the tangible thing was made;

(b) the name and location of the person who signed or prepared each such document or thing;

(c) the name and location of each person to whom such document or thing was given, sent or shown;

(d) the name and address of the person or persons having possession, custody or control of the original and each copy of each said document or thing;

(e) a brief indication of the nature of the subject matter of each document or the nature of each tangible thing; and

(f) the grounds for the claimed privilege or immunity as to each such document or thing.

## DOCUMENT REQUESTS

REQUEST NO. 1:

Please produce all documents and things identified in or relied upon in responding to Defendants First Set of Interrogatories (Nos. 1-4).

REQUEST NO. 2:

Please produce all documents and things that refer or relate to any studies, analyses, opinions or memoranda concerning the patentability of any of the subject matter shown, described, and/or claimed in any of the *through flow* patents-in-suit, or to the claim construction or claim scope of any claim of any of the *through flow* patents-in-suit, including without limitation:

A. all documents and things that refer or relate to any searches or investigations ever conducted by or for Johnson to locate references or prior art pertinent to the patentability of any of the subject matter shown, described, and/or claimed in any of the *through flow* patents-in-suit, or to the claim construction or claim scope of any claim of any of the *through flow* patents-in-suit; and

B. all documents and things concerning any prior art to any of the *through flow* patents-in-suit, including without limitation all patent and printed publications in the U.S. or a foreign country which show, for the *through flow* patents-in-suit, the state of the art relative to any of the subject matter shown, described, and/or claimed, and which have a filing date or a publication date in this or a foreign country prior to the filing date identified on the face of the earliest

of the *through flow* patents-in-suit.

REQUEST NO. 3:

Please produce all documents and things that refer or relate to any studies, analyses, opinions or memoranda concerning the patentability of any of the subject matter shown, described, and/or claimed in any of the *bypass* patents-in-suit or any related patents or patent applications, or to the claim construction or claim scope of any claim of any of the *bypass* patents-in-suit or any related patents or patent applications, including without limitation:

    A. all documents and things that refer or relate to any searches or investigations ever conducted by or for Johnson to locate references or prior art pertinent to the patentability of any of the subject matter shown, described, and/or claimed in any of the *bypass* patents-in-suit or any related patents or patent applications, or to the claim construction or claim scope of any claim of any of the *bypass* patents-in-suit or any related patents or patent applications; and

    B. all documents and things concerning any prior art to any of the bypass patents-in-suit or any related patents or patent applications, including without limitation all patent and printed publications in the U.S. or a foreign country which show, for the *bypass* patents-in-suit or any related patents or patent applications, the state of the art relative to any of the subject matter shown, described, and/or claimed, and which have a filing date or a publication date in this or a foreign country prior to the filing date identified on the face of the earliest of the bypass patents-in-suit or any related patents or patent applications.

REQUEST NO. 4:

Please produce all documents and things that refer or relate to construing or interpreting any claim of any of the *through flow* patents-in-suit.

REQUEST NO. 5:

Please produce all documents and things that refer or relate to construing or interpreting any claim of any of the *bypass* patents-in-suit.

REQUEST NO. 6:

Please produce all documents and things related to the *through flow* motors-in-suit, including without limitation:

    A. photographs, videos, models, prototypes, samples, and commercial production versions; and

    B. all documents and things that describe or refer to the structure or operation of such *through flow* motors.

REQUEST NO.7:

Please produce all documents and things related to the *bypass* motors-in-suit, including without limitation:

    A. photographs, videos, models, prototypes, samples, and commercial production versions; and

    B. all documents and things that describe or refer to the structure or operation of such *bypass* motors.

REQUEST NO. 8:

Please produce all documents, including minutes and notes, that refer or relate to any meetings of directors, officers or employees of Johnson wherein any of the claims of any of the *through flow* patents-in-suit were discussed; where any apparatus or device was discussed with respect to the subject matter shown, described, or claimed in any of the *through flow* patents-in- suit; or where any aspect of this litigation or the possibility of commencing this litigation was discussed.

REQUEST NO. 9

Please produce all documents, including minutes and notes, that refer or relate to any meetings of directors, officers or employees of Johnson wherein any of the claims of any of the *bypass* patents-in-suit (including applications for the patent and corresponding foreign applications and foreign patents) were discussed; where any apparatus or device was discussed with respect to the subject matter shown, described, or claimed in any of the *bypass* patents-in-suit or patent applications was discussed, or where any aspect of this litigation or the possibility of commencing this litigation was discussed.

REQUEST NO. 10:

Please produce all documents and things relied upon (including translations) or referred to in responding to this First Set of Requests for Production of Documents and Things.

