# EXHIBIT 3

Case 3:03-cv-00098-AVC   Document 77-5   Filed 07/07/2006   Page 1 of 8

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Johnson Electric Industrial Manufactory, Ltd. et al.<br><br>　　　　　Plaintiffs<br><br>　v.<br><br>Ametek, Inc.<br><br>　　　　　Defendant. | Civil Action No: 303CV0098AVC<br><br>DEFENDANT'S SECOND SET OF REQUESTS FOR DOCUMENTS AND THINGS |

Please take notice that Defendant, Ametek, Inc. ("Ametek"), hereby, pursuant to Rule 34 of the Federal Rules of Civil Procedure, demands, that Plaintiffs, Johnson Electric Industrial Manufactory, Ltd. ("JEI"), and Johnson Electric North American, Inc. ("JENA") produce and permit Ametek to copy and inspect each of the following documents and things within thirty (30) days of service thereof at the law offices of Renner, Kenner, Greive, Bobak, Taylor & Weber, 400 First National Tower, Akron, OH 44308.

**DEFINITIONS**

1. The term "document" is used in its normally broad sense and encompasses all handwritten, typed, printed, or otherwise visually or orally reproduced materials, whether copies or originals, and irrespective of whether they are claimed to be privileged, within the possession, custody, or control of Plaintiffs, or current or former directors, officers, owners, members, employees, agents, or attorneys of Plaintiffs, including, but not limited to, letters, cables, wires, telegrams, notes, calendars, day timers, memoranda, notes of telephone calls and conferences, and inter-office and intra-office communications of all types; drawings, blueprints, flow sheets, sketches, block diagrams, charts, notebooks, data operating or maintenance manuals, operating and product specifications, and fabrication sheets; photographs, photographic negatives, movies, videotapes, audiotapes, and recordings; books, catalogs, published material of any kind, and all other writings; assignments, licenses,

contracts, agreements, and all other official papers and legal instruments; annual reports, reports to shareholders, and minutes or reports of meetings of directors, officers, or executive boards or committees; advertising or promotional literature and press releases; ledgers, bills, invoices, orders, books, records and files; floppy disks, magnetic tapes, punched cards, hard disks and computer print-outs; and microfilm of documents that may have been destroyed. The term "documents" further includes software and any information in a data base or in machine readable form, even if translation by machine or computer is necessary in order to provide it in a usable form.

2. The term "communication" as used herein shall mean, without limitation, all statements, representations, expressions of fact or opinion, correspondence, reports, memoranda, telegrams, and other transmissions or information, made in any manner whatsoever. The term "communication" includes, without limitation, communications solely between the employees of a corporate person, as well as communications between persons.

3. The terms "you" or "your" shall mean "Plaintiffs" or "Johnson," as well as their current and/or former officers, directors, employees, employees' counsel, attorneys, agents, consultants, representatives or other persons under their control, and includes their predecessors, successors, any parent, all United States and foreign divisions, subsidiaries and joint ventures, and other legal entities which are wholly or partially owned or controlled by Johnson, either directly or indirectly, and the officers, directors, employees, attorneys, agents, consultants, and representatives of those entities and/or any person acting on behalf of Johnson.

4. The term "*through-flow* motors" shall mean the *through-flow* motors for which Johnson seeks a declaratory judgment of non-infringement.

5. The term "*bypass* motors" shall mean the *bypass* motors for which Johnson seeks a declaratory judgment of non-infringement.

6. The connectives "and" and "or" shall be construed whether disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that

might otherwise be construed to be outside of its scope. The same applies to the terms "any" and "all".

7. The use of the singular form of any word includes the plural and vice versa.

8. With respect to any document or thing which Johnson is unwilling to produce for inspection and copying because the document or thing is asserted to be privileged or immune from discovery, state separately, with respect to each said document or thing to which such privilege or immunity is claimed:

    (a) the date of each such document and/or the date that the tangible thing was made;

    (b) the name and location of the person who signed or prepared each such document or thing;

    (c) the name and location of each person to whom such document or thing was given, sent or shown;

    (d) the name and address of the person or persons having possession, custody or control of the original and each copy of each said document or thing;

    (e) a brief indication of the nature of the subject matter of each document or the nature of each tangible thing; and

    (f) the grounds for the claimed privilege or immunity as to each such document or thing.

