# EXHIBIT 4

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Johnson Electric Industrial Manufactory, Ltd. et al.<br><br>      Plaintiffs<br>v.<br><br>Ametek, Inc.<br><br>      Defendant | )<br>)<br>)  Civil Action No: 303CV0098AVC<br>)<br>)<br>)<br>)  DEFENDANT'S FIRST SET OF<br>)  INTERROGATORIES (Nos. 1-4)<br>)<br>) |

Please take notice that Defendant, Ametek, Inc. ("Ametek"), hereby, pursuant to Rule 33 of the Federal Rules of Civil Procedure, serves upon Plaintiff Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc. (collectively, "Plaintiffs" or "Johnson") the following interrogatories. These interrogatories are to be answered separately in writing under oath within thirty (30) days after the date of service hereof.

**DEFINITIONS**

1.      When used in these Interrogatories, to "identify each patent claim in issue and Plaintiffs' non-infringement contentions" means to set forth with particularity the following information:

(a)      The issuing country, patent number, and claim number of each claim of each patent in suit for which Johnson has sought a determination of non-infringement;

(b)      Separately for each patent claim in issue, each apparatus, product, device, process, method, act, or other instrumentality ("Instrumentality in Issue") of Johnson for which Johnson has sought a determination

of non-infringement. Each such product, device, and apparatus must be identified by name or model number. Each such method or process must be identified by name, and by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

(c) Specifically where each element of each patent claim in issue is found or is absent within each Instrumentality in Issue, including for each element that John contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Instrumentality in Issue that performs or fails to perform the claimed function. Claim charts containing this information may be provided in lieu of plain text; and

(d) Whether each element of each patent claim in issue is claimed to be literally present or absent, or present or absent under the doctrine of equivalents in the Instrumentality in Issue.

2. When used in these Interrogatories, to "identify Johnson's claim constructions and related evidence" means to set forth with particularity the following information.

(a) A list of claim terms, phrases, or clauses which Johnson contends should be construed by the Court, and the identification of any claim element that Johnson contends should be governed by 35 U.S.C. § 112(6);

(b) Johnson's construction of each claim term, phrase, or clause which it has identified for claim construction purposes, together with an identification of all references from the specification or prosecution history that support that construction. Each such claim construction shall also, for each

- 2 -

element which Johnson contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that element; and

(c)    Johnson's identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient witnesses Johnson contends support it claim constructions. Johnson shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such percipient witness, Johnson shall also provide a brief description of the substance of that witness' proposed testimony.

## INTERROGATORIES

1. Identify each patent claim in issue and Johnson's non-infringement contentions for each such claim that forms the basis of Johnson's declaratory judgment action concerning Johnson *through-flow* motors.

2. For each claim identified in response to Interrogatory No. 1, identify Johnson's claim construction and related evidence.

3. Identify each asserted claim and Johnson's non-infringement contentions for each claim that forms the basis of Johnson's declaratory judgment action concerning Johnson *by-pass* motors.

4. For each claim identified in response to Interrogatory 3, identify Johnson's claim construction and related evidence.

- 3 -

Respectfully submitted,

*/s/ Ben A. Solnit*

Ben A. Solnit (CT00292)
Tyler, Cooper & Alcorn, LLP
205 Church Street
New Haven, CT 06510
Tel: 203-784-8205
Fax: 203-777-1181
Solnit@tylercooper.com

Ray L. Weber
Renner, Kenner, Greive, Bobak,
Taylor & Weber
Fourth Floor, First National Tower
Akron, Ohio 44308
(330) 376-1242
(330) 376-9646
rlweber@rennerkenner.com

Attorneys for Defendant, Ametek, Inc.

- 4 -

## CERTIFICATE OF SERVICE

A true copy of the foregoing DEFENDANT'S FIRST SET OF INTERROGATORIES (Nos. 1-4) was served via facsimile and first class mail, postage prepaid upon the following this <u>30th</u> day of September, 2003.

    Edmund J. Ferdinand, III (203) 849-9300
    Grimes & Battersby, LLP
    488 Main Ave., Third Floor
    Norwalk, CT 06851

    Stephen N. Weiss (212) 554-7700
    Moses & Singer LLP
    1301 Avenue of the Americas
    New York, NY 10019

                                                _____
                                                Ben A. Solnit