# EXHIBIT 5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Johnson Electric Industrial Manufacturing, Ltd. et al. | ) ) ) | |
| Plaintiffs | ) ) | Civil Action No: 303CV0098AVC |
| v. | ) ) | |
| Ametek, Inc. | ) ) ) | DEFENDANT'S SECOND SET OF INTERROGATORIES (Nos. 5-24) |
| Defendant | ) | |

Please take notice that Defendant, Ametek, Inc. ("Ametek"), hereby, pursuant to Rule 33 of the Federal Rules of Civil Procedure, serves upon Plaintiff Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc. (collectively, "Plaintiffs" or "Johnson") the following interrogatories. These interrogatories are to be answered separately in writing under oath within thirty (30) days after the date of service hereof.

**DEFINITIONS AND INSTRUCTIONS**

1. The term "Johnson" shall mean Johnson Electric Industrial Manufactory, Ltd. and Johnson Electric North America, Inc., and any parents, predecessors, subsidiaries, divisions or associated organizations, and also includes any of their present officers, employees, agents, servants, and/or representatives.

2. The term "'580 patent" shall mean United States Patent No. 6,695,580B2.

3. The term "*through-flow* motors" shall mean the *through-flow* motors for which Johnson seeks a declaratory judgment of non-infringement.

4. The term "*bypass* motors" shall mean the *bypass* motors for which Johnson seeks a declaratory judgment of non-infringement.

5. The term "identify" shall mean:

   a. when used with reference to an individual, to state the individual's name, current business address and telephone number, current home address and telephone number, and current employer and title;

b. when used in connection with a business entity, organization or association, to state its name, address and telephone number, and the names of the individual(s) at such business with knowledge of the subject matter of these interrogatories;

c. when used in connection with a document, to state the type of document (e.g. letter, memoranda), its date author(s), addressee(s), recipient(s), and a brief description of its subject matter; and

d. when used in connection with any other noun, stating a description in detail and with such specificity that one can reasonably interpret what is being identified and how to refer to it.

6. The term "document" shall be synonymous in meaning and equal in scope to the broadest usage of the terms in Fed R. Civ. P. 34(a) and includes, but is not limited to, all the matters defined in Fed. R. Evid. 1001(1). A draft or non-identical copy is a separate document within the meaning of this term. The term "document" shall also include any tangible things that constitute or contain matters within the broadest scope of Rule 26 (b), Fed. R. Civ. P., and including objects of every kind and nature, such as, but not limited to, samples, prototypes, models, specimens, slides, photographs, video tapes, audio tapes, computer disks, compact disks or any other electronic medium by which information is stored or communicated.

7. If Johnson elects to answer any of the interrogatories pursuant to the Fed. R. Civ. P. 33(d), identify for each such interrogatory, Johnson is instructed to provide (a) the production numbers of the documents that most clearly disclose the answer to such interrogatory, and (b) the individual(s) most knowledgeable about the answer requested by each interrogatory.

## INTERROGATORIES

5. Identify with specificity, including model number or other designation each of Johnson's *through-flow* and *bypass* motors at issue herein.

6. Identify each claim of the '580 patent which Johnson denies is infringed by Johnson's *bypass* motors.

7. For each claim identified in response to Interrogatory No. 6, identify the factual basis for Johnson's denial of infringement.

8. Identify each claim of the '580 patent which Johnson contends is invalid.

9. For each claim identified in response to Interrogatory No. 8, state the factual basis for Johnson's invalidity contention.

10. Identify by month and country the number and selling price of Johnson *through-flow* motors sold since October 10, 2000.

11. Identify by month and country the number and selling price of Johnson *bypass* motors sold since October 10, 2000.

12. Identify all suppliers of through-flow motors with whom Johnson competed for the sales referenced in Interrogatory 10, above.

13. Identify the market share of each supplier of through-flow motors identified in response to Interrogatory No. 12.

14. Identify all variable costs of Johnson associated with the production and sale of Johnson *through-flow* motors, relevant to the sales referenced in Interrogatory No. 10.

15. Identify all fixed costs of Johnson associated with the production and sale of *through-flow* motors relevant to the sales referenced in Interrogatory No.10.

16. Identify all variable costs of Johnson associated with the production and sale of Johnson *bypass* motors relevant to the sales referenced in Interrogatory No. 11.

17. Identify all fixed costs of Johnson associated with the production and sale of Johnson *bypass* motors relevant to the sales referenced in Interrogatory No. 11.

18. Identify all licenses relating to either Johnson's *through-flow* or *bypass* motors.

19. State the annual revenue to Johnson from the sale of all Johnson motors from October 2002 to the present date.

20. State the annual gross profit and net profit of Johnson from the sale of all Johnson motors from October 2002 to the present date.

21. Identify all projected/forecast financial information relating to Johnson *through-flow* motors from 2000 to the present.

22. Identify all projected/forecast financial information relating to Johnson *bypass* motors from 2000 to the present.

23. Identify all marketing plans, project plans and other similar documents relating to Johnson *through-flow* motors from 2000 to the present.

24. Identify all marketing plans, project plans and other similar documents relating to Johnson *bypass* motors from 2000 to the present.

Respectfully submitted,

*/s/ Ray L. Weber*

Ben A. Solnit (CT00292)
Tyler, Cooper & Alcorn, LLP
205 Church Street
New Haven, CT 06510
Tel: 203-784-8205
Fax: 203-777-1181
Solnit@tylercooper.com

Ray L. Weber
Renner, Kenner, Greive, Bobak,
Taylor & Weber
Fourth Floor, First National Tower
Akron, Ohio 44308
(330) 376-1242
(330) 376-9646
rlweber@rennerkenner.com

Attorneys for Defendant, Ametek, Inc.

## CERTIFICATE OF SERVICE

A true copy of the foregoing DEFENDANT'S SECOND SET OF INTERROGATORIES (Nos. 5-24) was served via facsimile and first class mail, postage prepaid upon the following this 21 day of September, 2005:

Edmund J. Ferdinand, III (203) 849-9300
Grimes & Battersby, LLP
488 Main Ave., Third Floor
Norwalk, CT 06851

Stephen N. Weiss (212) 554-7700
Moses & Singer LLP
1301 Avenue of the Americas
New York, NY 10019

_____
Ray L. Weber