# EXHIBIT 6

# RENNER KENNER GREIVE BOBAK TAYLOR & WEBER

A LEGAL PROFESSIONAL ASSOCIATION

*Intellectual Property Law*
Established 1917

FIRST NATIONAL TOWER
FOURTH FLOOR
AKRON, OHIO 44308-1456
Telephone (330) 376-1242
Fax (330) 376-9646
www.rennerkenner.com

PHILLIP L. KENNER
EDWARD G. GREIVE
DONALD J. BOBAK
RAY L. WEBER
RODNEY I. SKOGLUND
ANDREW B. MORTON
ARTHUR M. REGINELLI
LAURA J. GENTILCORE
SHANNON V. McCUE
MARK L. WEBER
TAMA L. DRENSKI
TIM A. HODGKISS

Technical Specialists
MICHAEL C. PREWITT
DAVID W. POTASHNIK

REESE TAYLOR (1933-2003)

Direct: (330) 761-6662
rlweber@rennerkenner.com

November 28, 2005

Via Facsimile: 212 554-7700 (1 page)

Stephen N. Weiss, Esq.
Moses & Singer, LLP
1301 Avenue of the Americas
New York, NY 10019

Re: *Johnson Electric v. Ametek*

Dear Stephen:

Further to our recent discussions, I understand that you are working on supplementing your responses to Ametek's discovery. While we expect a complete update and supplementation, we are particularly awaiting damages information, as would be presented in response to our document requests 22, 23, 30 and 31, by way of example.

As you know, Ametek did not withhold any discovery from Johnson, despite the fact that there was no protective order in place. We provided you with your requested discovery on an interim "for attorneys eyes only" basis. To the contrary, you have simply withheld the information.

While you have assured me that the protective order should not be a problem, and that you will provide the information/documents, I would like to have all of your withheld information on a "for attorneys eyes only" basis immediately, with supplementation to follow promptly. While I appreciate your assurance that the protective order should not be a problem, I can not wait any longer for the requested information/documents.

As for the protective order, your draft appears acceptable with (1) deletion of ¶5, (2) a provision that allows a corporate representative to see the CONFIDENTIAL category, and (3) changing "FOR OUTSIDE COUNSEL ONLY" to "COUNSEL ONLY," so that at least one inside counsel for each party can view all documents. Of course, such counsel would be bound by the protective order as well as the Code of Professional Responsibility.

Please let me hear from you so that we can move this along.

Sincerely,

Ray L. Weber /mls

Ray L. Weber

RLW\mls