```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

JOHNSON ELECTRIC INDUSTRIAL     :
MANUFACTURING, LTD. and         :
JOHNSON ELECTRIC NORTH          :
AMERICA, INC.                   :
     Plaintiffs,                :
                                :    Civil No. 3:03CV0098 (AVC)
v.                              :
                                :
AMETEK, INC.,                   :
     Defendant.                 :
```

### RULING ON THE PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT

This is an action for a declaratory judgment of noninfringement and invalidity and other equitable relief, brought pursuant to 35 U.S.C. §§ 271 and 281.

The plaintiffs, Johnson Electric Industrial Manufacturing, Ltd. and Johnson Electric North America, Inc. (collectively "Johnson") have filed the within motion for summary judgment seeking a declaratory judgment of noninfringement regarding patents owned by the defendant, Ametek, Inc. ("Ametek"). Specifically, the patents at issue here are United States Patent No. 5,734,214 (the "'214 patent") and United States Patent No. 6,309,180 (the "'180 patent"). Johnson is also seeking summary judgment dismissing Ametek's causes of action against it for alleged breach of a patent licence agreement (the "Agreement") covering said patents. Finally, Johnson is seeking attorney fees and costs, pursuant to 35 U.S.C. § 285 ("section 285") and 28 U.S.C. § 1927 ("section 1927").

For the reasons that follow, Johnson's motion for summary

judgment (document no. 65) is GRANTED with respect to its request for a declaratory judgment of noninfringement of Ametek's '214 and '180 patents; GRANTED with respect to its request for a dismissal of Ametek's causes of action for alleged breach of a patent license agreement in so far as said agreement relates to the '214 and '180 patents; but DENIED with respect to its request for attorney fees and cost pursuant to section 285 and section 1927.

## FACTS

Examination of the pleadings, the motions for summary judgment, the memoranda in support thereof, the responses and the attachments thereto, the Local Rule 65(a) statements, and the patent records disclose the following undisputed, material facts.

For some time, Johnson and Ametek have been the only significant players in the worldwide market for vacuum cleaner motors.

On July 30, 2001, Johnson and Ametek entered into the Agreement concerning "through-flow motors." The Agreement granted Johnson, in exchange for royalty payments, a worldwide, nonexclusive license to "make, have made, use, and sell" electric motors "covered" by the '214 patent, the '180 patent, and foreign patents claiming priority from the '214 patent.

Thereafter, Johnson embarked on a redesign effort to avoid Ametek's patents and eliminate the royalty payments, the result

of which was the Johnson TF Motor.

On January 13, 2003, Johnson filed its complaint seeking, among other things, a declaration of non-infringement with respect to Ametek's '214 and '180 patents.

On August 15, 2003, Ametek filed a number of counterclaims, some of which accused Johnson of infringing its '214 and '180 patents.

On March 10, 2006, Ametek announced that it would "withdraw its causes of action regarding the through-flow motors."

## **STANDARD**

The court appropriately grants summary judgment when the evidentiary record shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  In determining whether the record presents genuine issues for trial, the court must view all inferences and ambiguities in a light most favorable to the non-moving party.  See Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991), cert. denied, 502 U.S. 849 (1991). A plaintiff raises a genuine issue of material fact if "the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  Rule 56 "provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine

issue of material fact." Anderson, 477 U.S. 247-48. "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims...[and] it should be interpreted in a way that allows it to accomplish this purpose." Celotex v. Catrett, 477 U.S. 317, 323-324 (1986).

**DISCUSSION**

1. Declaration of non-infringement

As Ametek does not contest Johnson's assertion of non-infringement of the '214 and '180 patents, and has withdrawn its own causes of action with respect to said patents, Johnson's motion for summary judgment on its request for a declaration of non-infringement of Ametek's '214 and '180 patents is granted.

2. Alleged breach of license agreement

Furthermore, as Ametek has withdrawn its causes of action with respect to the '214 and '180 patents, Johnson's motion for summary judgment on its request for a dismissal of Ametek's causes of action for alleged breach of the Agreement is granted in so far as said Agreement relates to the '214 and '180 patents.

