UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Johnson Electric Industrial Manufactory, Ltd. et al. | ) ) ) | |
| | ) | Civil Action No: 303CV0098AVC |
| Plaintiffs | ) | |
| v. | ) ) | |
| Ametek, Inc., | ) ) | |
| Defendant | ) | October 13, 2006 |

**DEFENDANT AMETEK, INC.'S OPPOSITION TO PLAINTIFF JOHNSON ELECTRIC INDUSTRIAL MANUFACTORY, LTD'S BILL OF COSTS**

Plaintiff, Johnson Electric Industrial Manufactory, Ltd. ("Johnson") seeks costs in the amount of $239,151.76. Defendant, Ametek, Inc.("Ametek") objects to this amount because it consists almost entirely of items that are not taxable under the applicable rules. As set forth below, only $2,296.75 is property taxable.

**Translating Services:**

The cost of translating documents may be recovered when the cost of copies are taxable under Local Rule 54. Since Johnson merely lists several foreign patent documents without any showing as the need to use these documents in this case, Johnson has not satisfied its burden and the court does not have sufficient information to determine whether the copies for which translation services were used are properly taxable, as discussed below. Consequently, Ametek objects to the request for $6,769 in translation services.

**Court Reporting Services:**

Local Rule 54 permits the recovery of the cost of an original and one copy of a deposition transcript if used in support of a successful motion for summary judgment. L.Civ. R. 54 (c).[1] In its motions for summary judgment, Johnson relied on only the Shawcross and Gilliland deposition transcripts.[2] Consequently, it is only entitled to recover the cost of these two depositions. As indicated on Table 2 of Johnson's supporting affidavit, the cost of these deposition transcripts and the fee for the court reporter's appearance was respectively $949.10 and $772.65. Consequently, Johnson's recovery of costs relating to the depositions taken in this case should be limited to $1,721.75.

**Copies:**

Local Rule 54 states that costs for exemplifications or copies of papers are taxable only if counsel can demonstrate that such exemplifications or copies were necessarily obtained for use in the case. L. Civ. R. 54(c)(3)(i). Costs for one copy of documents admitted into evidence in lieu of the originals, shall be permitted as costs. *Id.* Copies for convenience of counsel or additional copies are not taxable unless otherwise directed by the Court. *Id.* Where the requesting party fails to specify the nature of the documents for which it seeks costs or to explain why the copies were necessarily obtained for use in the case, the requested costs should be reduced. *See, U.S. ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Co.*, 95 F.3d 153, 173 (2d Cir. 1996) (Since Evergreen did not itemize its copy costs or explain why the copies were necessary, the Second Circuit affirmed a 75% reduction in the copy costs.)

---

[1] This rule also permits the recovery of costs for deposition transcripts used at trial. Since this case was not tried, there is no issue of whether the depositions were relied on at trial.

[2] Johnson's May 1, 2006 Motion for Summary Judgment, pp.8 FN 9 and 10 FN 10.

Here, Johnson has not demonstrated that the copies made were necessarily obtained for use in this case. Johnson offers a laundry list of copy charges without identifying the subject matter to which these copies relate. Moreover, Johnson does not distinguish between copies made for the benefit of counsel and those admitted into evidence. The vagueness of the information offered prevents the Court from making a meaningful determination of whether the copies are properly taxable costs. Consequently, Ametek objects to the totality of the request for $41,400.29 in copy charges, and urges that such request be summarily denied.

Ametek further objects to the inclusion of digital copies, as these are clearly for convenience of counsel. Invoice numbers 717336-IN and 53613-IN show digital copy charges of $28 and $1521 respectively.

