UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
JOHNSON ELECTRIC INDUSTRIAL      :
MANUFACTORY, LTD. ET AL.,        :
   Plaintiffs,                   :
                                 :
v.                               :   3:03CV0098(AVC)
                                 :
AMETEK, INC.,                    :
   Defendant.                    :
```

**RULING ON THE DEFENDANT'S OBJECTION
TO THE PLAINTIFFS' BILL OF COSTS**

This is an action for damages and equitable relief, brought pursuant to 35 U.S.C. §§ 271 and 281. The plaintiffs, Johnson Electric Industrial Manufacturing, Ltd., and Johnson Electric North America, Inc. (collectively "Johnson") seek a declaratory judgment of noninfringement and invalidity regarding patents owned by the defendant, Ametek, Inc. ("Ametek"). Ametek cross claims that Johnson has infringed the same patents.

On August 24, 2006, and on September 1, 2006, respectively, the court granted Johnson's motions for summary judgment resolving in Johnson's favor both Johnson's causes of action and Ametek's cross-claims. On September 29, 2006, Johnson filed a bill of costs, requesting that the clerk tax $239,151.76 in costs to Ametek. On October 13, 2006, Ametek filed an objection to the bill of costs. Johnson has not replied to Ametek's objection.

For the reasons set forth below, Ametek's objection (document no. 85) to the bill of costs is SUSTAINED.

**STANDARD**

The Federal Rule of Civil Procedure provide that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d). The Second Circuit has held that Rule 54(d) and the "various statutory provisions relating to the awarding of costs leave the taxation of costs to the discretion of the district court." In re Crash Disaster at John F. Kennedy Int'l Airport, 687 F.2d 626, 628 (2d Cir. 1982). Further, with respect to the taxation of costs, "district courts have authority to enact Local Rules governing the conduct of the business before them, and such Local Rules have the force of law." Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir. 2001)(citing Weil v. Neary, 278 U.S. 160, 169 (1929)).

**DISCUSSION**

Johnson requests $239,151.76 in costs, and asserts that this total was "reasonably and necessarily incurred" during the course of this litigation. Further, Johnson's counsel notes that the expense "have been billed to Johnson and have been paid."

Ametek objects to this amount, "because it consists almost entirely of items that are not taxable under the applicable rules." Ametek contends that Johnson has only $2,296.75 in taxable costs.

### I. Translating Services

Johnson requests $6,769.00 in costs for translating services. Ametek objects to this sum, noting that Johnson has failed to demonstrate how the documented translations were necessary in this case.

Fees for translations are recoverable as cost, but only where counsel has demonstrated that the documents to be translated "were necessarily obtained for use in the case." D. Conn. L. Civ. R. 54(c)(3)(i). Johnson provides both a list of documents translated, and invoices of the associated costs, but fails to make a showing as to the necessity of the underlying documents. Moreover, in the face of Ametek's objection, Johnson makes no reply. Therefore, as this portion of the bill of costs does not comport with the local rules, the court sustains Ametek's objection, and denies Johnson's request for translation costs.

### II. Court Reporting Services

Johnson requests "$4,188.08 in costs for court-reporting services for deposition transcripts necessarily obtained for use in the case." Ametek objects to this sum, noting that Johnson seeks the costs associated with depositions that it relied upon neither at trial, nor in support of its motions for summary judgment.

Fees for deposition transcripts are recoverable as costs "if

used in support of a successful motion for summary judgment, or if they are necessarily obtained for the preparation of the case and not for the convenience of counsel." D. Conn. L. Civ. R. 54(c)(2)(ii). The $1,772.65 in costs associated with the depositions of one James Shawcross and one Michael Gilliland are recoverable, because Johnson used these depositions in support of a successful motion for summary judgment. With respect to the other depositions, however, Johnson's bald assertion as to their necessity and silence in the face of Ametek's objection do not convince the court that such costs were reasonably incurred during the course of the litigation. As such, the court sustains Ametek's objection, and grants Johnson only the $1,721.75 in costs associated with the depositions of Shawcross and Gilliland.

### III. Copying Services

Johnson requests $38,616.92 in costs for copying services. Ametek "objects to the totality of the request. . . and urges that such request be summarily denied." Specifically, Ametek notes that Johnson has failed to identify those copies that may have been made for the convenience of counsel.[1]

In the District of Connecticut, the court's local rules provide:

---

[1] Further, Ametek objects to the various rates charged for copies as being excessive. As the court sustains Ametek's objections on other grounds, it need not reach the issue of the reasonableness of the costs of Johnson's copying services.