REQUEST NO. 11:

Please produce all documents and things relied upon (including translations) in producing or referred to in Johnson's Initial Disclosures.

REQUEST NO. 12:

Please produce all documents and things concerning, referring, or relating to Johnson's *through flow* motors-in-suit, including without limitation:

    A. documents and things that refer or relate to any alleged conception, reduction to practice, development, or testing of any of the *through flow* motors-in-suit;

    B. documents and things that constitute, refer, or relate to a written description of any of the subject matter embodied in any of the *through flow* motors-in-suit, or a description in a printed publication of the subject matter embodied in any of the *through flow* motors-in-suit;

    C. documents and things that refer or relate to the making, using, marketing, selling, or offering for sale of the *through flow* motors-in-suit; and

    D. documents and things that refer or relate to the design, construction or operation of the *through flow* motors-in-suit.

REQUEST NO. 13.

Please produce all documents and things concerning, referring, or relating to Johnson's *bypass* motors-in-suit, including without limitation:

A. documents and things that refer or relate to any alleged conception, reduction to practice, development, or testing of any of the *bypass* motors-in-suit;

B. documents and things that constitute, or relate to a written description of any of the subject matter embodied in any of the *bypass* motors-in-suit, or a description in a printed publication of the subject matter embodied in any of the *bypass* motors-in-suit;

C. documents and things that refer or relate to the making, using, marketing, selling, or offering for sale of any of the *bypass* motors-in-suit; and

D. documents and things that refer to the design, construction or operation of the *bypass* motors-in-suit.

REQUEST NO. 14:

Please produce all documents and things that refer or relate to any studies, analyses, opinions or memoranda concerning the validity, enforceability, and/or infringement of any claim of any of the *through flow* patents-in-suit, including without limitation:

A. all documents and things that refer or relate to any searches or investigations ever conducted by or for Johnson to locate references or prior art pertinent to the validity, enforceability, or infringement of any claim of any of the

*through flow* patents-in-suit; and

    B. all documents and things concerning the prior art to any of the *through flow* patents-in-suit, including without limitation all patents and printed publications in the U.S. or a foreign country which show, for any of the *through flow* patents-in- suit, the state of the art relative to any of the subject matter shown, described, and/or claimed, and which have a filing date or a publication date in this or a foreign country prior to the filing date identified on the face of the earliest of the *through flow* patents-in-suit.

REQUEST NO. 15:

Please produce all documents and things that refer or relate to any studies, analyses, opinions or memoranda concerning the validity, enforce ability, and/or infringement of any claim of any of the *bypass* patents-in-suit or any related patents or patent applications, including without limitation:

    A. all documents and things that refer or relate to any searches or investigations ever conducted by or for Johnson to locate references or prior art pertinent to the validity , enforce ability, or infringement of any claim of any of the *bypass* patents-in-suit or any related patents or patent applications; and

    B. all documents and things concerning the prior art to any of the *bypass* patents-in- suit or any related patents or patent applications, including without limitation all patents and printed publications in the U.S. or a foreign country which show, for any of the *bypass* patents-in-suit or any related patents or patent applications, the state of the art relative to any of the subject matter shown, described, and/or claimed, and which have a filing date or a publication date in this

or a foreign country prior to the filing date identified on the face of the earliest of the *bypass* patents-in-suit.

REQUEST NO. 16:

Please produce all documents and things that refer or relate to any presentation, trade show, demonstration, exhibit, speech, or lecture relating to any of the *through flow* motors-in-suit.

REQUEST NO. 17:

Please produce all documents and things that refer or relate to any presentation, trade show, demonstration, exhibit, speech, or lecture relating to any of the *bypass* motors-in-suit.

REQUEST NO. 18:

Please produce all printed materials that refer or relate to any of the *through flow* motors-in-suit.

REQUEST NO. 19:

Please produce all printed materials that refer or relate to any of the *bypass* motors-in-suit.

REQUEST NO. 20:

Please produce all documents and things that refer or relate to the commercial success of any of the *through flow* motors-in-suit.

REQUEST NO. 21:

Please produce all documents and things that refer or relate to the commercial success of any of the bypass motors-in-suit.

REQUEST NO. 22:

Please produce all documents and things that constitute, refer, or relate to advertising, business plans, marketing plans, marketing efforts, sales efforts or promotional programs concerning any of the *through flow* motors-in-suit.

REQUEST NO. 23:

Please produce all documents and things that constitute, refer, or relate to advertising, business plans, marketing plans, marketing efforts, sales efforts or promotional programs concerning any of the *bypass* motors-in-suit.