## DOCUMENT REQUESTS

REQUEST NO. 41:

Please produce all documents and things identified in or relied upon in responding to Defendants Second Set of Interrogatories (Nos. 5-24).

REQUEST NO. 42:

Please produce all documents and things that refer or relate to projected/forecast sales of the Johnson *through-flow* motors.

REQUEST NO. 43:

Please produce all documents and things that refer or relate to the number of the

Johnson *through-flow* motors sold between October 2002 and the present date.

REQUEST NO. 44:

Please produce all documents and things that refer or relate to the price charged by Johnson for its *through-flow* motors sold between October 2002 and the present date.

REQUEST NO. 45:

Please produce all documents and things that refer or relate to annual revenue to Johnson from actual sales of the Johnson *through-flow* motors from October 2002 to the present date.

REQUEST NO. 46.

Please produce all documents and things that refer or relate to the costs attendant to the manufacture and sale of the Johnson *through-flow* motors.

REQUEST NO. 47:

Please produce all documents and things that refer or relate to the gross profit of Johnson from the sale of Johnson *through-flow* motors from October 2002 to the present date.

REQUEST NO. 48:

Please produce all documents and things that refer or relate to projected/forecast sales of the Johnson *bypass* motors.

REQUEST NO. 49:

Please produce all documents and things that refer or relate to the number of Johnson *bypass* motors sold between October 2002 and the present date.

REQUEST NO. 50:

Please produce all documents and things that refer or relate to annual revenue to Johnson from actual sales of the Johnson *bypass* motors from October 2002 to the present date.

REQUEST NO. 51:

Please produce all documents and things that refer or relate to the costs attendant to the manufacture and sale of the Johnson *bypass* motors.

REQUEST NO. 52:

Please produce all documents and things that refer or relate to the gross profit of Johnson from the sale of Johnson *bypass* motors from October 2002 to the present date.

REQUEST NO. 53:

Please produce all documents and things that refer or relate to Johnson's net profit associated with the manufacture and sale of the Johnson *through-flow* and *bypass* motors.

REQUEST NO. 54:

Please produce all documents and things that refer or relate to the commercial success of any of the Johnson *through-flow* motors.

REQUEST NO. 55:

Please produce all documents and things concerning, referring, or relating to the commercial success of any of the Johnson *bypass* motors.

REQUEST NO. 56:

Please produce all documents and things that constitute, refer, or relate to marketing and/or sales concerning any of the Johnson *through-flow* motors.

REQUEST NO. 57:

Please produce all documents and things that constitute, refer, or relate to marketing and/or sales concerning any of the Johnson *bypass* motors.

REQUEST NO. 58:

Please produce all documents and things that refer to, relate to, or evidence any revenues received, prices charged, costs incurred, royalties and/or profits earned, and/or motors made and/or distributed by Johnson, in connection with any of the Johnson *through-flow* motors.

REQUEST NO. 59:

Please produce all documents and things that refer to, relate to, or evidence any revenues received, prices charged, costs incurred, royalties and/or profits earned, and/or motors made and/or distributed by Johnson in connection with any of the Johnson *bypass*

motors.

REQUEST NO. 60:

Please produce all documents and things that refer or relate to royalties or fees paid to or by Johnson for licensing or assigning technology related to motors.

Respectfully submitted,

Ben A. Solnit (CT00292)
Tyler, Cooper & Alcorn, LLP
205 Church Street
New Haven, CT 06510
Tel: 203-784-8205
Fax: 203-777-1181
Solnit@tylercooper.com

Ray L. Weber
Renner, Kenner, Greive, Bobak,
Taylor & Weber
Fourth Floor, First National Tower
Akron, Ohio 44308
(330) 376-1242
(330) 376-9646
rlweber@rennerkenner.com

## CERTIFICATE OF SERVICE

A true copy of the foregoing DEFENDANT'S SECOND SET OF REQUESTS FOR DOCUMENTS AND THINGS was served via facsimile and first class mail upon the following this 29th day of September, 2005.

Edmund J. Ferdinand, III (203) 849-9300
Grimes & Battersby, LLP
488 Main Ave., Third Floor
Norwalk, CT 06851

Stephen N. Weiss (212) 554-7700
Moses & Singer LLP
1301 Avenue of the Americas
New York, NY 10019

_____
Ray L. Weber