3. Cost and Attorney Fees

Johnson argues that Ametek's infringement causes of action based on the '214 and '180 patents were "factually and legally baseless" and that Johnson is therefore entitled to an award of costs and attorney fees under 35 U.S.C. § 285 ("section 285") and/or 28 U.S.C. § 1927. Specifically, Johnson argues that with

4

respect to the '180 patent, Ametek's counsel, Ray Weber, took a "totally contrary" position when alleging infringement to when he prosecuted the patent. "These starkly divergent positions . . . clearly evidence that the patentee either intentionally misled the patent examiner during the prosecution of application for the '180 patent, or that Ametek asserted its now-withdrawn infringement contentions in bad faith." With respect to the '214 patent, Johnson argues that the attorney representing Ametek "knew, or should have known, that the '214 prosecution history alone deprived the patentee of any doctrine of equivalents." As a result, Johnson contends, it was compelled to mount a "seven-figure" "international defense."

Ametek responds that it "has pursued its meritorious case in good faith and has not multiplied proceedings." Specifically, Ametek responds that its divergent positions on the '180 patent was simply caused by a mistaken belief it held at the time of the patent prosecution. When it subsequently determined that this belief was not true, it changed its position to what it has been in the instant litigation. With respect to the '214 patent, Ametek responds that contrary to the position taken by Johnson's experts, "prosecution history estoppel should not pertain, and Ametek should allowed equivalents regarding that claim limitation."

In patent cases, under section 285, the court may "in

5

exceptional cases [] award reasonable attorney fees to the prevailing party." "In order to make such an award, the district court must first determine whether the case is exceptional, and, if so, the court must then determine whether fees should be awarded." <u>Kor-CT, LLC v. Savvier, Inc.</u>, 2005 U.S. Dist. LEXIS 4728 *2 (D. Conn. 2005)(citing <u>Union Pacific Resources Co. v. Chesapeake Energy Corp.</u>, 236 F.3d 684, 694 (Fed. Cir. 2001). "The moving party must demonstrate the exceptional nature of the case by clear and convincing evidence viewed in light of the totality of the circumstances." <u>Id</u>. (citing <u>Eltech Sys. Corp. v. PPG Indus., Inc.</u>, 903 F.2d 805, 811 (Fed. Cir. 1990).

Among types of conduct that can make a case "exceptional" are misconduct during the litigation and vexatious or unjustified litigation. See <u>Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc.</u>, 393 F.3d 1378, 1381 (Fed. Cir. 2005). However, "absent misconduct in conduct of the litigation or in securing the patent, sanctions may be imposed against the patentee only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless." <u>Id.</u>

In the court's view, Johnson has not adequately demonstrated misconduct on the part of Ametek or its counsel in the conduct of this litigation or in securing either of the relevant patents. Nor has it demonstrated that the litigation was brought in "subjective bad faith." Therefore, and without

6

considering whether the litigation was "objectively baseless," the court concludes that Johnson has not met its burden of demonstrating the "exceptional" nature of the case. Consequently, Johnson's request for attorney fees under section 285 is denied.

Section 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Section 1927 authorizes the imposition of sanctions only 'when there is a finding of conduct constituting or akin to bad faith.'" State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 180 (2d Cir. 2004)(quoting Sakon v. Andreo, 119 F.3d 109, 114 (2d Cir. 1997). The Second Circuit further held that "an award under section 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Id. (internal quotation marks, citation and brackets omitted).

On the basis of the materials presented, the court cannot find that the actions taken by Ametek's counsel were so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay. Therefore, Johnson's request for attorney fees under

7

section 1927 is denied.

## CONCLUSION

For the foregoing reasons, Johnson's motion for summary judgment (document no. 65) is GRANTED with respect to its request for a declaratory judgment of noninfringement of Ametek's '214 and '180 patents; GRANTED with respect to its request for a dismissal of Ametek's causes of action for alleged breach of the Agreement in so far as said Agreement relates to the '214 and '180 patents; but DENIED with respect to its request for attorney fees and cost pursuant to section 285 and section 1927.

It is so ordered this 1st day of September, 2006, at Hartford, Connecticut.

/s/_____
Alfred V. Covello
United States District Judge