As a separate objection, Ametek also objects to the per copy cost as being excessive. The invoices attached to Johnson's affidavit show a range of per copy charges from $.12-$1.50 including a $.25 per copy charge for copies made at their attorneys' office. Courts have found similar charges to be unreasonable and excessive. *Anderson v. City of New York*, 132 F.Supp.2d 239, 246 (S.D.N.Y. 2001) (A per page rate of $.25 held excessive and warranted, at a minimum, a 50% reduction in the amount requested.); *Tinch v. City of Dayton*, 199 F.Supp.2d 758, 770 (S.D. Ohio 2002) (Court held that a $.25 per page charge for copies was excessive and awarded $.05 per page in taxable costs.); *Jansen v. Packaging Corp. of America*, 898 F.Supp. 625, 628 (N.D. Ill. 1995) (Per copy cost of $.20 per page held excessive when customary charge is $.08). Consequently, to the extent that any copy charges are properly taxable (which has not been shown by Johnson), Ametek asks that the per copy charge be reduced to a reasonable rate.

**Prior Art Patents and Patent File Wrappers:**

Patent file wrappers and prior art patents are taxable at the rate charged by the U.S. Patent and trademark office. L. Civ. R. 54(c)(3)(ii). Services of persons checking patent office records to determine what should be ordered, however, are not recoverable. *Id.*

Here, Johnson impermissibly seeks $19,595.21 in costs for prior art search services itemized in Table 4 of its supporting affidavit.[3] Under Local Rule 54, the costs itemized in Table 4 are not recoverable and should be denied.

**Witness Fees:**

For depositions taxable under Local Rule 54, a witness fee may be recovered when the witness has attended a deposition. 28 U.S.C. Sec. 1821(b) specifies that the witness fee is $40 per day plus any mileage and subsistence costs. Any amounts exceeding the statutory limits are not taxable. L. Civ. R. 54(c)(4)(i). Local Rule 54(c)(4)(i) expressly provides: "Fees for expert witnesses are taxable at the same rates as any other witnesses. Any amounts in excess of the statutory limits are not taxable." Johnson's request for expert witness fees of $165,924.18 must therefore be entirely disallowed. L. Civ. R. 54(c)(7)(vii).

Moreover, the witnesses, Professor Thomas, Professor Straus and Lovells, testified neither at trial nor in a deposition that was used in support of Johnson's motion for summary judgment. Since the depositions are not taxable under Local Rule 54, a witness fee may not be recovered for these witnesses.

In sum, Johnson is improperly attempting to recover the compensation for these witnesses under the aegis of a witness fee. Since Local Rule 54 specifically excludes the compensation of

---

[3] Johnson separately lists the costs of obtaining the file wrappers in Table 5 at the USPTO rate.

experts beyond the statutorily permissible witness fee, Johnson's request for $165,924.18 for its experts must be denied.

**Summary of Taxable Costs:**

As presented above, Johnson has carried its burden only with respect to the deposition transcript and court reporting fees of Gilliland and Shawcross ($1,721.75); the Clerk Fee ($150.00); and the fees for the patent file wrappers ($1,125.00). Therefore, the total taxable costs should be $2,996.75.

**Conclusion:**

Ametek objects to Johnson's Bill for Costs because it improperly includes deposition transcripts not relied on in Johnson's motion for summary judgment, excessive copies at an excessive per copy rate, translation costs that may not be taxable, patent searching services, and expert witness compensation. Since Local Rule 54 and the applicable statutes and case law do not permit recovery for these amounts, Ametek asks that the award of taxable costs be limited to $2,996.75.

RESPECTFULLY SUBMITTED,

DEFENDANT
AMETEK, INC.,

Ben A. Solnit (CT 00292)
Tyler, Cooper and Alcorn, LLP
205 Church Street
New Haven, CT 06510
Telephone: (203) 784-8205
Facsimile: (203) 777-1181
bsolnit@tylercooper.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2006 a copy of the foregoing **AMETEK, INC.'S OPPOSITION TO PLAINTIFF JOHNSON ELECTRIC INDUSTRIAL MANUFACTORY, LTD'S BILL OF COSTS** was filed electronically. Notice of this filing will be sent to those who are currently on the list to receive e-mail notices by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

Ben A. Solnit (CT 00292)