4

> Costs for. . . copies of paper are taxable only if counsel can demonstrate that such. . . copies were necessarily obtained for use in the case. Costs for one copy of documents admitted into evidence in lieu of originals, shall be permitted as costs. Copies for the convenience of counsel or additional copies are not taxable. . . .

D. Conn. L. Civ. R. 54(c)(3)(i). Johnson provides the invoices of the pertinent copying services, as well as a chart that summarizes the costs of copies and dates when copies were made. It fails, however, to make a showing as to the necessity of the copies. Moreover, in the face of Ametek's objection, Johnson makes no reply. Therefore, as this portion of the bill of costs does not comport with the local rules, the court sustains Ametek's objection, and denies Johnson's request for the costs of copying services.

### IV. Fees of the Clerk

Johnson seeks $150.00 in costs for the filing of the complaint. As Ametek does not object, and the rules permit the recovery of such costs, see D. Conn. L. Civ. R. 54(c)(1), the court awards Johnson $150.00 in costs for the fees of the clerk.

### V. Prior Art Patents and Patent File Wrappers

Johnson seeks $1,125.00 in costs for file wrappers, and $19,595.21 "in costs for prior art searches." Ametek objects solely to those costs associated with the prior art searches.

The cost of patent file wrappers and prior art patents are recoverable, but "expenses for services of persons checking

5

patent office records to determine what should be ordered are not. . . ." D. Conn. L. Civ. R. 54(c)(3)(ii). As such, the court sustains Ametek's objection, awards Johnson $1,125.00 in costs for file wrappers, but denies Johnson's request for the costs of prior art searches.

## VI.  Fees For Witnesses

Johnson seeks $165,924.18 in costs for expert witness fees. Johnson suggests that it is entitled to these costs despite the fact that none of these witnesses testified at trial. Johnson appears to suggest that because the written statements of these witnesses permitted Johnson to prevail upon its summary judgment motions, the expert witness fees it incurred are equivalent to those fees incurred by a party whose witnesses testify at trial. Although there was no trial in this case, Johnson characterizes its witnesses' statements as "de facto trial testimony" without citing any authority for this notion.

Ametek objects, arguing that "Johnson is improperly attempting to recover the compensation for these witnesses under the aegis of a witness fee." Specifically, Ametek urges the court to deny the request outright, because none of the witnesses associated with these costs testified at trial, nor were their depositions used in support of Johnson's summary judgment

motions.[2]

While witness fees associated with a trial are generally recoverable, witness fees for attendance at depositions are recoverable only "if the deposition is a taxable cost."  D. Conn. L. Civ. R. 54(c)(4)(i).  None of the depositions of the witnesses for whom Johnson seeks fees were used to support Johnson's summary judgment motions.  As such, none of those depositions are a taxable cost, see D. Conn. L. Civ. R. 54(c)(2)(i), and accordingly, none of the requested fees are recoverable.  See D. Conn. L. Civ. R. 54(c)(4)(i).  Therefore, the court sustains Ametek's objection, and denies Johnson's request for the costs of witnesses.

## CONCLUSION

For the reasons set forth above, the Ametek's objection (document no. 85) to the bill of costs is SUSTAINED.  Ametek is ordered to pay Johnson $2,996.75 in costs.[3]

---

[2] Ametek also argues that the court should deny Johnson's request because costs requested exceed the statutory limit on witness fees.  While Ametek is surely correct that fees "in excess of the statutory limits are not taxable[,]" and fees "for expert witnesses are taxable at the same rates as any other witness[,]"  D. Conn. L. Civ. R. 54(c)(4)(i), because Johnson's request is denied on other grounds, the court does not resolve the question of whether the fees requested exceed the statutory limits.

[3] Johnson is entitled to $1,721.75 in costs associated with depositions of Shawcross and Gilliland, $150.00 in costs for the fees of the clerk, and $1,125.00 in costs for file wrappers, for a total of $2,996.75.

It is so ordered this 8th day of December, 2006 at Hartford, Connecticut.

```
        ____/s/_____
        Alfred V. Covello
        United States District Judge
```