REQUEST NO. 24:

Please produce all documents and things that constitute, support, refer, or relate to any determination, assertion, notification, conclusion, or contention by Johnson of non- infringement by Johnson and/or any party other than Johnson relating to any of the *through flow* patents-in suit.

REQUEST NO. 25:

Please produce all documents and things that constitute, support, refer, or relate to any determination, assertion, notification, conclusion, or contention by Johnson of non-infringement by Johnson and/or any party other than Johnson relating to any of the *bypass* patents-in-suit.

REQUEST NO. 26:

Please produce all documents and things that constitute, support, refer, and/or relate to Johnson's first knowledge or awareness of any of the *through flow* patents-in-suit.

REQUEST NO. 27:

Please produce all documents and things that constitute, support, refer, and/or relate to Johnson's first knowledge or awareness of any of the *bypass* patents-in-suit.

REQUEST NO. 28:

Please produce all documents and things that constitute, refer, or relate to analysis, evaluation, test, study, or investigation by or on behalf of Johnson regarding any of the *through flow* patents-in-suit.

REQUEST NO. 29:

Please produce all documents and things that constitute, refer, or relate to analysis, evaluation, test, study, or investigation by or behalf of Johnson regarding any of the *bypass* patents-in-suit.

REQUEST NO. 30:

Please produce all documents and things that refer to, relate to, or evidence any revenues received, prices charged, costs incurred, royalties and/or profits earned, motors made and/or distributed by Johnson, in connection with any of the *through flow* motors-in-suit.

REQUEST NO. 31:

Please produce all documents and things that refer to, relate to, or evidence any revenues received, prices charged, costs incurred, royalties and/or profits earned, motors made and/or distributed by Johnson in connection with any of the *bypass* motors-in-suit.

REQUEST NO. 32:

Please produce all documents and things that constitute, support, relate, or refer to Johnson's policies, practices and/or procedures now or previously in effect with respect to the retention or destruction of documents.

REQUEST NO. 33:

Please produce all documents and things not otherwise described by the above requests that refer or relate to Ametek or any of Ametek's products, processes, systems, equipment, services, patents and/or activities.

REQUEST NO. 34:

Please produce all documents and things that refer or relate to royalties or fees paid to or by Johnson for licensing or assigning technology related to motors.

REQUEST NO. 35:

Please produce all documents and things that relate or refer to negotiations or discussions between Ametek and Johnson relating to any of the *through flow* patents-in-suit, including but not limited to the July 30, 2001 Patent License Agreement between the parties, and its meaning, construction, scope, application, negotiation, execution, and enforcement.

REQUEST NO. 36:

Please produce all documents and things that relate or refer to negotiations or discussions between Ametek and Johnson relating to any of the *bypass* patents-in-suit.

REQUEST NO. 37:

Please produce all documents that depict Plaintiffs' organizational structures, including but not limited to:

    A. any subsidiaries, parents, divisions, predecessors, and/or affiliated or related companies; and

    B. all organizational charts detailing the management, manufacturing, designing, researching, developing, testing, ordering, constructing, demonstrating, exhibiting, using, purchasing, selling, importing, leasing, consigning, distributing, and/or marketing functions of Plaintiffs.

REQUEST NO. 38:

Please produce documents and things sufficient to identify all files or repositories in which any document responsive to the foregoing requests is maintained in the normal course of business, and each index, key, code or other means of accessing and locating documents within such files or repositories.

REQUEST NO. 39:

Please produce all documents and things not otherwise described by the above requests that refer or relate to the *through flow* motors-in-suit.

REQUEST NO. 40:

Please produce all documents and things not otherwise described by the above requests that refer or relate to the *bypass* motors-in-suit.

- 16 -

Respectfully submitted,

*/s/ Ben A. Solnit*

Ben A. Solnit (CT00292)
Tyler, Cooper & Alcorn, LLP
205 Church Street
New Haven, CT 06510
Tel: 203-784-8205
Fax: 203-777-1181
Solnit@tylercooper.com


Ray L. Weber
Renner, Kenner, Greive, Bobak,
Taylor & Weber
Fourth Floor, First National Tower
Akron, Ohio 44308
(330) 376-1242
(330) 376-9646
rlweber@rennerkenner.com

- 17 -

## CERTIFICATE OF SERVICE

A true copy of the foregoing DEFENDANT'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS was served via facsimile and first class mail upon the following this 30th day of September, 2003.

Edmund J. Ferdinand, III (203) 849-9300
Grimes & Battersby, LLP
488 Main Ave., Third Floor
Norwalk, CT 06851

Stephen N. Weiss (212) 554-7700
Moses & Singer LLP
1301 Avenue of the Americas
New York, NY 10019

_____
Ben A. Solnit